___ FILED        ___ LODGED
___ RECEIVED     ___ COPY

JUN 2 0 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ M DEPUTY

# SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

REDACTED FOR
PUBLIC DISCLOSURE

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          vs.<br><br>1.  Thomas Mario Costanzo,<br>     a.k.a. "Morpheus Titania,"<br>     (Counts 1 – 8)<br><br>          and<br><br>2.  Peter Nathan Steinmetz,<br>     a.k.a. "Amedio,"<br>     (Counts 1 and 2)<br><br>                    Defendants. | CR-17-00585-PHX-DJH (DKD)<br><br>**F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T**<br><br>VIO:  18 U.S.C. § 371<br>        (Conspiracy to Operate an<br>        Unlicensed Money Transmitting<br>        Business)<br>        Count 1<br><br>        18 U.S.C. § 1960<br>        (Operating Unlicensed Money<br>        Transmitting Business)<br>        Count 2<br><br>        18 U.S.C. § 1956(a)(3)(B)&(C)<br>        (Money Laundering)<br>        Counts 3 – 7<br><br>        18 U.S.C. §§ 922(g)(1), 924(a)(2)<br>        (Felon in Possession of<br>        Ammunition)<br>        Count 8<br><br>        18 U.S.C. §§ 924(d), 981, 982<br>        21 U.S.C. § 853<br>        28 U.S.C. § 2461(c)<br>        (Forfeiture Allegations) |

**THE GRAND JURY CHARGES:**

At all times material to this First Superseding Indictment, within the District of Arizona and elsewhere:

1.      Defendants THOMAS MARIO COSTANZO and PETER NATHAN STEINMETZ operated a money transmitting business.

2.     Defendants THOMAS MARIO COSTANZO and PETER NATHAN STEINMETZ neither registered this money transmitting business with the United States government, nor obtained a license from the State of Arizona to operate this money transmitting business, as required by law.

3.     Defendants THOMAS MARIO COSTANZO and PETER NATHAN STEINMETZ enabled their customers to exchange cash for "virtual currencies," charging a fee for their service.

### COUNT ONE

4.     From at least in or about April 2013, to at least in or about April 2017, in the District of Arizona, the defendants, THOMAS MARIO COSTANZO and PETER NATHAN STEINMETZ knowingly and intentionally combined, conspired, confederated, and agreed, together and with others known and unknown to the grand jury, to commit offenses against the United States, that is, to knowingly conduct, control, manage, supervise and direct all or part of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

All in violation of Title 18, United States Code, Section 371.

### COUNT TWO

5.     From at least in or about April 2013, to at least in or about April 2017, in the District of Arizona, the defendants, THOMAS MARIO COSTANZO and PETER NATHAN STEINMETZ did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, a digital currency exchange business which (A) operated without an appropriate money transmitting license in a state where such operation is punishable as a misdemeanor or felony under state law; (B) failed to comply with the money transmitting business regulations under Title 31, United States Code, Section 5330, and the regulations prescribed thereunder; and (C) involved the transport and transmission of funds that were known to the defendants to have been derived from a criminal offense and were intended

1  to be used to promote and support unlawful activity.

2      All in violation of Title 18, United States Code, Section 1960.

3                          **COUNT THREE**

4      6.      On or about May 20, 2015, in the District of Arizona, the defendant,

5  THOMAS MARIO COSTANZO, with the intent to conceal and disguise the nature,

6  location, source, ownership, and control, of property believed to be the proceeds of

7  specified unlawful activity, and with the intent to avoid a transaction reporting requirement

8  under federal law, did knowingly conduct and attempt to conduct a financial transaction

9  affecting interstate or foreign commerce involving property represented by a law

10 enforcement officer to be proceeds of specified unlawful activity, to wit: $3,000 in U.S.

11 currency.

12     All in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and

13 1956(a)(3)(C).

14                          **COUNT FOUR**

15     7.      On or about October 7, 2015, in the District of Arizona, the defendant,

16 THOMAS MARIO COSTANZO, with the intent to conceal and disguise the nature,

17 location, source, ownership, and control, of property believed to be the proceeds of

18 specified unlawful activity, and with the intent to avoid a transaction reporting requirement

19 under federal law, did knowingly conduct and attempt to conduct a financial transaction

20 affecting interstate or foreign commerce involving property represented by a law

21 enforcement officer to be proceeds of specified unlawful activity, to wit: $13,000 in U.S.

22 currency.

23     All in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and

24 1956(a)(3)(C).

