ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona State Bar No. 029019
Matthew.Binford@usdoj.gov
Assistant U.S. Attorney
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-17-585-PHX-JJT |
| Plaintiff, | **UNITED STATES' MOTION FOR LIMITED DISCLOSURE OF TAX INFORMATION AND FOR A PROTECTIVE ORDER** |
| vs. | |
| 1. Thomas Mario Costanzo, | |
| and | |
| 2. Peter Nathan Steinmetz, | |
| Defendants. | |

The United States respectfully moves the Court, pursuant to 26 U.S.C. § 6103(i)(4) and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a protective order that: 1) authorizes limited disclosure of tax returns and return information obtained during the investigation of this matter; and 2) restricts the copying, dissemination, and use of items disclosed by the United States that contain personal identifying information (PII) of third parties.  Defense counsel has been contacted and does not oppose this motion for a protective order.

The first superseding indictment in this case alleges that, from 2013 through 2017, both defendants (1) engaged in a conspiracy to operate an unlicensed money transmitting business and (2) operated an unlicensed money transmitting business. (Doc. 18.) Costanzo

is also charged separately with five counts of money laundering and one count of felon in possession of ammunition. (Doc. 18.) Subpoenas were issued to several financial institutions, including banks, a credit reporting agency, and virtual currency exchanges. In addition, search warrants were executed at business locations and residences. The allegations in this matter are supported by evidence of a sensitive nature, including tax returns, return information, financial data, and other records containing PII of third parties. The United States seeks to disclose these relevant records in furtherance of the criminal proceeding and pursuant to its obligations under Rule 16 of the Federal Rules of Criminal Procedure.

26 U.S.C. § 6103(a) generally prohibits, with certain exceptions, the disclosure of "any return or return information." 26 U.S.C. § 6103(b)(1) and (b)(2) define "return" and "return information" broadly to include, inter alia, all tax and information returns filed with the Internal Revenue Service and any information regarding a taxpayer's identity, the nature and source of a taxpayer's income and expenses, tax liability, tax deficiency, tax payments, and "any other data, received by, recorded by, prepared by, furnished to, or collected by" the Internal Revenue Service. 26 U.S.C. § 6103(b)(3) defines "taxpayer return information" as "return information" that is filed with or furnished to the Internal Revenue Service by, or on behalf of, the taxpayer to whom the return information relates. 26 U.S.C. § 6103(i)(4)(A) states that tax returns and return information obtained pursuant to 26 U.S.C. § 6103(i)(1) may be disclosed "in any judicial or administrative proceeding pertaining to enforcement of a specifically designated Federal criminal statute or related civil forfeiture (not involving tax administration) to which the United States or a Federal agency is a party (i) if the court finds that such return or taxpayer return information is probative of a matter in issue relevant in establishing the commission of a crime or the guilt or liability of a party, or (ii) to the extent required by order of the court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure."

Disclosure of return and return information is warranted in this case because it is direct evidence of the defendants' criminal activity and is thus "probative of a matter in

issue relevant in establishing the commission of a crime." *See* 26 U.S.C. § 6103(i)(4)(A)(i). In addition, the United States intends to introduce some of these records as trial exhibits in its case-in-chief, which is allowable under 26 U.S.C. § 6103(i)(4)(A)(ii). *See also* Fed. R. Crim. P. 16(a)(1)(E).

Federal Rule of Criminal Procedure 16(d)(1) allows this Court to restrict or "grant other appropriate relief" with regard to discovery upon a showing of good cause. Due to the sensitive nature of the third-party PII that may be disclosed in this matter and the volume of discovery, which is estimated to be several thousand pages, the United States asks this Court to enter an order restricting the defendants' use and dissemination of such information. A protective order is necessary to permit the United States to fulfill its discovery obligations while protecting the privacy of the defendants and third parties.

Courts have recognized that the need to protect sensitive, personal information pertaining to third parties qualifies as "good cause" under this standard. *United States v. Carriles*, 654 F. Supp. 2d 557, 565-66 (W.D. Tex. 2009) (granting protective order to limit dissemination of third-party medical records and emphasizing that a "protective order may be issued upon a showing . . . by a party advocating the privacy interests of nonparties'"); *United States v. Luchko*, 2007 WL 1651139, *10 (E.D. Pa. 2007) (granting prosecution's motion for protective order, which defense did not contest, and noting that "[t]he protective order protects the privacy interests of uncharged persons [and] promotes the government's policy of open discovery"). *See generally Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

Therefore, the United States respectfully requests that the Court issue the proposed protective order attached hereto as Exhibit A, which would provide that:

1. The United States may disclose to defense counsel and the defendants returns, return information, and PII for the individuals and entities referenced in the first superseding indictment.

2. The United States may disclose to defense counsel and the defendants additional returns, return information, and PII subject to its continuing duty of disclosure pursuant to Rule 16(c), Federal Rules of Criminal Procedure, without making separate application to the Court.

3. Defense counsel shall maintain the returns, return information, and PII of third parties received from the United States in the defense counsels' custody and disclose such information only to defendants, defense investigators, agents, or experts as necessary for purposes of the defense of this criminal proceeding. Defendants, defense counsel, defense investigators, agents, or experts shall not reproduce or disseminate any returns, return information, or un-redacted PII of third parties without further order of the Court.

4. The order resulting from this motion shall be presented to any individual to whom, under the terms of the order, defendants or defense counsel disclose the returns, return information, or PII. By accepting any returns, return information, or PII, such persons shall agree to submit to the jurisdiction of the United States District Court for the District of Arizona for the sole purpose of enforcing the terms of this order.

5. With respect to any copies made at the request and expense of defense counsel of evidence that is stored by the Internal Revenue Service in relation to this case, any and all returns, return information, and PII of third parties contained therein shall be subject to the order resulting from this motion; and any and all returns, return information, and PII of third parties contained therein shall not be further copied or disseminated without further order of the Court.

6. Any discovery provided by the United States in this case that contains tax or personal identifying information is for use in the defense of this criminal case and must be either returned to the assigned Assistant U.S. Attorney for destruction, or otherwise properly disposed of by defense counsel, after the completion of all proceedings, to include any appeal, collateral attack, or other post-conviction proceedings.

7. Nothing in the Court's order requires the United States to provide discovery beyond what is required by Rule 16 of the Federal Rules of Criminal Procedure, and, if

applicable, the Court's discovery orders and production schedule.

8. Defendants and defense counsel shall file an acknowledgment of the order resulting from this motion within 10 days of the date of such order.

Excludable delay under 18 U.S.C. § 3161(h) may occur as a result of this motion.

Respectfully submitted this 7th day of August 2017.

        ELIZABETH A. STRANGE
        Acting United States Attorney
        District of Arizona

        *s/Matthew Binford*
        MATTHEW BINFORD
        Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2017, I used the CM/ECF system to electronically transmit the attached document to the Clerk's Office and the following CM/ECF registrants:

Brian E. Klein
*Attorney for Peter Nathan Steinmetz*

Lee David Stein
*Attorney for Peter Nathan Steinmetz*

Maria Teresa Weidner
*Attorney for Thomas Mario Costanzo*

 *s/Yvonne Garcia*
U.S. Attorney's Office