JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARIA TERESA WEIDNER; #027912
Asst. Federal Public Defender
Attorney for Defendant
maria_weidner@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-17-585-PHX-JJT |
|---|---|
| Plaintiff, | **MOTION TO DISMISS COUNTS 1 & 2 OF THE FIRST SUPERSEDING INDICTMENT FOR FAILURE TO STATE AN OFFENSE** |
| vs. | |
| Thomas Mario Costanzo, | **(Oral Argument Requested)** |
| Defendant | |

Defendant, Thomas Mario Costanzo, through undersigned counsel, moves this court to dismiss Counts 1 & 2 of the First Superseding Indictment as each fails to state an offense, thus violating the Grand Jury and Due Process Clauses of the Fifth Amendment of the United States Constitution, as well as Federal Rule of Criminal Procedure 7(c)(1).

In further support of this motion, Mr. Costanzo submits the attached memorandum.

///
///
///
///
///
///

# M E M O R A N D U M

Under the Grand Jury and Due Process Clauses of the Fifth Amendment of the United States Constitution, as well as Federal Rules of Criminal Procedure 7(c)(1) and 12(b)(3)(B), Counts 1 & 2 of the First Superseding Indictment filed in this case must be dismissed for failure to state an offense. In particular:

1) Count 1, which charges Mr. Costanzo with conspiring to operate an unlicensed money transmitting business, is silent as to an overt act, which is a necessary element of the crime of conspiracy under 18 U.S.C. § 371. *See, e.g., United States v. Mazza-Alaluf*, 607 F. Supp. 2d 484, 498 (S.D.N.Y. 2009), aff'd, 621 F.3d 205 (2d Cir. 2010) ("Three elements are necessary to prove a conspiracy: (1) an agreement between two or more persons to commit a criminal act, (2) the defendant's knowing participation in the agreement, and (3) an overt act performed in furtherance of [the] conspiracy performed in the [charging district] by the defendant or any other co-conspirator");

2) An alleged violation of 18 U.S.C. § 1960 by way of subsection (b)(1)(A) is expressly alleged in Count 2 and implied in Count 1. However, neither count specifies what state statute or regulation—if any—was violated by the alleged operation of an unlicensed money transmitting business.

Under the United States Constitution and federal law, an indictment must both allege all elements of each offense intended to be charged and sufficiently apprise the defendant of the nature of the charges against him. Where an indictment fails to allege an essential element of one or more crime(s) charged, those charges— here Counts 1 & 2—must be dismissed.

///

///

///

2

# ARGUMENT

**I.     An Indictment That Fails To State Essential Element(s) Of The Crime Charged Must Be Dismissed.**

"In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir.2002). "The indictment either states an offense or it doesn't.... 'The Court should not consider evidence not appearing on the face of the indictment.' " *Id.* (quoting *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996)).

Under the United States Constitution and federal law, an indictment must both "contain [] the elements of the offense intended to be charged and sufficiently apprise [] the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763 (1962). "The indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). An indictment's failure to "recite an essential element of the charged offense is not a minor or technical flaw. . . but a fatal flaw requiring dismissal of the indictment." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir.1999). Of particular import here, it is settled law that "[a] bill of particulars cannot save an invalid indictment. *Russell*, 369 U.S. at 770 (citing cases to include *United States v. Norris*, 281 U.S. 619, 622 (1930); *Steiner v. United States*, 229 F.2d 745, 748 (9th Cir. 1956)). Likewise, such a substantive defect in the charging document cannot be cured by jury instructions, either. *Du Bo*, 186 F.3d at 1180.

Every essential element of the charged offense must be present in the indictment in order to ensure that the defendant is prosecuted only on the basis of facts presented to a grand jury, as required by the Fifth Amendment. *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir.1994). An element is essential where it is an express

or implied condition that the government must prove in order to obtain a conviction. *Du Bo*, 186 F.3d at 1179. An indictment that merely tracks statutory language is insufficient unless the statute "fully, directly, and expressly, without any uncertainty or ambiguity, set[s] forth all the elements necessary to constitute the offence intended to be punished." *Russell*, 369 U.S. at 765 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1881)). "It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,— it must descend to particulars.'" *Russell*, 368 U.S. at 765 (quoting *United States v. Cruikshank*, 92 U.S. 542, 558 (1875)). If the indictment merely recites statutory language or generic terms it fails to properly allege a crime and the indictment must be dismissed. *See Du Bo*, 186 F.3d at 1181.

