JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

MARIA TERESA WEIDNER, #027912
Asst. Federal Public Defender
Attorney for Defendant
maria_weidner@fd.org

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Thomas Mario Costanzo,<br><br>Defendant | No. CR-17-585-PHX-JJT<br><br>**MOTION SEEKING RELIEF FROM MISJOINDER, OR, IN THE ALTERNATIVE, FROM PREJUDICIAL JOINDER, BOTH AS TO COUNT 8 OF THE FIRST SUPERSEDING INDICTMENT**<br><br>**(Oral Argument Requested)** |

Defendant Thomas Mario Costanzo, by and through undersigned counsel, respectfully moves this Court to sever Count 8 of the first superseding indictment in the above-captioned case and order a separate trial on the allegation of Felon in Possession of Ammunition.  This motion is made pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure, Mr. Costanzo's Fifth and Sixth Amendment rights to a fair trial and effective assistance of counsel, and the inherent power of the United States District Courts.

It is expected that excludable delay under Title 18 U.S.C. Section 3161(h)(1)(D) may result from this motion or from an order based thereon.

. . .

. . .

. . .

**MEMORANDUM**

## I.    FACTUAL BACKGROUND

Prior to June 20, 2017, Mr. Costanzo was charged in the above-captioned case with a single count alleging he violated 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

A superseding indictment was subsequently filed adding seven additional allegations: 5 counts of money laundering (Counts 3-7), 1 count of operating an unlicensed money transmitting business (Count 2), and 1 count of conspiracy to operate an unlicensed money transmitting business (Count 1).

## II.   LEGAL ARGUMENT

### A.    Misjoinder under Fed. R. Crim P. 8.

The Federal Rules of Criminal Procedure permit for joinder of offenses where the offenses charges "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim P. 8(a). Misjoinder occurs when the original joinder of offenses fails to satisfy this standard. *Id.* Misjoinder rises to the level of a constitutional violation when it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial. *Runningeagle v. Ryan*, 686 F.3d 758, 767 (9th Cir. 2012) (citing *United States v. Lane*, 474 U.S. 438, 446, n. 8 (1986)).

Persuasive authority in five sister circuits holds that when the joinder of multiple defendants or multiple offenses does not comply with the requirements of Rule 8, the district court has no discretion to deny severance. *See United States v. Chavis*, 296, F.3d 450, 456 (6th Cir. 2002); *United States v. Bledsoe*, 674 F.2d 647, 654 (8th Cir. 1982), *cert. denied* 459 U.S. 1040; *United States v. Scotto*, 641 F.2d 47, 57 (2d Cir. 1981), *cert. denied* 452 U.S. 961; *United*

*States v. Kaplan*, 588 F.2d 71 (4th Cir. 1978); *United States v. McLaurin*, 557 F.2d 1064, 1075 n. 14 (5th Cir. 1977), *cert. denied* 434 U.S. 1020. The Ninth Circuit has found misjoinder to be reversible error where counts were unrelated and prejudice based on the same at trial was highly probable. *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990).

The validity of the joinder is determined solely by the allegations in the indictment. *See Schaffer v. United States*, 362 U.S. 511 (1960); *United States v. Lane*, 474 U.S. 438, 447 (1986); *Terry*, 911 F.2d at 276. The analysis used by the Ninth Circuit in finding improper joinder under Fed. R. Crim. P. 8(a) is twofold: the Court first considers whether there is any overlap in the evidence necessary to prove the counts at issue. *Terry*, 911 F.2d at 276 (citations omitted). Second, the court considers whether the offenses were "connected." *Id.* When joined offenses are not connected and are not provable by the same evidence, joinder is improper. *Id.* (citing *United States v. Barney*, 568 F.2d 134, 136 (9th Cir.1978)).

