JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

MARIA TERESA WEIDNER; #027912
Asst. Federal Public Defender
Attorney for Defendant
maria_weidner@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Thomas Mario Costanzo, et al.,<br><br>　　　　　Defendant | No. CR-17-0585-01-PHX-GMS<br><br>**ADDENDUM TO DKT. # 55, DEFENDANT COSTANZO'S MOTION TO DISMISS COUNTS 1 & 2 OF THE FIRST SUPERSEDING INDICTMENT FOR FAILURE TO STATE AN OFFENSE** |

　　　　Defendant Thomas Mario Costanzo submits this Addendum to his Motion to Dismiss Counts 1 & 2 of the First Superseding Indictment for Failure to State an Offense (Dkt. # 55) for the purpose of including a third basis for the relief requested.

　　　　Specifically, the present indictment's allegation that Mr. Costanzo violated and conspired to violate 18 U.S.C. § 1960(b)(1)(B), which makes it a federal crime to operate a money transmitting business that "fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section," fails to allege an essential element or elements of the crime.

///

///

////

///

# ADDENDUM

**An Indictment Alleging Violation of 18 U.S.C. § 1960(a) & (b)(1)(B) Requires that the Government Allege the Statutory and/or Regulatory Requirements of 31 U.S.C. § 5330 Allegedly Violated by Defendant.**

In order to comply with the Grand Jury and Due Process clauses of the Fifth Amendment, an indictment alleging a violation of 18 U.S.C. § 1960(a) & (b)(1)(B) must state the specific statutory requirement of 31 U.S.C. § 5330 and/or associated regulatory requirement(s) defendant is accused of having violated. This is because 18 U.S.C. § 1960(a) criminalizes the operation of an unlicensed money transmitting business that "fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section." 18 U.S.C. § 1960(b)(1)(B).

The language in the present indictment largely tracks the statute, alleging in pertinent part that defendant "failed to comply with the money transmitting business *regulations* under Title 31, United States Code, Section 5330, *and* the regulations prescribed thereunder" (emphasis added). See Dkt. #18, at ¶ 5. Such violation is also implied in Count 1. *Id.* at ¶ 4.

It appears this is a matter of first impression in the Ninth Circuit; no persuasive authority arising from other circuits has been identified. Notwithstanding this circumstance, the structure of § 1960(b)(1)(B) militates for the finding that a particularized and definite statement of the alleged violation—to wit, alleging the specific statutory or regulatory requirement alleged to have been violated—is necessary to comply with both Federal Rule of Criminal Procedure 7(c)(1) and the Fifth Amendment.

In defining the criminal offense of operating an unlicensed money transmitting business, § 1960(b)(1)(B) refers to and incorporates another statute, 31 U.S.C. § 5330. Title 31 U.S.C. §5330 in turn refers to and incorporates yet another

Statute, 31 U.S.C. §5313, in its own definition of a money transmitting business, which, in pertinent part, is a business "required to file reports under section 5313." 31 U.S.C. § 5330(d)(1)(B). Section 5313 generally pertains to requirements for a domestic financial institution to file a report in a manner determined by the Secretary of the Treasury when said domestic financial institution is involved in a transaction for the payment, receipt or transfer of U.S. coins or currency (or other monetary instruments the Secretary designates), in an amount determined by the Secretary. 31 U.S.C. § 5313(a). Regulations promulgated under both § 5330 and § 5313 are published in the Federal Register and codified in the Code of Federal Regulations. As such, defendant is confronted with a raft of requirements—both statutory and regulatory—that may or may not form the basis for the charges in the indictment. If it is the government's position that defendant's conduct violated one or more of the many regulations promulgated by the Department of the Treasury to implement § 5330, then the government must expressly so allege in the charging document.

      The government did not so allege. Therefore, Counts 1 & 2 must be dismissed. The charges in their current form are not concise or definite and utterly fail to provide defendant with the required "essential facts constituting the offense." Fed. R. Crim. P. 7(c)(1). It is thus also impossible to ensure that defendant is prosecuted only on the basis of facts presented to the grand jury, as required by the Fifth Amendment. *United States v. Rosi,* 27 F.3d 409, 414 (9th Cir. 1994).

      Counts 1 & 2 must be dismissed for failing to state an offense and thus failing to sufficiently apprise the defendant of what he must be prepared to meet at trial. *Russell v. United States*, 369 U.S. 749, 763 (1962).

      Excludable delay under 18 U.S.C. § 3161(h)(1)(D) may result from this motion or from an order based thereon.

//

//

//

3

Respectfully submitted: November 2, 2017.

JON M. SANDS
Federal Public Defender

 s/Maria Teresa Weidner
MARIA TERESA WEIDNER
Asst. Federal Public Defender

Copy of the foregoing transmitted by ECF for filing November 2, 2017, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

FERNANDA CAROLINA ESCALANTE KONTI
MATTHEW H. BINFORD
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

LEE DAVID STEIN
MICHAEL MORRISSEY
Counsel for Co-Defendant
Peter Nathan Steinmetz

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

  s/yc