JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

MARIA TERESA WEIDNER; #027912
Asst. Federal Public Defender
Attorney for Defendant
maria_weidner@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-17-0585-01-PHX-JJT |
|---|---|
| Plaintiff, | **MOTION TO DISMISS COUNT 8 OF INDICTMENT PREMISED ON ALLEGED VIOLATION OF 18 U.S.C. § 922(g)(1)** |
| vs. | |
| Thomas Mario Costanzo, et al., | |
| Defendant | |

  Defendant Thomas Mario Costanzo submits the attached memorandum of law in support of his Motion to Dismiss Count 8 of the first Superseding Indictment that rest upon Mr. Costanzo's alleged violation of 18 U.S.C. § 922(g)(1). Count 8 should be dismissed for the reasons set forth in the following Memorandum.

  Excludable delay under 18 U.S.C. § 3161(h)(1)(D) may result from this motion or from an order based thereon.

  Respectfully submitted:  November 6, 2017.

        JON M. SANDS
        Federal Public Defender

        *s/Maria Teresa Weidner*
        MARIA TERESA WEIDNER
        Asst. Federal Public Defender

# MEMORANDUM

## I. BACKGROUND

The pertinent portion of the Indictment alleges that Mr. Costanzo, "having been convicted of a crime punishable by imprisonment for a term exceeding a year, to wit, Possession or Use of Marijuana, on March 17, 2015, in the Superior Court of Arizona for Maricopa County; did knowingly possess in and affecting interstate commerce, ammunition, that is, 60 rounds of 5.56 x45 mm caliber ammunition, said ammunition having been shipped and transported in interstate commerce." *See* Doc. 18, First Superseding Indictment, at ¶ 11.

## II. STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Criminal Procedure provides that "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." Rule 12(b)(3)(B) specifies that claims of defects in the indictment must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits. In addition, claims that the applicable statute is unconstitutional may be raised by way of a motion under Rule 12(b). Fed. R. Crim. P. 12(b)(2) (jurisdictional objections may be raised at any time while the case is pending); *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir. 1989), *amended*, 907 F.2d 115 (9th Cir. 1990) (claims that the applicable statute is unconstitutional qualify as jurisdictional). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

## III. DISCUSSION

The portion of the indictment alleging that Mr. Costanzo unlawfully possessed ammunition subsequent to suffering conviction "of a crime punishable by imprisonment for a term exceeding a one year" suffers from a fatal flaw and thus must be dismissed.

## IV. FACTS

Minute entries obtained in connection with the conviction alleged in Count 8 have been obtained by undersigned counsel. Exhibit A, Minute Entry: Costanzo Sentencing: March 17, 2015. This document reflects that Mr. Costanzo was adjudged guilty of a Class 6 Designated Felony for Possession or Use of Marijuana. *Id.* at page 2. He was sentenced to a 24-month term of probation. *Id.* All remaining charges and allegations were dismissed by order of the court at sentencing. *Id.* at page 3. No aggravating facts were admitted by Mr. Costanzo, alleged by the government, or found by the court beyond a reasonable doubt. Exhibit A.

## V. LAW AND ARGUMENT

### A. Relevant Arizona Sentencing Statutes: A.R.S. §§ 13-701 & 13-702

Arizona Revised Statutes, § 13-702 provides that "the term of imprisonment for a presumptive, minimum, maximum, mitigated, or aggravated sentence shall be within the range prescribed under this subsection." A.R.S. § 13-702(D). For a Class 6 felony, the law provides for a mitigated sentence of .33 years, a minimum sentence of .5 years, a presumptive sentence of 1 year, a maximum sentence is 1.5 years, and an aggravated sentence of 2 years. *Id.* While it would thus appear that a Class 6 felony is "a crime punishable by a term of imprisonment exceeding a year," such is not the case.

