ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona State Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona State Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona State Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> v. <br><br> Thomas Mario Costanzo, and Peter Nathan Steinmetz, <br><br> Defendants. | CR-17-00585-PHX-GMS <br><br> **GOVERNMENT'S MOTION TO DISMISS COUNTS 1 AND 2 WITHOUT PREJUDICE** |

The United States moves to dismiss Counts 1 and 2 of the Superseding Indictment, without prejudice to the refiling of charges at a later date, and pursuant to Fed. R. Crim. P. 48(a).  Counsel for the defendants do not oppose dismissal without prejudice.

A.   <u>Case Background</u>

This case arises out of undercover purchases of bitcoins from each defendant. Following search warrants executed on or around April 20, 2017, at the residence of each defendant, law enforcement agents arrested Mr. Costanzo on probable cause for being a felon in possession of ammunition.  (CR 1).  The grand jury subsequently indicted Mr. Costanzo on the felon in possession charge on April 25, 2017 (CR 5), and thereafter issued

a superseding indictment on June 20, 2017 against both Mr. Costanzo and Dr. Steinmetz. (CR 18).

The superseding indictment charges both defendants with inchoate and substantive counts of operating an unlicensed money transmitting business in violation of 18 U.S.C. § 1960. (CR 18, at counts 1-2.) It also charges Mr. Costanzo with five separate violations of the money laundering sting provision in 18 U.S.C. § 1956(a)(3). (CR 18, at counts 3-7.) And it renumbers the original felon in possession charge. (CR 18, at count 8.) The Superseding Indictment also contains a forfeiture allegation that identifies property belonging to Dr. Steinmetz in Tempe, Arizona, and the forfeiture allegation was supplemented by a Bill of Particulars identifying specific assets seized from each defendant. (CR 46).

The government now seeks to dismiss Counts 1 and 2 without prejudice. Rule 48(a) vests discretion in the prosecution to decide whether to voluntarily dismiss a case or counts prior to trial, but that discretion is not unfettered: the Court should grant leave to dismiss without prejudice *unless* it finds bad faith on the part of the government. *E.g., United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988). In the instant case neither defendant objects to a "without prejudice" dismissal.

Moreover, to the extent the Court seeks additional information about the basis for the dismissal in order to support the absence of bad faith, the government avers the following: first, the review of material seized from the April search warrants has proceeded at a different pace as to each defendant, given the existence of potential privileges contained within the Steinmetz material requiring an ongoing filter review; and second, given the distinct processing of the warrant returns (and without in any way conceding to prejudicial joinder), efficiency concerns now weigh in favor of separating the litigation against the defendants, which this motion will accomplish.

/ / /

/ / /

B.	Effect of dismissal without prejudice

1.	As to defendant Costanzo:

In the absence of the money transmitting counts,[1] the five money laundering sting charges and the felon in possession charge will remain as to Mr. Costanzo; and the forfeiture allegation will also remain as to property seized from Mr. Costanzo. In particular, of the 13 items identified in the Bill of Particulars (CR 46), items 1 ($627.36 in U.S. currency), 4 (precious metals valued at $256.72), 5 (precious metals valued at $1,162.67) and 9 (80.94512167 bitcoins) will remain subject to forfeiture. (Item 12—a 1999 Saturn SL2—has since been returned to a representative of Mr. Costanzo.)

Some of the pending pretrial motions will be mooted out by a dismissal of Counts 1 and 2 against Mr. Costanzo; several others remain viable in the absence of Counts 1 and 2. The government will proceed to file responses as to the remaining motions under the timeframe set by Rule, and/or will seek leave of Court for extensions as may be appropriate.

2.	As to defendant Steinmetz:

The dismissal of Counts 1 and 2 will have the effect of dismissing Dr. Steinmetz from the Superseding Indictment, and dismissing the forfeiture allegations as to property seized from him. The dismissal of the forfeiture allegations will in the short term require the release of the lis pendens on Dr. Steinmetz' real property in Tempe, Arizona (1700 East Julie Drive or "the Julie Drive Property"), which the government will accomplish within seven days of an Order on this Motion. The government intends to continue its

---

[1] At this point, for the sake of simplicity and efficiency, the government does not intend to refile money transmittal charges against Mr. Costanzo, and will focus instead on taking the money laundering and felon in possession allegations to trial. Theoretically, in the event the government proceeds to trial on the money laundering counts and a hung jury requires a mistrial on the money laundering counts, the "without prejudice" dismissal would permit the government to supersede to add the money transmittal charges back in prior to retrial.

investigation into Dr. Steinmetz' Bitcoin activities following a dismissal of the pending charges, and will make a determination as to whether to refile after discussing the matter with counsel for Dr. Steinmetz.[2]

C.     Conclusion

For the foregoing reasons, the government moves to dismiss Counts 1 and 2 of the Superseding Indictment, without prejudice to the subsequent refiling of those counts.

Respectfully submitted this 13th day of November, 2017.

          ELIZABETH A. STRANGE
          Acting United States Attorney
          District of Arizona

          *s/ Gary Restaino*
          MATTHEW BINFORD
          CAROLINA ESCALANTE
          GARY M. RESTAINO
          Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to counsel of record in this case.

---

[2] The remaining eight items identified in the Bill of Particulars which were seized from Dr. Steinmetz (items 2 ($103,033 in U.S. currency), 3 (assorted precious metals valued at $19,354.96), 6 (7.09232292 bitcoins), 7 ($500 Federal Reserve Note), 8 (152.87574 Ethereums), 10 (assorted firearms), 11 (3 Bitcoin accounts) and 13 (52.69448172 bitcoins)) will be released from forfeiture. The government and counsel for Dr. Steinmetz have arrived at an agreement for the temporary custody of those items, for the ninety-day period commencing November 8, 2017, in the absence of a forfeiture allegation.