ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona State Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona State Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona State Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-17-00585-PHX-GMS |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SEVER COUNTS [Doc. 58]** |
| v. | |
| Thomas Mario Costanzo, | |
| Defendant. | |

The United States responds in opposition to defendant's motion to sever the felon in possession count from the money laundering counts.  Defendant's under-the-radar, unlicensed and unregistered exchanges of bitcoins for thousands or tens of thousands of dollars of cash necessitated protection in the form of firearms and other weapons.  The concealment alleged in the Superseding Indictment further required a degree of precaution, and fairly links the money laundering activities to the ammunition found on a shelf in a hallway closet in defendant's residence as part of a common scheme and plan.  The counts are properly joined.  And the Court may provide limiting instructions and other protections to overcome prejudice.  The remaining counts 3-8 should be tried together.

**A. The Superseding Indictment[1] and the Available Evidence Connect the Money Laundering to the Prohibited Possession.**

The Superseding Indictment and the available evidence[2] demonstrate the link between the bitcoin activities and the presence of ammunition and other weapons for protection. In particular, the Superseding Indictment alleges that defendant operated an unlicensed and unregistered money transmitting business offering virtual currency [such as bitcoins] for cash (dkt. # 18, at ¶¶ 1-3) in an effort to conceal the source of the money. (Dkt. # 18, at ¶¶ 6-10).

The money laundering activities link to the presence of knives and firearms for protection. Count 7 is illustrative here; it describes the April 20 culmination of a $107,000 bitcoin-for-cash exchange with an undercover agent, which exchange was first discussed ten days prior. Prior to defendant's arrest on April 20, he engaged in a discussion with the undercover agent about protection. "I do my best to – you know – screw with anybody who I don't feel safe around."[3] And indeed, upon arrest on April 20 the defendant had a steel knife attached to the fanny pack where additional currency and precious metals were found. (*See* Exs. 1-2 [bates numbers 500, 535].) And on that same date agents found the

---

[1] The government has separately moved to dismiss two counts from the Superseding Indictment. For the purposes of ongoing motion practice the extant portions of the Superseding Indictment are paragraphs 1-3 and 6-11. (Paragraphs 4-5 correspond to dismissed counts 1 and 2).

[2] Defendant cites to case law suggesting that joinder must be analyzed solely based on the allegations in the charging instrument. But the practice differs substantially from the purported rule, and Ninth Circuit case law recognizes the utility of reliance on evidence tied to the charging instrument. *See United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995). "In making our assessment, we examine only the allegations in the indictment. VonWillie's indictment charges him in count 1 with possessing the same three weapons that he is charged in count 2 with using in relation to a drug trafficking crime. Testimonial and physical evidence relating to the location, discovery, and seizure of the firearms is also common to both counts. This is sufficient to satisfy Rule 8(a)." *Id.* (internal citation omitted); *see also United States v. Jawari*, 474 F.3d 565, 573 and n.2 (9th Cir. 2007) (recognizing that "on occasion, our decisions have noted matters outside of the indictment").

[3] *See* audio file of Deal # 5, at 1:34:35 to 1:35:21, previously produced in discovery and available upon request. (Rough transcripts exist for the undercover discussions, although the audio provides the clearest evidence.)

boxes of ammunition in defendant's hallway closet, which further suggests that at some point he possessed a corresponding firearm for additional use as protection during his efforts to conceal the money laundering activities.

The discussion between the undercover agent, defendant and a third person acting as his banker[4] on April 10, 2017 led directly to the charged conduct in Counts 7-8 on April 20. And that discussion focused even more directly on the need for protection during bitcoin deals. The banker specifically noted that he would be armed during the transaction. (*See* report excerpt, attached as Ex. 3 [bates number 59]; *see also* audio at 51:28 to 52:10.) To be clear, the government does not rely on defendant's passive listening to the comments of a third party to justify the linkage. Rather, defendant himself interjected after the third party's comments about being armed for protection, and told the undercover agent that he (Costanzo) and the third party had a reputation for "reliability" in the community. *Id.* The use and presence of weapons forms part of defendant's means and methods of laundering money through exchanges of cash for virtual currency.

Nor is the charged transaction the only time defendant discussed protection. In an earlier interaction with an undercover agent in November 2016 the defendant, during a discussion about the limited role of government, analogized to protecting one's own house. "Like at your house – you have border protection 'cause you don't want somebody comin' in your house. . . . I mean – somebody comes in your house you blow his brains out. You know?" (*See* transcript excerpt, attached as Ex. 4 [bates 729-30]; *see also* audio at 1:00:35 to 1:01:10).

