ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
MATTHEW BINFORD
Arizona State Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona State Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona State Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-17-00585-PHX-GMS |
|---|---|
| Plaintiff, | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR GRAND JURY MATERIAL** |
| v. | |
| Thomas Mario Costanzo, | |
| Defendant. | |

Defendant seeks grand jury witness testimony in the above matter, as well as the legal colloquy between the prosecutor and the grand jurors prior to and following the witness testimony.  (Docs. 71, 54.)  The government will produce the complete transcripts of witness testimony,[1] but opposes as groundless the extraordinary request for the colloquy.

---

[1] Homeland Security Investigations Special Agent William Green testified to the grand jury on April 25, 2017, prior to its return of the original indictment charging one count of felon in possession of ammunition. (*See* Exhibit 1, Transcript of Grand Jury Testimony of William Green). Internal Revenue Service Special Agent Don Ellsworth testified to the grand jury on June 20, 2017, prior to its return of the Superseding Indictment adding, *inter alia,* money laundering sting charges. (*See* Exhibit 2, Transcript of Grand Jury Testimony of Don Ellsworth). (Agent Green's testimony was re-read into the grand jury as part of the legal colloquy in the superseder.) Contemporaneous with the filing of this Response, the government will file a separate motion to file each transcript under seal, and will serve the motion to seal and lodged proposed sealed transcripts on defense counsel.

## I. Procedural Background

The Superseding Indictment originally contained two initial counts alleging the operation of an unlicensed money transmitting business by defendant and a co-defendant. Counsel for the co-defendant filed a motion for the disclosure of the testimony and colloquy to assess the basis for the grand jury's return of money transmitting counts. (Doc. 54.) The Court, at the government's motion, subsequently dismissed the money transmitting counts (and the co-defendant) from the Superseding Indictment, without prejudice to refiling. (Doc. 74). Challenges to the money transmitting charges are now moot (*see generally* Docs. 70, 72, 75) but defendant Costanzo joined (Doc. 71) the co-defendant's motion in order to seek transcripts and colloquy as they pertain to the remaining money laundering counts. In particular, the Superseding Indictment conjunctively charges two alternate means of violating the money laundering sting provision in 18 U.S.C. § 1956(a)(3): concealing or disguising the nature and source and ownership of property believed to be proceeds of a specified unlawful activity (such as drug trafficking), in violation of subsection (B); and acting with the intent to avoid a transaction reporting requirement, in violation of subsection (C); and defendant seeks the colloquy to assess the second alternate means of establishing criminal liability.[2]

---

[2] The government represents that the transcript of the June 20, 2017 colloquy is eleven pages in length, including the cover page and the reporter's certification. Of the nine substantive pages, seven comprise a legal discussion prior to the testimony, and two comprise the legal discussion following the testimony. The government further represents that in the initial seven substantive pages it instructed the grand jury by reciting excerpts straight from the U.S. Code (including, as it pertains to the money laundering charges, a recital of 18 U.S.C. § 1956(a)(3)(B) and (C), in addition to excerpts from the paragraph following subsection (C)), without the addition of any other legal gloss or authority; and that grand juror questions in the final two substantive pages were answered consistent with the statutory language. (Although now moot, the money transmitting instruction was similarly based on the statutory language). The government will submit the full colloquy *ex parte* and *in camera* to the Court upon request.

## II. Legal Analysis

The government agrees that defendant's joinder to the earlier motion by the co-defendant remains viable post-dismissal of the co-defendant, but disagrees with the remainder of the analysis. Simply put, defendant has come nowhere close to establishing the requisite level of proof or prejudice to justify the provision of the legal colloquy in a particular case.

As a threshold matter, defendant's only unsupported contention of possible error is in the second alternate means of establishing money laundering liability. But "[t]he government may charge in the conjunctive form that which the statutes denounce disjunctively, and evidence supporting any one of the charges will support a guilty verdict." *United States v. Abascal*, 564 F.2d 821, 832 (9th Cir. 1977). Even if the Court found the mere reading of the statutory language insufficient as to the avoidance of the reporting requirements in subsection (C),[3] the actual concealment activities in subsection (B) provided independent support for the grand jury's return of the Superseding Indictment, and defendant does not challenge the charging instrument on those grounds. Absent some specific articulation of prejudice – that is, "substantial influence" on the grand jury's determination – federal law limits challenges to and in the grand jury. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988).

Nor are defendant's arguments consistent with the purpose of an indictment. "An indictment must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts." *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993); *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 109-10 (2007) (holding that most statutes do not require any greater degree of specificity in the language of the indictment

---

[3] To be clear, Agent Ellsworth offered testimony on the defendants' use of the bitcoin transactions to evade reporting requirements. *See* Grand Jury Testimony of June 20, 2017, at 28-31, attached as Exhibit 2 to the Motion to Seal.

than a recital of the language of the statute, particularly in light of the move towards notice pleading and away from hyper-technical pleading challenges, as exemplified in current Federal Rule of Criminal Procedure 7(c)(1)).

And if an indictment is facially valid, the opportunity for examination in the federal system is limited. Simply put, even if the defense could point to a factually inaccurate statement by a witness, Supreme Court jurisprudence militates against a dismissal based on defective facts in indictment. *See, e.g., United States v. Calandra*, 414 U.S. 338, 345 (1974) (holding that the exclusionary rule does not apply to grand jury proceedings and that "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence"); *see also Costello v. United States*, 350 U.S. 359, 363 (1956) (refusing to dismiss an indictment due to potentially "inadequate or incompetent evidence" having been presented to the grand jury); *United States v. Tham*, 665 F.2d 855, 863 (9th Cir. 1981) (reciting, in a union embezzlement case, the Circuit's general rule precluding an independent inquiry into the evidence presented to the grand jury when a duly constituted grand jury returns an indictment valid on its face). The appropriate place to litigate challenges to the evidence or the instructions is at a trial on the merits.

The original motion (Doc. 54) to which defendant Costanzo joins cites numerous cases, but almost none are relevant here. Of those few that purport to address the required production of grand jury colloquies, two of them—*United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973) and *United States v. Diaz*, 236 F.R.D. 470, 476 (N.D. Cal. 2006)—merely address the initial instructions at empanelment rather than case-specific guidance. And *United States v. Belton*, 2015 WL 1815273 (N.D. Cal. 2015) is an unpublished out-of-district outlier, involving a *pro per* defendant charged with various drug and gun charges who separately made unfounded judicial misconduct allegations

against the district judge presiding over his case.[4]  Moreover, the district judge, in determining that the defendant could access the colloquy without a showing of "particularized need," recognized that other judges had reached contrary conclusions. *Id.* at * 3. Of greater importance, the Ninth Circuit also reached a contrary conclusion decades earlier. *See United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (affirming district court's denial of access to the materials due to the absence of "particularized need"). Defendant cannot meet his significant burden here.

III.   **Conclusion**

For the foregoing reasons, the Court should deny defendant's request for the legal colloquy with the grand jury.

Respectfully submitted this 4th day of December, 2017.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Gary Restaino*
MATTHEW BINFORD
CAROLINA ESCALANTE
GARY M. RESTAINO
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to counsel of record in this case.

*s/ Lauren M. Routen*
U.S. Attorney's Office

---

[4] *See* CR14-0030-JST (N.D. Cal.) at Docs. 142-43.