ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona State Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona State Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona State Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-17-00585-PHX-GMS |
| Plaintiff, | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE FELON IN POSSESSION COUNT** |
| v. | |
| Thomas Mario Costanzo, | |
| Defendant. | |

Defendant Costanzo moves for the dismissal of Count 8 of the Superseding Indictment, charging him with being a felon in possession of ammunition arising out of a Class 6 Designated Felony for Possession or Use of Marijuana in Maricopa County Superior Court case number CR2014-161388.  (Docs. 67 and 67-1.)   Specifically, defendant contends that because Arizona's sentencing scheme limits his sentence as a first-time felony offender[1] under the specific circumstances of his offense to a maximum of one

_____

[1] Defendant is not in fact a first-time offender.  His plea agreement for the predicate offense of marijuana possession as charged in the Superseding Indictment reflects a conviction for one prior violent crime.  (*See* Redacted Case Excerpts for CR2014-161388, attached as Ex. 1 at p 10 para 5.)  This appears to reflect the adverse interaction with law enforcement in or around 1986, culminating in assault and flight, as referenced in the Pretrial Services Report.  (Docs. 2, 9; *see also* AZDOC case records for Thomas M.

1   year, the government cannot establish the element of the offense requiring that the crime

2   be punishable be a term *exceeding* one year.  Defendant's argument is foreclosed by Circuit

3   precedent: the analysis focuses on the potential sentence under the crime of conviction

4   rather than consideration of aggravating or mitigating factors.

5          Defendant's felony conviction for possession or use of marijuana carries a potential

6   sentence of two years' incarceration.  A.R.S. §§ 13-702(D) and 3405.  This conviction thus

7   makes defendant prohibited.  To the extent defendant wishes to challenge this element, he

8   may do so at a trial on the merits, by disputing that the minute entry attached in docket #

9   67-1 pertains to him.  Or he may enter into an *Old Chief* stipulation.  *See Old Chief v.*

10  *United States*, 519 U.S. 172 (1997).  But as this is not a civil case, he may not use Fed. R.

11  Crim. P. 12 to seek summary judgment prior to trial.

12         Defendant gamely argues for a heretofore unrecognized extension of the

13  jurisprudence of *Blakely v. Washington,* 542 U.S. 296, 313-14 (2004) and *Cunningham v.*

14  *California*, 549 U.S. 270, 294 (2007).  Each of those cases stand for the proposition that in

15  Washington or California at the time (and here in Arizona then and currently) the "statutory

16  maximum" sentence a judge may impose is limited to the standard or middle or

17  presumptive sentence, absent a finding by a jury or an admission by the defendant to

18  aggravating factors.  But this Sixth Amendment jurisprudence pertains to the defendant's

19  rights in a current proceeding, not to a collateral attack on the predicate proceeding in a

20  prohibited possession case.

21         The Ninth Circuit has made this clear, as defendant tacitly acknowledges by his

22  citation to *United States v. Murillo*, 422 F.3d 1152, 1155 (9th Cir. 2005) (distinguishing,

23  in a case decided between *Blakely* and *Cunningham*, between the analyses of "statutory

24  maximum" in the Sixth Amendment arena and "potential punishment" of the predicate

25  crime in a firearm possession case).  "The categorization of predicate offenses for purposes

26  _____

27

28  Costanzo, attached as Ex. 2.)

- 2 -

of section 922(g)(1) faces none of the Sixth Amendment concerns that prompted the *Apprendi* and *Blakely* decisions, and thus those cases have no bearing on the question whether the indictment against Murillo in the present case for being a felon in possession of a firearm violated his Sixth Amendment rights."  *Id.* at 1155.  And absent "clear" irreconcilability, *Murillo* remains good law unless and until an *en banc* or Supreme Court decision on point.  *E.g., Newdow v. Lefevre*, 598 F. 3d 638, 644 (9th Cir. 2010) (as to a challenge to the motto of the United States under the Religious Freedom Restoration Act).[2]

For the foregoing reasons, the Court should deny the motion to dismiss Count 8.

Respectfully submitted this 4th day of December, 2017.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

s/ Gary Restaino
MATTHEW BINFORD
CAROLINA ESCALANTE
GARY M. RESTAINO
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to counsel of record in this case.

s/ Lauren M. Routen
U.S. Attorney's Office

[2] Indeed, other cases decided in this Circuit remain in lockstep with *Murillo*.  *See, e.g. United States v. Carr*, 513 F.3d 1164, 1168 (9th Cir. 2008) (citing to *Murillo* and holding, post-*Cunningham*, that a gross misdemeanor under state law counts as a felony under section 922(g)); *United States v. Ireland*, 2016 WL 4083222 at *2 (D. Ore. 2016) (citing to *Murillo* and *Carr*, and holding that government could meet the elements of section 922(n), for obtaining a new firearm while under felony indictment, where under the drug possession indictment defendant faced no more than 30 days imprisonment); *United States v. Nash*, 2005 WL 1423586 at *1 (E.D. Wash. 2005) (holding that "[s]ection 922(g)(1) does not say "punished"; it says 'punishable'"); *cf. Mendez-Mendez v. Mukasey*, 525 F.3d 828, 833 (9th Cir. 2008) (citing to *Murillo* and holding a petty offense exception in an administrative immigration case inapplicable).

- 3 -