# __EXHIBIT 1__:

Redacted Case Excerpts for
CR2014-161388

MICHAEL K. JEANES. CLERK
BY S. *Draper*
FILED

**15 JAN -5 PM 4: 19**

WILLIAM G MONTGOMERY
MARICOPA COUNTY ATTORNEY

Jane Schneider
Deputy County Attorney
Bar ID #: 023020
301 West Jefferson, 8th Floor
Phoenix, AZ 85003
Telephone: (602) 372-7350
mcaoptd@mcao.maricopa.gov
MCAO Firm #: 00032000
Attorney for Plaintiff

DR 1428253 - Scottsdale Police Department
McDowell Mtn. Justice Court

0131535847

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

COUNTY OF MARICOPA, RCC-DOWNTOWN

| | |
|---|---|
| THE STATE OF ARIZONA,<br><br>        Plaintiff,<br><br>vs.<br><br>THOMAS MARIO COSTANZO,<br>aka THOMAS MARIO COSTANZA,<br>aka THOMAS MATIO COSTANZO,<br>aka THOMAS FIAMMA TAMBORELLO,<br><br><br>        Defendant. | CR2014-161388-001<br><br><br><br><br><br><br><br>**DIRECT COMPLAINT**<br><br>**COUNT 1:** POSSESSION OR USE OF MARIJUANA, A CLASS 6 FELONY  (Thomas Mario Costanzo)<br>**COUNT 2:** POSSESSION OF DRUG PARAPHERNALIA, A CLASS 6 FELONY (Thomas Mario Costanzo)<br>**COUNT 3:** REFUSING TO PROVIDE TRUTHFUL NAME WHEN LAWFULLY DETAINED, A CLASS 2 MISDEMEANOR (Thomas Mario Costanzo)<br><br>**IN CUSTODY** |

**DCO**

The complainant herein personally appears and, being duly sworn, complains on information and belief against THOMAS MARIO COSTANZO, charging that in Maricopa County, Arizona:

**COUNT 1**:

THOMAS MARIO COSTANZO, on or about December 31, 2014, knowingly did possess or use an amount of marijuana having a weight of less than two pounds, in violation of A.R.S. §§ 13-3401, 13-3405, 13-3418, 13-701, 13-702, and 13-801.

**COUNT 2**:

THOMAS MARIO COSTANZO, on or about December 31, 2014, unlawfully did use or possess with intent to use a plastic container, drug paraphernalia, to pack, repack, store, contain, or conceal marijuana, in violation of A.R.S. §§ 13-3401, 13-3405, 13-3415, 13-3418, 13-701, 13-702, and 13-801.

**COUNT 3**:

THOMAS MARIO COSTANZO, on or about December 31, 2014, after being advised that refusal to answer is unlawful, did fail or refuse to state his true name on request of a peace officer who lawfully detained the defendant based on reasonable suspicion that the defendant had committed, was committing or was about to commit a crime, in violation of A.R.S. §§ 13-2412, 13-707, and 13-802.


/s/ Jane Schneider
Deputy County Attorney

**IN CUSTODY**

Complainant

Agency: Scottsdale Police Department

Subscribed and sworn upon information and belief this ___ day of January, 2015.

JS:es/AO

2

**COURT INFORMATION SHEET (CIS)**

County Attorney Case No.: 0131535847

**STATE v. THOMAS MARIO COSTANZO**
Aliases: THOMAS MARIO COSTANZA,  THOMAS MATIO COSTANZO,  THOMAS FIAMMA TAMBORELLO,
**Defendant's**                  **In Custody**
**Last Known Address:**    Transient

**Defendant's Attorney:**

**DEFENDANT'S DESCRIPTION:**

Race: W    Sex: M      Hair: BLK    Eyes: BRO    Wgt: 175    Hgt: 5'09    DOB: ⬛1964
FBI#: 444533AA2    SID#: 06348459    Booking#: T142074        Soc Sec#: ⬛0996

**FILING STATUS:**

Date Filed: _____    Court #: CR2014-161388-001
Court Designation: RCC-Downtown
Justice Court Precinct: McDowell Mtn. Justice Court

Attorney: Jane Schneider    Bar ID: 023020    Location: Downtown

**CHARGES:**
**COUNT 1:** POSSESSION OR USE OF MARIJUANA, A CLASS 6 FELONY
**COUNT 2:** POSSESSION OF DRUG PARAPHERNALIA, A CLASS 6 FELONY
**COUNT 3:** REFUSING TO PROVIDE TRUTHFUL NAME WHEN LAWFULLY DETAINED, A CLASS 2 MISDEMEANOR

| Count | ARS Literal | Date of Crime | PCN |
|-------|-------------|---------------|-----|
| 1 | 13-3405A1 | 12/31/2014 | |
| 2 | 13-3415A | 12/31/2014 | |
| 3 | 13-2412A | 12/31/2014 | |

**DEPARTMENTAL REPORTS:**
DR 1428253 - Scottsdale Police Department

**EXTRADITE:** Arizona Only

**CO-DEFENDANTS:**

**DWL**

IN THE _____ MCDOWELL MOUNTAIN JP(SCOTTSDL) _____ COURT

STATE OF ARIZONA, COUNTY OF MARICOPA

PAGE 1 OF 4

\*\*\*\*DRAFT\*\*\*\*                    RELEASE QUESTIONNAIRE

---

Notice: Unless a specific Form IV is sealed or ordered redacted by the Court, all Form IVs are public records of the Court or Clerk at the time they are provided to the Court and will be released in their entirety upon request.

