JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARIA WEIDNER, #027912
Asst. Federal Public Defender
maria_weidner@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-17-0585-01-PHX-GMS |
|---|---|
| Plaintiff, | |
| vs. | **MOTION FOR RETURN OF PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g)** |
| Thomas Mario Costanzo, | |
| Defendant. | |

Thomas Mario Costanzo, by and through undersigned counsel, respectfully submits this Motion for Return of Property pursuant to Fed. R. Crim. P. 41(g). He specifically requests this Court order the return of property seized from him by the government that is no longer implicated in the instant criminal case as a result of the government's motion to dismiss Counts 1 and 2 of the First Superseding Indictment, Dkt. # 73 and this Court's order granting said motion, Dkt. # 74.

The government's initial seizure of all of Mr. Costanzo's assets in April of 2017—in particular his Bitcoin, precious metals, and cash—was based on a legal theory that *all* of his bitcoin-trading activities were illegal and thus subject to forfeiture because he was allegedly operating / conspiring to operate an unlicensed money transmitting business in violation of 18 U.S.C. § 1960. This left him completely indigent—he was unable to post a bond or retain private counsel for his defense.

Dismissal of Counts 1 and 2 stripped the government of this rationale. This, together with the dramatic increase in the value of Bitcoin in recent months, has caused a

significant change in circumstances. Now only those allegations that relate to the five charged Bitcoin trades may serve as a basis for forfeiture should Mr. Costanzo be convicted of any or all of those charges in the present indictment. Thus, the government may retain for potential forfeiture only an assets the value of which is equal to the funds the government provided Mr. Costanzo in furtherance of its money laundering sting against him as alleged in Counts 3-7 of the present indictment: approximately $159,700. The government has no basis to confiscate more.

The value of the assets, specifically the Bitcoin, that the government confiscated far exceeds the amount justified based on Counts 3-7. This is a direct result of the recent boom in Bitcoin value. Today (December 15, 2017), a single Bitcoin is valued at $17,664.99 in the United States. The value of the 49.99363132 Bitcoin seized from Mr. Costanzo by the government is thus now worth approximately $883,137. This far exceeds the amount that would be due the government, approximately $160,000, even if it should prevail on *all* money laundering counts at trial. A copy of the Seized Asset Claim Form submitted by Mr. Costanzo in July of 2017 is attached here as Exhibit A. The current total value of assets seized for forfeiture by the government is $885,183.75. This does not account for fluctuations in the value of precious metals.

## CONCLUSION

The government has stated no legal basis upon which to justify withholding funds in excess of approximately $160,000. The remaining valuable assets forfeited by the government must thus be returned to Mr. Costanzo, a reasonable bond set by this Court, and a determination of his eligibility to continue being represented by appointed counsel must be made.

Respectfully submitted:  December 15, 2017.

JON M. SANDS
Federal Public Defender

*s/Maria T. Weidner*
MARIA T. WEIDNER
Asst. Federal Public Defender

Copy of the foregoing transmitted by ECF for filing December 15, 2017, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

MATTHEW BINFORD
FERNANDA CAROLINA ESCALANTE KONTI
GARY RESTAINO
Assistant U.S. Attorneys

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

   *s/yc*