JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

MARIA T. WEIDNER, #027912
Asst. Federal Public Defender
Attorney for Defendant
maria_weidner@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Thomas Mario Costanzo,<br><br>　　　　Defendant. | No. CR-17-00585-01-PHX-GMS<br><br>**REPLY TO DKT. # 81,<br>GOVERNMENT'S RESPONSE TO<br>DEFENDANT'S MOTION FOR<br>GRAND JURY MATERIAL<br>(DKT. #54 & #71)** |

　　　　Thomas Mario Costanzo hereby submits his Reply to the Government's Response to his Motion for Grand Jury Material (Dkt. # 81). While the defense appreciates the provision of testimony as to the facts provided to the Grand Jury, the transcripts provided <u>do not address</u> the specific issue raised and requested in Mr. Costanzo's Notice of Joinder (Dkt. #71): that is, each of the charged money laundering counts alleges defendant acted "with the intent to avoid a transaction reporting requirement under federal law" but fails to specify which such transaction reporting requirement was presented by the government and ultimately found by the Grand Jury.

/ / /

/ / /

/ / /

/ / /

Counts 3-7 currently fail to describe with particularity the specific facts presented to the grand jury by the federal government in obtaining its certification of those charges against Mr. Costanzo. Of particular concern here is counsel's duty to insure that Mr. Costanzo is not prosecuted for allegations beyond what was presented to the grand jury, given that the indictment is silent as to what federal transaction reporting requirement Mr. Costanzo allegedly sought to avoid.

The Fifth Amendment provides that "no person shall be held to answer for a capital, or other infamous crime, unless on presentment or indictment of a grand jury. . . ." This right acts as a check on prosecutorial power. *United States v. Cotton*, 535 U.S. 625, 634 (2002). The grand jury provides "an independent check on the ability of the government to bring criminal charges against individuals." *In re U.S.*, 441 F.3d 44, 57 (1st Cir. 2006). The grand jury is a defendant's "main protection against the bringing of unfounded criminal charges." *United States v. Suarez*, 263 F.3d 468, 481 (6th Cir. 2001).

These constitutional mandates are implemented through Fed. R. Crim. P. 7(c), which requires that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Although the language of Rule 7(c) differs from the constitutional provisions, its adoption was not intended, in any way, to diminish the safeguards an indictment affords a defendant. *See Russell v. United States*, 369 U.S. 749, 765-66 (1962). "It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, it must descend to particulars." *Id.* at 765 (quoting *United States v. Cruikshank*, 92 U.S. 542, 558 (1875)).

Mr. Costanzo therefore moves for production of the portion of the Grand Jury transcript relevant to the requested information. To wit, the federal transaction reporting requirement(s) for which the Grand Jury found probable cause to certify the filing of counts against Mr. Costanzo alleging violation of 18 U.S.C. §1956(a)(3)(C).

It is expected that excludable delay under Title 18 U.S.C. Section 3161(h) (1) (D) may occur as a result of this motion or from an order based thereon.

Respectfully submitted: December 15, 2017.
JON M. SANDS
Federal Public Defender

*s/Maria T. Weidner*
MARIA T. WEIDNER
Asst. Federal Public Defender

Copy of the foregoing transmitted by ECF for filing December 15, 2017, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
Phoenix, Arizona 85003

MATTHEW BINFORD
CAROLINA ESCALANTE-KONTI
GARY RESTAINO
Assistant U.S. Attorneys

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

  *s/yc*