JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

MARIA TERESA WEIDNER; #027912
Asst. Federal Public Defender
Attorney for Defendant
maria_weidner@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-17-0585-01-PHX-GMS |
|---|---|
| Plaintiff, | **REPLY TO DKT. # 84, GOVERNMENT'S REPONSE TO DEFENDANT'S MOTION TO DISMISS THE FELON IN POSSESSION OF AMMUNITION COUNT** |
| vs. | |
| Thomas Mario Costanzo, et al., | |
| Defendant | |

Defendant Thomas Mario Costanzo submits this Reply to the Government's Response to his Motion to Dismiss the Felon in Possession of Ammunition Count (Dkt. #84). Count 8 should be dismissed for the reasons set forth herein.

1. **Mr. Costanzo does not ask—as the government suggests—for summary judgment under the civil rules, but rather dismissal pursuant to Federal Rule of Criminal Procedure 12 for failure to state an offense.**

The determination of whether or not the alleged prior conviction in Count 8 of the first superseding indictment is indeed a qualifying felony for purposes of § 922(g)(1) is not a question of fact for the jury, but a question of law, to be determined by the District Court Judge. *See* Dkt. # 67 at II.

/ / /

/ / /

/ / /

**2. The government either ignored or failed to recognize the distinction drawn between the maximum sentence available pursuant to <u>statutory sentencing schemes</u> as opposed to failed arguments to find the maximum sentence based on <u>guidelines sentencing schemes</u> rather than the applicable statute.**

There is an important difference between sentencing schemes that are wholly statutory and those that involve the application of advisory guidelines to find an appropriate sentence within the parameters set by statute. *Murillo* held that "the maximum sentence that makes a prior conviction under state law a predicate offense under 18 U.S.C. § 922(g)(1) remains, after *Blakely*, the potential maximum sentence defined by the applicable state criminal statute, not the maximum sentence which could have been imposed against the particular defendant for his commission of that crime according to the state's sentencing guidelines." 422 F.3d 1152, 1155 (9th Cir. 2017). *Murillo* is distinguishable from the case at bar because Arizona's sentencing scheme is statutory, without advisory guidelines. That is, the position that *Murrillo* is good law does not defeat the argument raised by Mr. Costanzo.

In the federal system, the statutory maximum is set forth by statute, but advisory guidelines assist in determining the appropriate sentence, always within the parameters defined by statute. There are states, such as Washington, which implement a very similar approach. In considering a prior conviction out of Washington State, The *Murrillo* court concluded that the statutory maximum was not the recommended sentence imposed by the judge pursuant to Washington State's sentencing guidelines, but rather the maximum punishment provided for by law in the State of Washington. *Id.*

Arizona, California, and North Carolina are all examples of states that have opted to enact statutory sentencing schemes. *See* Dkt. # 67 at Part V (discussing the statutory sentencing schemes of Arizona and California); *see also United States v. Kerr*, 737 F.3d 33, 35-36 (4th Cir. 2013) (discussing North Carolina's statutory sentencing scheme). *Kerr* is analogous to the case at bar. A Fourth Circuit panel was faced with a sentencing statute—North Carolina's—which is very similar to Arizona's sentencing scheme. *Id.* Specifically, the North Carolina sentencing statute provides for

mitigated, presumptive and aggravated sentencing ranges. 737 F.3d at 35-36. In the absence of additional findings by the judge or admissions of the defendant, the default maximum statutory sentence is the presumptive. *Id.* Relying on the language of the state statute, the court in *Kerr* likewise concluded that the statutory maximum sentence was the presumptive range given its status as default by statute and not the aggravated or mitigated ranges. *Id.* This same analysis is applicable—and should be applied—in this court's consideration of the effect of Arizona's sentencing statute as regards a Class 6 felony. Dkt. #67 at V (A). The government's position, urging that the aggravated sentence of two years is the statutory maximum, ignores the fact that Arizona law specifically provides that the presumptive range is the default absent a finding by the judge or admission of the defendant. *See* A.R.S. § 13-702(A); Dkt. #67 at (V)(A).

## CONCLUSION

Count 8 fails to state an offense because it does not allege a conviction that qualifies as a prior felony. Count 8 must therefore be dismissed.

Excludable delay under 18 U.S.C. § 3161(h)(1)(D) may result from this motion or from an order based thereon.

Respectfully submitted: December 15, 2017.

JON M. SANDS
Federal Public Defender

 *s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
Asst. Federal Public Defender

| | |
|---|---|
| 1 | Copy of the foregoing transmitted by ECF for filing December 15, 2017, to: |
| 2 | CLERK'S OFFICE |
| 3 | United States District Court<br>Sandra Day O'Connor Courthouse |
| 4 | 401 W. Washington |
| 5 | Phoenix, Arizona 85003 |
| 6 | CAROLINA ESCALANTE KONTI |
| 7 | MATTHEW H. BINFORD<br>GARY RESTAINO |
| 8 | Assistant U.S. Attorneys |
| 9 | United States Attorney's Office<br>Two Renaissance Square |
| 10 | 40 N. Central Avenue, Suite 1200 |
| 11 | Phoenix, Arizona 85004-4408 |
| 12 | Copy mailed to: |
| 13 | THOMAS MARIO COSTANZO<br>Defendant |
| 14 | |
| 15 | _s/yc_ |