25                          **COUNT FIVE**

26     8.      On or about November 21, 2015, in the District of Arizona, the defendant,

27 THOMAS MARIO COSTANZO, with the intent to conceal and disguise the nature,

28

- 3 -

location, source, ownership, and control, of property believed to be the proceeds of specified unlawful activity, and with the intent to avoid a transaction reporting requirement under federal law, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, to wit: $13,000 in U.S. currency.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 1956(a)(3)(C).

**COUNT SIX**

9.     On or about February 2, 2017, in the District of Arizona, the defendant, THOMAS MARIO COSTANZO, with the intent to conceal and disguise the nature, location, source, ownership, and control, of property believed to be the proceeds of specified unlawful activity, and with the intent to avoid a transaction reporting requirement under federal law, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, to wit: $30,000 in U.S. currency.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 1956(a)(3)(C).

**COUNT SEVEN**

10.     On or about April 20, 2017, in the District of Arizona, the defendant, THOMAS MARIO COSTANZO, with the intent to conceal and disguise the nature, location, source, ownership, and control, of property believed to be the proceeds of specified unlawful activity, and with the intent to avoid a transaction reporting requirement under federal law, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, to wit: $107,000 in U.S.

1    currency.

2        All in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and

3    1956(a)(3)(C).

4

5                                **COUNT EIGHT**

6        11.    On or about April 20, 2017, in the District of Arizona, the defendant,

7    THOMAS MARIO COSTANZO, having been convicted of a crime punishable by

8    imprisonment for a term exceeding one year, to wit, Possession or Use of Marijuana, on

9    March 17, 2015, in the Superior Court of Arizona for Maricopa County; did knowingly

10   possess in and affecting interstate commerce, ammunition, that is, 60 rounds of 5.56 x 45

11   mm caliber Winchester ammunition, said ammunition having been shipped and transported

12   in interstate commerce.

13       All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

14                        **FORFEITURE ALLEGATIONS**

15           **Forfeiture Pertaining to 18 U.S.C. §§ 1956 & 1960**

16       12.    The Grand Jury realleges and incorporates the allegations of Counts One

17   through Seven of this First Superseding Indictment, which are incorporated by reference

18   as though fully set forth herein.

19       13.    Pursuant to Title 18, United States Code, Sections 981 and 982; Title 21,

20   United States Code, Section 853; and Title 28, United States Code, Section 2461(c), and

21   upon conviction of one or more of the offenses alleged in Counts One through Seven of

22   this First Superseding Indictment, the defendants so convicted shall forfeit to the United

23   States all right, title, and interest in any and all property, real or personal, involved in such

24   offenses, or any property traceable to such property involved in each offense, or conspiracy

25   to commit such offense, including the following: (a) all money or other property that was

26   the subject of each transaction, transportation, transmission or transfer in violation of a

27   statute listed in Title 18, United States Code, Section 982, (b) all other property constituting

28

                                    - 5 -

proceeds obtained as a result of those violations, and (c) all property used in any manner or part to commit or to facilitate the commission of those violations including, but not limited to the sum of money representing the amount of money involved in the offense(s) and the property named below.

14.     All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 1700 East Julie Drive, Tempe, Arizona 85283, and more particularly described as: Lot 74, of the Tempe Royal Palms Unit Thirteen, according to the plat of record in the Office of the County Recorder of Maricopa County, Arizona, recorded in Book 155 of maps, page 37.

15.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants: (1) cannot be located upon the exercise of due diligence, (2) has been transferred or sold to, or deposited with, a third party, (3) has been placed beyond the jurisdiction of the court, (4) has been substantially diminished in value, or (5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. Section 853(p).

16.     All in accordance with Title 18, United States Code, Sections 981 and 982, Title 21 United States Code, Section 853, Title 28, United States Code, Section 2461(c) and Rule 32.2, Federal Rules of Criminal Procedure.

**Forfeiture Pertaining to 18 U.S.C. §§ 922 & 924**

17.     The allegation set forth in Count Eight of this First Superseding Indictment is hereby incorporated by reference herein.

18.     As the result of committing the foregoing offense in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), as alleged in Count Eight of this First Superseding Indictment, the defendant, THOMAS MARIO COSTANZO, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, all ammunition involved in the commission of the

- 6 -

offense.  This includes, but is not limited to: 60 rounds of 5.56 x 45 mm caliber Winchester ammunition.

19.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

20.   All pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461, and Rule 32.2.(a), Federal Rules of Criminal Procedure.

A TRUE BILL

s/

FOREPERSON OF THE GRAND JURY
Date: June 20, 2017

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

s/

CAROLINA ESCALANTE
MATTHEW BINFORD
Assistant U.S. Attorneys

- 7 -