I. **An Indictment Alleging Violation Of 18 U.S.C. § 371 Requires The Government Allege an Overt Act.**

In order to comply with the Grand Jury and Due Process clauses of the Fifth Amendment, an indictment alleging a violation of 18 U.S.C. § 371 must describe an overt act or acts. *See e.g., United States v. $11,500.00 in United States Currency*, 869 F.3d 1062, 1072 (9th Cir. 2017)("the general conspiracy statute explicitly requires that some overt act be performed, 18 U.S.C. § 371…"); *see also Mazza-Alaluf*, 607 F. Supp. 2d at 498 (providing that an overt act is an essential element of conspiracy to violate 18 U.S.C. § 1960). The government's failure to allege an overt act renders Count 1 of the First Superseding Indictment invalid as it fails to allege an essential element and thus does not sufficiently apprise the defendant of what he must be prepared to meet at trial. *Russell*, 369 U.S. at 763.

**II.     An Indictment Alleging Violation Of 18 U.S.C. § 1960(a) & (b)(1)(A) Requires The Government to Allege the State Authority Imposing Criminal Penalties for Unlicensed Operation of a Money Transmitting Business.**

In order to comply with the Grand Jury and Due Process clauses of the Fifth Amendment, an indictment alleging a violation of 18 U.S.C. § 1960(a) & (b)(1)(A) must state the specific state statute that defendant is accused of having violated and provide that such violation is punishable as a misdemeanor or felony. This is because 18 U.S.C. § 1960(a) criminalizes the operation of an unlicensed money transmitting business "in a State where such operation is punishable as a misdemeanor or felony under State law, whether or not the defendant knew the operation was required to be licensed or that the operation was so punishable…" 18 U.S.C. § 1960(b)(1)(A).

While this appears to be a matter of first impression in the Ninth Circuit, the Fourth Circuit, in addressing a due process challenge in regards to the lack of *mens rea* as to the fourth and fifth elements of a violation of 18 U.S.C. § 1960(a) & (b)(1)(A) provided quite succinctly that "…§ 1960(b)(1)(A) provides that it is a federal offense to (1) operate a money transmitting business, (2) that affects interstate commerce, and (3) that is unlicensed under state law, when (4) state law requires a license and (5) state law punishes lack of a license as a felony or misdemeanor…the Government must allege and prove the defendant's knowledge with respect to the first three elements…Congress explicitly excluded any *mens rea* requirement from the last two elements." *United States v. Talebnejad*, 460 F.3d 563, 568 (4th Cir. 2006).

Counts 1 & 2 of the present indictment thus fail to properly allege the fourth and fifth elements of the charged offense of 18 U.S.C. 1960(a) & (b)(1)(A): Specifically, the government must allege that defendant(s) violated a state licensing

5

law, and that such violation exposes them to criminal penalties at the state level. Counts 1 & 2 must be dismissed for failing to state an offense and thus failing to sufficiently apprise the defendant of what he must be prepared to meet at trial. *Russell*, 369 U.S. at 763.

### III. Counts 1 & 2 of the First Superseding Indictment Must Be Dismissed For Failure To Allege Essential Elements of the Charged Offenses.

The present indictment fails to allege essential elements of two separate charges. As discussed above, the absence of the above-discussed essential elements as regards the two disputed charges creates a substantial risk that Mr. Costanzo could be convicted on a different basis than that supporting the grand jury's indictment. *See Du Bo*, 186 F.3d at 1179 (failing to enforce requirement that all essential elements be included in indictment would "deprive the defendant of a basic protection that the grand jury was designed to secure by allowing a defendant to be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him.") (citation omitted).

As a result, the present indictment is so vague that Mr. Costanzo's defense is hampered. The absence of essential elements that the government must allege and prove as regards the two disputed counts impermissibly hinders the ability of the defense to evaluate sufficiently the government's case. Because "guilt depends so crucially upon such a specific identification of fact" in the indictment, *Russell*, 369 U.S. at 764, Counts 1 & 2 of the present indictment must be dismissed for failing to allege an essential element of each of the crimes charged: 18 U.S.C. §§ 371 and 1960.

///
///
///
///

## CONCLUSION

"The indictment either states an offense or it doesn't. There is no reason to conduct an evidentiary hearing." *Boren*, 278 F.3d at 914. Because the present indictment fails to allege an essential element of each of the two disputed charges—Counts 1 & 2—both must be dismissed.

Excludable delay under 18 U.S.C. § 3161(h)(1)(D) may result from this motion or from an order based thereon.

Respectfully submitted: October 31, 2017.

JON M. SANDS
Federal Public Defender

 *s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
Asst. Federal Public Defender

Copy of the foregoing transmitted by ECF for filing October 31, 2017, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

MATTHEW BINFORD
CAROLINA ESCALANTE
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

LEE STEIN
Attorney for Co-Defendant
One Renaissance Square
2 North Central Avenue, Suite 1450
Phoenix, Arizona 85004

Copy mailed to:
THOMAS MARIO COSTANZO
Defendant

   s/yc

8