In this case, the felon in possession of ammunition offense charged in Count 8 is completely unrelated to the financial crimes charged Counts 1-7 of the Indictment. First, the alleged financial crimes offenses are not of the same or similar character to the alleged felon in possession charge. Fed. R. Crim. P. 8(a). One, Count 8, is a status offense—the criminality of the alleged conduct (i.e., possession of ammunition) rests entirely on Mr. Costanzo's alleged status as a convicted felon. *Id.* The other charges, Counts 1-7, are financial crimes premised on a person-to-person Bitcoin exchange allegedly operated by the co-defendants. *Id.* Second, the felon in possession of ammunition allegation in Count 8 is by no means based on the "same act or transaction" as the money laundering and unlicensed money transmission business counts against defendant. *Id.* The acts

constituting the alleged financial crimes and those constituting felon in possession of ammunition are necessarily exclusive of each other. Fed. R. Crim. P. 8(a). Third, the felon in possession of ammunition allegation and the financial crimes allegations cannot be said to be of some common scheme or plan, they are utterly separate offenses. *Id.* As such, there is no overlap in the evidence necessary to prove these two sets of counts and there is no connection or commonality between these charges. *Id. See also Terry*, 911 F.2d at 276. Joinder of the Felon in Possession of Ammunition Reentry is therefore improper under Fed. R. Crim. P. 8. Joinder of Count 8 is impermissibly prejudicial to Mr. Costanzo, as evidence related to prior felony conviction—an essential element of the charge—would most certainly not be admissible as to the other counts in the indictment, absent Mr. Costanzo choosing to exercise his right to testify at trial, but for this improper joinder. *See Runningeagle,* 686 F.3d at 767. *See also infra* II(B).

**B.    Prejudicial Joinder under Fed. Rule Crim. P. 14.**

The Federal Rules of Criminal Procedure give the trial court discretion to order separate trials of counts or whatever other relief justice requires, under circumstances where joinder appears to prejudice the defendant or the government. Fed. R. Crim. P. 14(a). Rule 14 analysis is only necessary if the contested joinder of is found to be proper under Rule 8. *See United States v. Jawara,* 474 F.3d 565, 572 (9th Cir. 2007) (citations omitted). In the event this Court finds that joinder of Count 8 with the other counts charging the defendant proper, he seeks to preserve the issue by asserting prejudicial joinder in the alternative, based on his position that joinder is also impermissible under Rule 14.

In evaluating prejudice, the Ninth Circuit focuses particularly on cross-admissibility of evidence and the danger of "spillover" from one charge to another, especially where one charge or set of charges is weaker than another.

1
2
3
4
5
6
7
8

*Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). Here, the evidence that must be presented to prove the financial crimes allegations (Counts 1-7) would not be admissible at a trial on felon in possession of ammunition (Count 8) and vice versa. Prejudicial spillover is also a particularly great risk in this case given that an essential element of Count 8 is information that could undermine Mr. Costanzo's credibility and which would be inadmissible at trial on the financial crimes charges absent his choosing to testify and then being subjected to cross-examination.

9

### III.   CONCLUSION

10
11
12
13

For the reasons stated herein, Mr. Costanzo respectfully requests that this court grant the requested relief under either Fed. R. Crim. P. 8 or 14, and order a separate trial for Count 8 of the First Superseding Indictment.

14

Respectfully submitted:  November 1, 2017.

15
16

JON M. SANDS
Federal Public Defender

17
18
19

*s/ Maria Teresa Weidner*
MARIA TERESA WEIDNER
Asst. Federal Public Defender

20
21
22
23
24
25
26
27
28

Copy of the foregoing delivered filing November 1, 2017, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

FERNANDA CAROLINA ESCALANTE KONTI, ESQ.
MATTHEW BINFORD, ESQ.
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

LEE DAVID STEIN
MICHAEL THOMAS MORRISSEY
Counsel for Co-Defendant Peter Nathan Steinmetz
1 Renaissance Sq.
2 N. Central Ave., Ste. 1900
Phoenix, AZ 85004

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

*s/yc*