Arizona law further provides that "[u]nless a specific sentence is otherwise provided, *the term of imprisonment for a first felony offense <u>shall</u> be the presumptive sentence...*" A.R.S. § 13-702(A) (emphasis added). The statute further provides that "…the court may increase or reduce the presumptive sentence within the ranges set by subsection D of this section" but restricts this latitude by adding that "[a]ny reduction or increase shall be based on aggravating and mitigating circumstances listed in § 13-701, subsections D and E." *Id.*

3

Aggravating and mitigating factors are listed as well as the parameters established for their application at sentencing, in A.R.S. § 13-701. It is specifically provided that "[t]he minimum or maximum term pursuant to § 13-702…may be imposed *only* if one or more of the circumstances alleged to be in aggravation of a crime are found to be true by the trier of fact beyond a reasonable doubt or are admitted by the defendant." A.R.S. § 13-701(C).

### B. Determining the relevant statutory maximum sentence

In 2007, the Supreme Court reaffirmed its holding that "the relevant statutory maximum…is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Cunningham v. California*, 549 U.S. 270, 275 (2007) (quoting *Blakely v. Washington*, 542 U.S. 296, 303-304 (2004))(emphasis in original).

In *Cunningham*, the Court analyzed California's statutory sentencing scheme, which it noted provides for lower, middle, and upper term sentences. *Id.* at 277. The Court further observed that a California trial judge's choice in imposing the lower, middle, or upper term of prison is controlled by statute, which provides that the court "shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." *Cunningham*, 549 U.S. at 277. The Court concluded that "[i]n accord with *Blakely*, therefore, the middle term prescribed by California's statutes, not the upper term, is the relevant statutory maximum." *Id.* at 289 (citations omitted).

California's statutory sentencing construct is analogous to that in Arizona. The presumptive term prescribed by Arizona's statutory sentencing construct is the functional equivalent of California's middle term because in both cases, the state statute provides that a higher sentence is not available absent additional findings. *Id.*; *compare* A.R.S. §§ 13-701 & 13-702. Applying this reasoning to the instant case for purposes of determining whether Mr. Costanzo was convicted of a crime punishable by more than a year reveals, quite simply, that he was not.

In Mr. Costanzo's case, the relevant statute prescribes that the presumptive term for an Arizona Class 6 felony is 1 year. A.R.S. § 13-702(D). "Unless a specific sentence is otherwise provided, the term of imprisonment for a first felony offense *shall* be the presumptive sentence…" A.R.S. § 13-702(A) (emphasis added). "The minimum or maximum term pursuant to § 13-702…may be imposed *only* if one or more of the circumstances alleged to be in aggravation of a crime are found to be true beyond a reasonable doubt or are admitted by the defendant." A.R.S. § 13-701(C). Here, no such allegations were alleged by the state or the sentencing judge, or admitted by Mr. Costanzo. Exhibit A. Thus the "relevant statutory maximum sentence" he faced was the presumptive term prescribed by law: 1 year. The conviction alleged in Count 8 is not "punishable by imprisonment exceeding a year." Therefore, Count 8 must be dismissed.

## VI.   DISTINGUISHING *MURILLO*

The Ninth Circuit case of *United States v. Murillo*, 422 F.3d 1152 (9th Cir. 2005), to the extent it is not impliedly overruled by *Cunningham*, is distinguishable. Mr. Costanzo's argument and the decision in *Cunningham* dealt with analysis of a statutory sentencing construct, discussed above. *Murillo* considered the dictates of sentencing statutes, and found that the 5-year statutory maximum provided for by law in the State of Washington was not altered or reduced by that state's advisory sentencing guidelines, which recommended a sentence of no more than 12 months. 422 F.3d at 1153.

//
//
//
//
//
//
//
//

## CONCLUSION

Based on the arguments set forth above, this Court should dismiss Count 8 of the Indictment.

Excludable delay under 18 U.S.C. § 3161(h)(1)(D) may result from this motion or from an order based thereon.

Respectfully submitted: November 6, 2017.

JON M. SANDS
Federal Public Defender

 *s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
Asst. Federal Public Defender

Copy of the foregoing transmitted by ECF for filing November 6, 2017, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

CAROLINA ESCALANTE KONTI
MATTHEW H. BINFORD
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

LEE DAVID STEIN
MICHAEL MORRISSEY
Counsel for Co-Defendant
Peter Nathan Steinmetz

Copy mailed to:
THOMAS MARIO COSTANZO
Defendant

  *s/yc*