**B.    Count 8 is Properly Joined with Counts 3-7.**

Fed. R. Crim. P. 8(a) provides significantly broader bases to join multiple counts against a single defendant than Rule 8(b) provides in joining multiple defendants. In a

---

[4] The third person/banker in the discussion is the subject of Counts 1-2 of the Superseding Indictment, pending dismissal.

single-defendant case, the Rule "has been broadly construed in favor of initial joinder." *Jawari,* 474 F.3d at 572.  The money laundering and felon in possession charges are properly joined if part of a common scheme or plan, and the opinion in *Jawari* generally traces out some of those factors in other cases, such as the temporal connection between the counts, *id.* at 574 (citing to *United States v. Kinslow*, 860 F.2d 963 (9th Cir. 1998)) which upheld joinder of, *inter alia*, firearm and stolen property counts), and the presence of concealment, *id.* at 575 (citing to *United States v. Whitworth*, 856 F.2d 1268 (9th Cir. 1988)), which approved of the joinder of espionage and tax evasion counts.  Courts in the Rule 8(a) analysis assess whether the counts are "logically related."  *United States v. Blatchford*, 2017 WL 2484182 at * 1 (D. Ariz. 2017) (declining to find misjoinder of a SORNA charge with assault charges).  The temporal connection and concealing activities support joinder here as well.

   To be clear, the Ninth Circuit has sometimes approved of initial joinder of firearms counts with other counts and has at other times disapproved. *See, e.g., United States v. Nguyen*, 88 F.3d 812, 817-18 (9th Cir. 1996) (upholding joinder and holding the limiting instruction sufficient in light of the evidence);  *VonWillie*, 59 F.3d at 929-30 (upholding joinder); and *United States v. Terry*, 911 F.2d 272, 277 (9th Cir. 1990) (reversing the firearm conviction and finding misjoinder where drug and firearm counts were combined, where there was a temporal disconnect between counts,  and where the jury hung on the drug counts).  *See also United States v. Lewis*, 787 F.2d 1318, 1323 (9th Cir. 1996) (reversing [for prejudicial joinder rather than misjoinder] where a felon in possession count was joined with a bank robbery count, because the cautionary instruction was too late and "less than emphatic"), *amended on denial of rehearing*, 798 F.2d 1250.  Under the facts here these counts are properly joined, and ample opportunity exists for careful consideration of limiting instructions in the event the Court exercises its discretion to try properly-joined counts together.

**C.     The Efficiency of One Trial Outweighs Any Prejudice.**

Trial courts have substantial discretion to sever counts under Rule 14, *Zafiro v. United States*, 506 U.S. 534, 541 (1993), particularly where joinder requires the introduction of the stigma of a felony conviction that would otherwise be inadmissible. And defendant makes a reasoned argument why the joinder of a status crime to other charges might in the ordinary circumstances militate in favor of severance. But the additional facts and circumstances present here make continued joinder a feasible and reasonable outcome.

The commonality of charges articulated in Section B, *supra*, also supports the denial of the motion for prejudicial joinder. Moreover, in a single defendant case there is no risk of spillover harm to other defendants. Nor is it at all clear in this case that defendant's felony conviction is otherwise inadmissible. Indeed, defendant, using his alter-ego "Morpheus," openly discusses his felony past in the context of his entrepreneurial philosophy and the background to his bitcoin business. (*See* Ex. 5, "Who is Morpheus," bates ## 1114-15.) "Here's where I thought the x-con [sic] makes it big." *Id.* Costanzo's internet postings are likely to be relevant to the charges against him, and would also appear admissible under Fed. R. Evid. 403: a person with knowledge of the criminal justice system is more likely to have the requisite knowledge of the specified unlawful activity as an element to the money laundering charges. Some grounds thus exist that the prior felony may come in at trial, regardless of the joinder of counts, and regardless of whether defendant takes the stand.

Under these circumstances, the Court should consider the efficiency inherent in one trial rather than two. *Zafiro*, 506 U.S. at 537. *Zafiro* analyzed and approved of joinder of multiple defendants in one trial, but its central premise stands here in the assessment of joinder of multiple counts against the same defendant. Severance is an appropriate remedy only if a "serious risk" exists that the trial would "compromise a specific trial right" or "prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539.

The facts here weigh in favor of continued joinder.

### D.     Conclusion.

For the foregoing reasons, the Court should find joinder proper under Rule 8(a) and deny severance under Rule 14.

Respectfully submitted this 15th day of November, 2017.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

*s/ Gary Restaino*
MATTHEW BINFORD
CAROLINA ESCALANTE
GARY M. RESTAINO
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

 I hereby certify that on November 15, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to counsel of record in this case.

*s/ Lauren M. Routen*
United States Attorney's Office