DEFENDANT'S NAME THOMAS MARIO COSTANZO _____ DOB 1964 ■ BOOKING NO. _____

ALIAS(ES) MORPHEUS TITANIA; THOMAS TAMBORELLO; _____ CASE NO. _____

## A. GENERAL INFORMATION

Charges
1 Cts. 13-3407A1 DANGEROUS DRUG-POSS/USE F4
1 Cts. 13-3405A1 MARIJUANA-POSSESS/USE F6
1 Cts. 13-3406A1 PRESCRIPT DRUG-POSSESS/USE M1
1 Cts. 13-3415A DRUG PARAPHERNALIA-POSSESS/USE F6
1 Cts. 13-2412A OBSTRUCTION-REFUSE TRUE NAME M2

Pursuant to A.R.S. §41-1750 ten-print fingerprints were
taken of the arrested person?   ☒ Yes   ☐ No
If yes, PCN = _____

Pursuant to A.R.S. §13-610 one or more of the above
charges requires the arresting agency to secure a DNA
sample from the arrested person?   ☐ Yes   ☒ No

If yes, does the defendant have a valid DNA sample on
file with AZDPS?   ☐ Yes   ☐ No

If no, Arresting Agency has taken required
sample?   ☐ Yes   ☐ No

Offense Location: N WINFIELD SCOTT PLAZA/E 3RD AVE
Offense Date: 2014-12-31
Arrest Location: N WINFIELD SCOTT PLAZA/E 3RD AAVE
Date: 2014-12-31 Time: 01:12

## B. PROBABLE CAUSE STATEMENT

1. Please summarize and include the facts which establish
probable cause for the arrest:
ON 12-31-14 AT APPROXIMATELY 0058 HOURS, THE SCOTT-
SDALE POLICE WERE DISPATCHED TO THE HYATT PLACE
HOTEL AT 4245 N DRINKWATER BLVD REGARDING A DISTURB-
ANCE AND SUSPICIOUS PERSON. THE DEFENDANT WAS SEEN
AT THE HOTEL WITH A FEMALE VICTIM FROM AN EARLIER
AGG ASSAULT, PROSTITUTION AND DRUG INVESTIGATION.

THE DEFENDANT WAS BELIEVED TO BE DISTURBING THE FE-
MALE VICTIM AND TOLD A HOTEL EMPLOYEE HE HAD A WAR-
RANT FOR HIS ARREST. THE DEFENDANT IMMEDIATELY FLED
THE SCENE WHEN THE POLICE WERE CALLED. WHEN I AR-
RIVED ON SCENE I WAS ADVISED THE DEFENDANT NEEDED TO
BE DETAINED TO INVESTIGATE HIS INVOLVEMENT WITH THE
FEMALE VICTIM AND THE EARLIER AGG ASSAULT.

I LOCATED THE DEFENDANT APPROXIMATELY ONE HALF MILE
AWAY FROM THE HOTEL. I ATTEMPTED TO STOP THE DEFEND-
ANT BUT HE REFUSED. I THEN ACTIVATED MY OVERHEAD
EMERGENCY LIGHTS AND THE DEFENDANT STOPPED. THE DE-
FENDANT WAS ADVISED FOUR TIMES HE WAS BEING LAWFULLY
DETAINED BUT REFUSED TO PROVIDE HIS TRUTHFUL NAME.

THE DEFENDANT WAS PLACED UNDER ARREST AND SEARCHED
PRIOR TO TRANSPORT FOR BOOKING. A GREEN LEAFY SUB-
STANCE BELIEVED TO BE MARIJUANA WAS FOUND IN THE DE-
FENDANTS FANNY PACK ALONG WITH VIAGRA (A PRESCRIP-
TION ONLY DRUG) AND AN ANTI DEPRESSANT WHICH IS A
DANGEROUS DRUG. Marijuana field tested positive
THE DEFENDANT CONTINUED TO REFUSE TO SPEAK TO POLICE
AND REFUSED TO IDENTIFY HIMSELF AT THE JAIL.

BASED ON THE DEFENDANTS CONTINUING CRIMINAL BEHAVIOR
AND NUMEROUS FAIL TO APPEAR VIOLATIONS, THE STATE
REQUESTS A HIGH BOND OR NO BOND. THE DEFENDANT IS
ALSO BEING INVESTIGATED FOR A SEPARATE KIDNAP/AGG

## C. OTHER INFORMATION (Check if applicable)

1. ☐ Defendant is presently on probation, parole or any
other form of release involving other charges or convictions:
Explain: AWAITING INITIAL APPEARANCE FOR PRIOR POM
ARREST IN 2014

2. List any prior:
Arrests? ASSAULT, POM JUNE 2014, THEFT, FLEE LAW EN-
FORCEMENT, RESIST ARREST X3, FAIL TO SHOW ID X3,
AGG DUI, DC
Convictions? FAIL TO OBEY POLICE OFFICER

F.T.A.'s? FTA FOR ASSAULT, FTA FOR RESIST, FTA FOR
FAIL TO SHOW ID, FTA FOR SUSP DL

3. Is there any indication the defendant is:

☐ An Alcoholic?          ☒ An Addict?

☐ Mentally disturbed?    ☐ Physically Ill?

4. ☐ Defendant is currently employed
With whom

How long:
5. Where does the defendant currently reside? RE-
FUSED ,

With whom UNKNOWN
How long: _____ years _____ months _____ days
6. What facts indicate the defendant will flee if released?
Explain: THE DEFENDANT HAS MULTIPLE FTA'S FOR
PREVIOUS ARRESTS. DEFENDANT HAS SHOWN A PROPENSITY
TO FLEE COURT AND POLICE.

7. What facts have the state have to oppose an unsecured
release? Explain: DEFENDANT HAS MULTIPLE PRIOR ARRESTS
SHOWING HIS CONTINUED CRIMINAL BEHAVIOR. MULTIPLE
ARRESTS IN 2014

## D. CIRCUMSTANCES OF THE OFFENSE (Check if applicable)

1. ☐ Firearm or other weapon was used
Type: N/A

☐ Someone was injured by the defendant

☐ Medical attention was necessary
Nature of injuries: N/A

2. ☐ Someone was threatened by the defendant
Nature and extent of threats: NONE

3. If property offense, value of property taken or damaged:
NONE

**DEFENDANT'S NAME** THOMAS MARIO COSTANZO                    **DOB** 1964-        **BOOKING NO.**

**★★★★DRAFT★★★★**                                           **CASE NO.**                    Page 2 of 4
ASSAULT CASE.

☐ Property was recovered
4. Name(s) of co-defendant(s):

DEFENDANT'S NAME THOMAS MARIO COSTANZO          DOB 1964          BOOKING NO. _____

****DRAFT****

**E. CRIMES OF VIOLENCE**
1.  Relationship of defendant to victim:

    ☐ Victim(s) and defendant reside together

2.  How was the situation brought to the attention of the police?
    ☐ Victim   ☐ Third Party   ☐ Officer observed

3.  ☐ There are previous incidents involving these same parties
    Explain:

4.  Is defendant currently the subject of:
    ☐ An order of protection   ☐ Any other court order

    ☐ Injunction against harassment

    Explain:

**F. DOMESTIC VIOLENCE ISSUES (Check if applicable)**
    Defendant's actions

☐ Threats of homicide/suicide/bodily harm

☐ Control/ownership/jealousy issues    ☐ Crime occurs in public

☐ Prior history of DV                  ☐ Kidnapping

☐ Frequency/intensity of DV increasing ☐ Depression

☐ Access to or use of weapons          ☐ Stalking behavior

☐ Violence against children/animals

☐ Multiple violations of court orders

**G. CIRCUMSTANCES OF THE ARREST (Check if applicable)**
1.  Did the defendant attempt to:

    ☒ Avoid arrest   ☐ Resist arrest   ☐ Self Surrender

    Explain: See Addendum (Page 4)

    N/A

    See Addendum (Page 4)

2.  ☐ Defendant was armed when arrested
    Type: NONE

---

CASE NO. _____          Page 3 of 4

3.  ☒ Evidence of the offense was found in the defendant's possession
    Explain: AFTER ARREST FOR REFUSE TO ID, THE DEFENDANT WAS IN POSSESSION OF PILLS W/OUT PRESCRIPTION AND MARIJUANA.

4.  Was the defendant under the influence of alcohol or drugs at the time of the offense?
    ☐ Yes   ☒ No   ☐ Unk

**H. DRUG OFFENSES**
1.  If the defendant is considered to be a drug dealer, please state the supporting facts: NONE

2.  What quantities and types of illegal drugs are directly involved in the offense? MARIJUANA. APPROXIMATELY 3 GRAMS

☒ Drug field test completed

☐ Defendant admission of drug type
Approximate monetary value: $NONE
3.  Was any money seized?

    ☐ Yes   ☒ No
    Amount:   $NONE

**I. ADDITIONAL INFORMATION**
1.  Military Service:
JUDICIAL OFFICER REVIEW
OF PROBABLE CAUSE   Has the defendant served in the military services of the
STATEMENT AND COMPL-  United States? ☐ Yes   ☐ No   ☒ Unknown
ON OATH OR AFFIRMATION

☐ Complaint Review   If yes, currently on active duty? ☐ Yes   ☐ No

☐ Witness sworn   Branches Served In: _____
                  (AF - Air Force AR - Army CG - Coast Guard MC - Marine Corp
                  MM - Merchant Marines NG - National Guard NV - Navy
☐ Reviewed Form IVA   RS - Reserves)

☐ Other sources   2. Is the defendant homeless?
                  ☐ Yes   ☐ No   ☒ Unknown

☐ PC determined   _____

Judicial Officer   Pursuant to AO 2003-046, the oath has been administered pursuant to the law and required procedures. ATD

---

**If a fugitive arrest, a Form IVA must also be completed**

---

I certify that the information presented is true to the best of my knowledge.

| FERNANDEZ/1299 | AZ0072500/480-312-5348 | 2014-12-31 |
|----------------|------------------------|------------|
| ARRESTING OFFICER/SERIAL NUMBER | ARREST AGENCY/DUTY PHONE NUMBER | DATE |
| 1428253/AZ0072500 | / | / |
| DEPARTMENTAL REPORT NO. | DEPARTMENTAL REPORT NO. | DEPARTMENTAL REPORT NO. |

DEFENDANT'S NAME THOMAS MARIO COSTANZO          DOB 1964-▮▮   BOOKING NO. _____

****DRAFT****                                   CASE NO. _____      Page 4 of 4

ADDENDUM

G1. Avoid Arrest Description
DEFENDANT KNEW HE HAD A WARRANT AND LEFT THE SCENE WHEN POLICE WERE CALLED. DE-
FENDANT REFUSED TO ID SELF MULTIPLE TIMES

G1. Self Surrender Description
DEFENDANT KNEW HE WAS IN POSSESSION OF MARIJUANA AND HAD A WARRANT AND WAS FOUND
APPROXIMATELY HALF MILE FROM THE SCENE.

Amended

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

THE STATE OF ARIZONA,

Plaintiff,

vs.

THOMAS MARIO COSTANZO
aka THOMAS MARIO COSTANZA,,
aka THOMAS MATIO COSTANZO,,
aka THOMAS FIAMMA TAMBORELLO,,

DOB: ▮▮▮ 1964
Booking #: T142074

Defendant.

FILED pm
8-17-15 4:02
MICHAEL K. JEANES, Clerk
By _____
T. Sandoval, Deputy

FILED
01/18/15 3:30 pm
MICHAEL K. JEANES, Clerk
By S. Morris
S.L. Morris, Deputy

SUPERIOR COURT CASE # CR2014-161388-001

WAIVER OF PRELIMINARY HEARING WITH
PLEA AGREEMENT

DECLARATION by defendant as follows.
Defendant is represented by his/her attorney: _____ W.M. Akins _____

I hereby voluntarily waive my right to a preliminary hearing understanding that I will be held to answer and an information will be filed charging me with having committed:

**Count 1: Possession Or Use Of Marijuana, a class 6 Felony, committed on December 31, 2014;**
**Count 2: Possession Of Drug Paraphernalia, a class 6 Felony, committed on December 31, 2014;**
**Count 3: Refusing To Provide Truthful Name When Lawfully Detained, a class 2 Misdemeanor, committed on December 31, 2014.**

These are non-dangerous, non-repetitive offenses under the criminal code.

☐   I understand and acknowledge that:
   A.  I have a right to a preliminary hearing.
   B.  I am represented by an attorney now.  Further, I know I have a right to an attorney for all further proceedings in this case.   If I cannot afford one, then one will be appointed to represent me at this preliminary hearing as well as in the Superior Court for all purposes including trial, free of charge.
   C.  I am giving up the right to confront and cross-examine witnesses.
   D.  I am giving up the right to present evidence in my behalf and that I am giving up the right to have the magistrate determine if there is sufficient evidence against me to establish probable cause to hold me to answer in the Superior Court on the above stated charges, as well as the right to a dismissal of charges against me if the evidence is insufficient.

The State of Arizona and the defendant hereby agree to the following disposition of this case:

Plea:  The Defendant agrees to waive the preliminary hearing and plead **GUILTY** to:

**COUNT 1: POSSESSION OR USE OF MARIJUANA, A CLASS 6 DESIGNATED FELONY, in violation of A.R.S. 13-3401, 13-3405, 13-3418, 13-901.01, 13-901.01(B), 13-901.01(D), 12-116.08, 12-116.04, 12-269, 13-701, 13-702, and 13-801; committed on December 31, 2014.**

This is a non-dangerous, non-repetitive offense under the criminal code.

Terms:  On the following understandings, terms and conditions:

☐ 1.   Count 1:
   The crime carries a presumptive sentence of 1 years; a minimum sentence of .33 years; a mitigated sentence of .33 years; a maximum sentence of 1.5 years; and an aggravated sentence of 2 years.  Probation **IS** available.

State of Arizona vs. THOMAS MARIO COSTANZO aka THOMAS MARIO COSTANZA,
State of Arizona vs. THOMAS MARIO COSTANZO aka THOMAS MATIO COSTANZO,
State of Arizona vs. THOMAS MARIO COSTANZO aka THOMAS FIAMMA TAMBORELLO,
CR2014-161388-001

Restitution of economic loss to the victim and waiver of extradition for probation revocation procedures are required. Pursuant to A.R.S. §13-805 at the time restitution is ordered, the court may enter a criminal restitution order including interest and collection fees. The maximum fine that can be imposed is $150,000.00 plus an 83% surcharge plus, if applicable, $20.00 probation fee pursuant to A.R.S. §12-269 plus a $13.00 assessment pursuant to A.R.S. §12-116.04. If the Defendant is sentenced to prison, the Defendant shall also be sentenced to serve a term of community supervision equal to one-seventh of the prison term to be served consecutively to the actual period of imprisonment. If the Defendant fails to abide by the conditions of community supervision, the Defendant can be required to serve the remaining term of community supervision in prison. Within 30 days of being sentenced, pursuant to A.R.S. §13-610, the defendant shall provide a sufficient sample of blood or other bodily substance for deoxyribonucleic acid (DNA) testing and extraction to be used for law enforcement identification purposes and/or for use in a criminal prosecution and/or for use in a proceeding under title 36, chapter 37. Special conditions regarding the sentence imposed by statute (if any) are: **Pursuant to A.R.S. § 12-116.08, the defendant shall pay a penalty assessment of $15.00. Pursuant to A.R.S. §13-901.01, this offense represents a strike under Prop. 200. If the defendant is eligible for sentencing pursuant to A.R.S. §13-901.01, pursuant to A.R.S. 13-901.01(D), the Court shall require participation in an appropriate drug treatment or education program. Pursuant to A.R.S. §13-901.01(F), if the Court determines at sentencing that the defendant has been convicted of one prior drug offense, the defendant may be sentenced to up to one year in jail as a condition of probation. Pursuant to A.R.S. §13-3405(D), the defendant shall pay a fine of $750 or three times the value of the drugs, whichever is greater, plus surcharge. Pursuant to A.R.S. §13-3405(E), the defendant shall be required to submit to drug testing. Pursuant to A.R.S. §13-3405(G), if granted probation, the defendant shall perform not less than 24 hours community restitution. Pursuant to A.R.S. §13-3418, on conviction of any offense in Arizona Revised Statute Title 13, Chapter 34, the Court may render the defendant ineligible to receive any public benefits. The Court shall determine the length of time that shall elapse before the defendant's eligibility is restored.**

☐ 2. The parties stipulate to the following additional terms, subject to court approval at the time of sentencing as set forth in paragraph 7: **The defendant shall be placed on supervised probation. The defendant shall pay a fine of at least $750 plus an 83% surcharge for a total minimum fine of $1,372.50. If granted probation, the defendant shall perform 24 hours of community restitution. Defendant agrees this offense represents a strike against prop. 200. The Defendant agrees to submit to and pay the cost of DNA testing for law enforcement identification purposes pursuant to ARS § 13-610. This plea is contingent upon the defendant's entry into, and the Court's acceptance of, a plea agreement with the State in Maricopa County Superior Court Cause No. CR2014-157290-001. The State shall be permitted to revoke and/or withdraw from this plea agreement if the defendant does not enter into, or a plea party is permitted to withdraw from, or the Court rejects, a plea agreement with the State in CR2014-157290-001.**

☐ 3. The following charges are dismissed, or if not yet filed, shall not be brought against the Defendant by the Maricopa County Attorney's Office: **Counts 2 and 3; Allegation of prior adult felony convictions; Allegation of multiple dates of offense.**

☐ 4. This agreement serves to amend the complaint, indictment, or information, to charge the offense to which the Defendant pleads, without the filing of any additional pleading. However, if the plea is rejected by the court or withdrawn by either party, or if the conviction is subsequently reversed, the original charges and any charges that are dismissed by reason of this plea agreement are automatically reinstated.

☐ 5. If the Defendant is charged with a felony, he hereby waives and gives up his rights to a preliminary hearing or other probable cause determination on the charges to which he pleads. The Defendant agrees that this agreement shall not be binding on the State should the Defendant be charged with or commit a crime between the time of this agreement and the time for sentencing in this cause; nor shall this agreement be binding on the State until the State confirms all representations made by the Defendant and his attorney, to-wit: **Defendant avows that he HAS NO MORE THAN TWO (2) prior felony convictions, NO drug or drug-related convictions,** *and one* _Violent Conviction_ **in any jurisdiction under any name. Defendant avows that he WAS NOT on felony release, probation, parole or community supervision at the time of this offense. Defendant avows that he HAS NO other pending felony matters in any jurisdiction under any name, other than CR2014-157290-001** If the Defendant fails to appear for sentencing, the court may disregard the

2

State of Arizona vs. THOMAS MARIO COSTANZO aka THOMAS MARIO COSTANZA,
State of Arizona vs. THOMAS MARIO COSTANZO aka THOMAS MATIO COSTANZO,
State of Arizona vs. THOMAS MARIO COSTANZO aka THOMAS FIAMMA TAMBORELLO,
CR2014-161388-001

stipulated sentence and impose any lawful sentence which is the same as or exceeds the stipulated sentence in the plea agreement. In the event the court rejects the plea, or either the State or the Defendant withdraws the plea, the Defendant hereby waives and gives up his right to a preliminary hearing or other probable cause determination on the original charges.

☐ 6.     Unless this plea is rejected by the court or withdrawn by either party, the Defendant hereby waives and gives up any and all motions, defenses, objections, or requests which he has made or raised, or could assert hereafter, to the court's entry of judgment against him and imposition of a sentence upon him consistent with this agreement. By entering this agreement, the Defendant further waives and gives up the right to appeal.

☐ 7.     The parties hereto fully and completely understand and agree that by entering into a plea agreement, the defendant consents to judicial fact finding by preponderance of the evidence as to any aspect or enhancement of sentence and that any sentence either stipulated to or recommended herein in paragraph two is not binding on the court. In making the sentencing determination, the court is not bound by the rules of evidence. The State's participation in this plea agreement is conditional upon the Court's acceptance its terms conditions or provisions. If after accepting this plea the court concludes that any of the plea agreement's terms conditions or provisions regarding the sentence or any other aspect of this plea agreement are inappropriate, it can reject the plea. If the court decides to reject any of the plea agreement's terms conditions or provisions, it must give both the state and the Defendant an opportunity to withdraw from the plea agreement. Should the Court reject this plea agreement, or the State withdraws from the agreement, the Defendant hereby waives all claims of double jeopardy and all original charges will automatically be reinstated. The Defendant in such case waives and gives up his right to a probable cause determination on the original charges.

☐ 8.     If the court decides to reject the plea agreement provisions regarding sentencing and neither the State nor the Defendant elects to withdraw the plea agreement, then any sentence either stipulated to or recommended herein in paragraph 2 is not binding upon the court, and the court is bound only by the sentencing limits set forth in paragraph 1 and the applicable statutes.

☐ 9.     This plea agreement in no way affects any forfeiture proceedings pursuant to A.R.S. § 13-4301 et seq., § 13-2314, or § 32-1993, if applicable, nor does the plea agreement in any way compromise or abrogate any civil actions, including actions pursuant to A.R.S. § 13-2301 et seq. or § 13-4301 et seq., or the provisions of A.R.S. § 13-2314 or A.R.S. § 13-4310.

☐ 10.    I understand that if I am not a citizen of the United States, or was not a citizen at the time of the commission of the offense to which I am pleading, that my decision to go to trial or enter into a plea agreement may have immigration consequences. Specifically, I understand that pleading guilty or no contest to a crime may affect my immigration status. Admitting guilt may result in deportation even if the charge is later dismissed. My plea or admission of guilt could result in my deportation or removal, could prevent me from ever being able to get legal status in the United States, or could prevent me from becoming a United States citizen. I understand that I am not required to disclose my legal status in the United States to the court.

☐11.    I have read and understand the provisions of pages one, two, three, and four of this agreement. I have discussed the case and my constitutional rights with my lawyer. My lawyer has explained the nature of the charge(s) and the elements of the crime(s) to which I am pleading. I understand that by pleading **GUILTY** I will be waiving and giving up my right to a determination of probable cause, to a trial by jury to determine guilt and to determine any fact used to impose a sentence within the range stated above in paragraph one, to confront, cross-examine, compel the attendance of witnesses, to present evidence in my behalf, my right to remain silent, my privilege against self-incrimination, presumption of innocence and right to appeal. I agree to enter my plea as indicated above on the terms and conditions set forth herein. I fully understand that if, as part of this plea agreement, I am granted probation by the court, the terms and conditions thereof are subject to modification at any time during the period of probation. I understand that if I violate any of the written conditions of my probation, my probation may be terminated and I can be sentenced to any term or terms stated above in paragraph one, without limitation.

3

State of Arizona vs. THOMAS MARIO COSTANZO aka THOMAS MARIO COSTANZA,
State of Arizona vs. THOMAS MARIO COSTANZO aka THOMAS MATIO COSTANZO,
State of Arizona vs. THOMAS MARIO COSTANZO aka THOMAS FIAMMA TAMBORELLO,
CR2014-161388-001

I have personally and voluntarily placed my initials beside each of the above paragraphs and signed the signature line below to indicate that I read, or had read to me, understood and approved all of the previous paragraphs in this agreement, both individually and as a total binding agreement. My plea is voluntary and not the result of force, or threat, or promises other than those contained in the plea agreement.

**DO NOT SIGN THIS FORM UNLESS YOU HAVE READ IT COMPLETELY, OR HAD IT READ TO YOU AND UNDERSTAND IT FULLY.**

Date: 2 | 18 | 15                    Defendant _____
                                                THOMAS MARIO COSTANZO aka THOMAS MARIO COSTANZA,
                                                THOMAS MARIO COSTANZO aka THOMAS MATIO COSTANZO,
                                                THOMAS MARIO COSTANZO aka THOMAS FIAMMA
                                                TAMBORELLO,

I have discussed this case with my client in detail and advised my client of his or her constitutional rights and all possible defenses. I believe that the defendant's plea is knowing, intelligent, and voluntary and that the plea and disposition are consistent with law.

Date: 2 | 18 | 15                    Defense Counsel _____

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

Date: 2 | 18 | 15                    Prosecutor _____
                                                Elizabeth Lake 030677
                                                On behalf of Alan M Cechanowicz
                                                Deputy County Attorney

4

MICHAEL K. JEANES, CLERK
BY
S. Sandoval          DEP
FILED

15 MAR 17 PM 4: 05

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## UNIFORM CONDITIONS OF SUPERVISED PROBATION

STATE OF ARIZONA

VS.

    Costanzo, Thomas Mario

COUNTY/DIVISION:   __Maricopa__  / RCCT3

CR:   __2014161388-001 DT__

§13-901.01 Offense: ☐ 1st ☐ 2nd ☐ Ineligible

PID#:  AZ06348459

OFFENSE(S): Count 1 13-3405A  MARIJUANA-POSSESS/USE    N 6 F

_The Court is suspending imposition or execution of sentence and, under the supervision of the Adult Probation Department (APD),_

☑ **PLACING** _the defendant on probation for a period of_ __2__ ☑ _year(s)_ ☐ _month(s)_ ☐ _day(s)_ ☐ _lifetime_
  ☑ _to begin_ **3/17/15** _or_
  ☐ _upon absolute discharge from prison for a separate offense or_
  ☐ _upon release from prison for felony DUI ( _____ months; _____ days credit)_
  ☐ _upon release from prison pursuant to A.R.S. § 13-603(K)_

☐ **REINSTATING** _the defendant on probation for a period of_ _____ ☐_year(s)_ ☐_month(s)_ ☐ _day(s)_ ☐_lifetime_
  ☐ _to begin_ _____ _with a revised expiration date of_ _____

_I AGREE TO THE FOLLOWING AS CONDITIONS OF THE SUSPENSION OR THE IMPOSITION OR EXECUTION OF SENTENCE (Conditions Checked Also Apply)_

**LAW ABIDING BEHAVIOR**

1. I will maintain a crime-free lifestyle, by obeying all laws, and not engaging or participating in any criminal activity.
2. I will not possess or control any stun guns, tasers, firearms, ammunition, deadly or prohibited weapons as defined in A.R.S. §13-3101.
3. I will report any contact I have with law enforcement to the APD within 72 (or __72__ ) hours.
4. I will submit to search and seizure of person and property by the APD without a search warrant.
5. If deported or processed through voluntary departure, I will not return to the United States without legal authorization during the term of my probation. If I am deported or processed through voluntary departure, all conditions remain in effect except for _____ .

**REPORTING TO APD**

6. I will report to the APD within 72 (or __72__ ) hours of sentencing, absolute discharge from prison, release from incarceration, or residential treatment and continue to report as directed. I will also keep APD advised of progress toward case plan goals and comply with any written directive of the APD to enforce compliance with the conditions of probation. I will provide sample for DNA testing if required by law.

**RESIDENCE**

7. I will provide the APD safe, unrestricted access to my residence and receive prior approval of the APD before changing my residence. I will reside in a residence approved by the APD.
8. I will request and obtain written permission of the APD prior to leaving the state ( ☐ county).
9. I may apply for Interstate Compact supervision in the state of _____ and will not proceed to that state until reporting instructions are received and the APD issues a written travel permit.
10. I may apply for an Inter-County transfer and will not proceed to that County until APD issues written authorization.

**UNIFORM CONDITIONS OF SUPERVISED PROBATION - PAGE 2 OF 3**

STATE OF ARIZONA

VS. Costanzo, Thomas Mario

COUNTY/DIVISION: ____Maricopa____ / __RCCT3__

CR / COUNT: __2014161388-001 DT Count: 1___

*TREATMENT/BEHAVIOR CHANGE/PRO-SOCIAL ACTIVITIES*

11. I will actively participate and cooperate in any program of counseling or assistance as determined by APD, or as required by law, given assessment results and/or my behavior. I will sign any release or consent required by the APD so the APD can exchange information in relation to my treatment, behavior and activities.
12. I will not possess or use illegal drugs or controlled substances and will submit to drug and alcohol testing as directed by the APD.
13. I will obtain written approval of the APD prior to associating with anyone I know who has a criminal record. I will not knowingly associate with any person engaged in criminal behaviors.
14. I will seek, obtain, and maintain employment, if legally permitted to do so, and/or attend school. I will inform the APD of any changes within 72 hours.
15. I will be financially responsible by paying all restitution, fines, and fees in my case as imposed by the Court. I understand, if I do not pay restitution in full, the Court may extend my probation.
16. ~~I will not consume or possess any substances containing alcohol.~~ ☑

*SPECIAL REQUIREMENTS*

☑ 17. I will complete a total of __24__ hours of community restitution. I will complete a set number of hours per month as directed in writing by my probation officer. I will complete these hours at a site approved by the APD.
☑ ~~18.~~ I will serve _____ ☐ days ☐ month(s), in the county jail beginning _____ with credit for _____ days served, ☐ not to be released until _____. I will report to the APD within 72 (or _____) hours of release from jail. I will comply with all program rules.
   ☐ Be screened for or ☐ shall participate in Work Furlough, if eligible or ☐ Work Release, if eligible
☐ 19. I will not have any contact with the victim(s) in any form, unless approved in writing by the APD.
☐ 20. I will comply with the following sanctions based on my behavior:
   ☐ Up to _____ community restitution hours (in addition to any ordered under condition #17), as directed by the APD.
   ☐ Up to _____ days in the county jail (in addition to any ordered under condition #18), at the discretion of the Court, upon recommendation from the APD.
☐ 21. I will abide by the attached special conditions of probation:
   ☐ Intensive Probation    ☐ Sex Offender    ☐ Gang
   ☐ Domestic Violence      ☐ Drug Court      ☐ _____
   ☐ Mental Health          ☐ DUI Court/Program
☐ 22. _____
_____
_____
_____
_____

## UNIFORM CONDITIONS OF SUPERVISED PROBATION - PAGE 3 OF 3

STATE OF ARIZONA

VS.  Costanzo, Thomas Mario

COUNTY/DIVISION: _____ Maricopa _____ / RCCT3

CR / COUNT: 2014161388-001 DT Count: 1

Based upon the defendant's agreement to abide by the Conditions of Supervision set forth, above, as well as my review and approval of such conditions, I hereby impose and order that these conditions are in effect, and the defendant shall comply with said conditions.

Judge of the Superior Court          Date       3/17/15          Commissioner James Rummage

*RECEIPT AND ACKNOWLEDGMENT:          I acknowledge receipt of the conditions of probation and any attachments added. I understand that by not abiding by the conditions of probation my probation could be revoked and the Court may sentence me in accordance with the law. In addition, I waive extradition for any probation revocation proceedings in this matter.*

Defendant          Date

|  |  | Mesa | AZ | 85207 | (602) 434-1725 |
|---|---|---|---|---|---|
| Defendant's Address | Apt. | City | State | Zip | Phone |

DISTRIBUTION: Original - Court, Copies - APD, Defendant          **Revision 2010**

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
JUDGMENT AND ORDERS OF RESTITUTION, FINES AND FEES

State of Arizona

VS.

Costanzo, Thomas Mario

COUNTY/DIVISION: _____ Maricopa _____ / RCCT3

CASE / CR / COUNT: 2014161388-001 DT Count: I

PID#:  AZ06348459

Pursuant to Uniform Condition 15: I will pay all restitution, fines, and fees in my case as imposed by the Court.*

| Financial Sanctions | Total Amount | Payment | Begin Date |
|---|---|---|---|
| ☐ a. Total Restitution Ordered** | | | |
| ☐ b. Monthly Probation Service Fee (PSF) (A.R.S. 13-901) | | | |
| ☐ c. Delinquent Probation Service Fees | | | |
| ☑ d. Drug Fine:  $750.00  + Surcharge  83%  (  $622.50 ) = Total | $1,372.50 | | 8/5/15 |
| ☐ e. Non-drug Fine: _____ + Surcharge _____ (_____) = Total | | | |
| ☐ f. Reimbursement (A.R.S. 11-584 C 3) | | | |
| ☐ g. DUI Abatement Fund (A.R.S. 28-1382 D 3) | | | |
| ☐ h. DUI Fine _____ + Surcharge _____ (_____) = Total | | | |
| ☐ i. DUI Incarceration Cost (A.R.S. 28-1444) | | | |
| ☐ j. Prison Construction & Operations Fund (A.R.S. 28-1382 D6) | | | |
| ☐ k. Public Safety Equipment Fund (A.R.S. 28-1382 D7) | | | |
| ☐ l. Monthly GPS Monitoring Fee (A.R.S. 13-902 G) | | | |
| ☐ m. Delinquent GPS Monitoring Fees | | | |
| ☐ n. Sex Offender Registration Violation Assessment (A.R.S. 13-3824 B) | | | |
| ☐ o. Sex Offender Registration Fee (A.R.S 13-3821 Q) | | | |
| ☐ p. DUI Fine Warrant Assessment (ARS 28-1525) | | | |
| ☐ q. Other: _____ | | | |
| TOTAL PAYMENT MONTHLY = | | | |

Other Assessments (paid in conjunction with monthly payment)

| | Total Amount | Payment | Begin Date |
|---|---|---|---|
| ☑ r. Probation Assessment (A.R.S. 12-269) | $20.00 | | |
| ☑ s. Time Payment Fee (A.R.S. 12-116) | $20.00 | | |
| ☐ t. Victim Rights Enforcement (A.R.S. 12-116.09) | | | |
| ☐ u. Warrant Charge (Maricopa County A. O. 2004-199) | | | |
| ☐ v. Interstate Compact Application Fee*** | | | |
| ☐ w. Inter-county Transfer Fee (A.O. 2009-116) | | | |
| ☑ x. Penalty Assessment (A.R.S 12-116.04)   Agency:   Scottsdale PD | $13.00 | | |
| ☐ y. Family Offense Assessment (A.R.S 12-116.06) | | | |
| ☐ z. Address Confidentiality Program (A.R.S 12-116.05) | | | |
| ☐ aa. DCAC or Sexual Assault Assessment (A.R.S 12-116.07) | | | |
| ☑ bb. Technical Registration Fund (A.R.S. 12-116.08) | $15.00 | | |

*Pursuant to A.R.S. 13-805, failure to maintain contact with the Probation Department may result in the issuance of a criminal restitution order in favor of both the State for the unpaid balance, if any, of any fines, costs, fees, or surcharges or assessments imposed; and, in favor of each person entitled to restitution for the unpaid balance of any restitution ordered.

** Probation will automatically be extended pursuant to A.R.S. 13-902 C.

*** Interstate Compact Process and Application Fee: Only one fee per defendant with entire fee due at time of application.

RECEIPT AND ACKNOWLEDGMENT: I hereby acknowledge receipt of the Judgment and Orders of Restitution, Fines and Fees and understand my financial obligation to the Court and other related parties.

_____            _____            _____            3/17/15
DEFENDANT                                      DATE                              JUDGE OF THE SUPERIOR COURT            DATE
1100-044 (R12-14)                               White: Court File   Yellow: APD File   Pink: Defendant     Commissioner James Rummage

## SUPERIOR COURT OF THE STATE OF ARIZONA
## MARICOPA COUNTY

MICHAEL R. JEANES, CLERK
DEP

FILED

2017 MAR -8  PM 2: 21

Division **CRJ18**
Pros Atty **DCA**
APO **Dulcelinda Ramirez, PSC**

**THE STATE OF ARIZONA**
Vs
**THOMAS MARIO COSTANZO**

DOB: ████1964

Case Number: **CR2014-161388-001-DT**

**ORDER OF DISCHARGE FROM PROBATION**

The defendant was formally judged guilty of the crime of **COUNT 1: POSSESSION OR USE OF MARIJUANA, A CLASS 6 DESIGNATED FELONY**

Probation Start    Date: 03/17/2015        Prob. Length: 2 year(s)                Standard

**EXPIRATION SUMMARY:**
The defendant is nearing completion of the probation grant in the aforementioned case.  While on probation, the defendant successfully completed an eight hour drug education class and an eight hour cognitive skills class.   In addition, the defendant successfully completed a substance abuse treatment program through Sage Counseling and completed twenty-four hours of community restitution.  Furthermore, the defendant reported as directed, maintained employment or schooling, maintained a stable residence and paid Court monies in full.

Victim Status:  There is no victim involved in this case.

Dated this 21 day of Feburay, 2017    
DR:lp/02/17/2017                                Probation Officer Dulcelinda Ramirez   Phone (602)619-5639

IT IS ORDERED pursuant to Rule 27.5(A) that the defendant is hereby discharged from probation in this case effective 03/17/2017.

☐ THE COURT NOTES the defendant failed to comply with conditions _____

☐ IT IS ORDERED the undesignated offense: ☐ REMAIN UNDESIGNATED*; ☐ Be Designated a MISDEMEANOR
   *Notice: The defendant may request misdemeanor designation for an undesignated offense; see A.R.S. 13-604.  All requests must be submitted to the Court in writing and provide detailed reasons to support the request.

Dated this 1st day of March, 2017    
                                        Judge of the Superior Court
                                        Comm. James Rummage

**ORDER OF DISCHARGE FROM PROBATION**

cc:  Court (Original)           APD File                    Defendant                    Pros Atty.

APD Macros                                                                                Rev. 07/19/2011