JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

MARIA WEIDNER, #027912
Asst. Federal Public Defender
maria_weidner@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-17-0585-01-PHX-GMS |
|---|---|
| Plaintiff, | |
| vs. | **REPLY TO DKT. #85, THE GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS EVIDENCE OBTAINED FROM THE APRIL 20, 2017 SEARCH OF MR. COSTANZO'S RESIDENCE [DKT. # 65]** |
| Thomas Mario Costanzo, | |
| Defendant. | |
| | **(Evidentiary Hearing Requested)** |

Thomas Mario Costanzo, by and through undersigned counsel, respectfully submits this Reply to the Government's Response to his Motion to Suppress. The argument presented in the government's response is unconvincing. The relief requested by the defense remains appropriate because 1) the affidavit filed in support of the warrant was misleading and did mislead the magistrate in his finding of probable cause to search for evidence of 21 U.S.C. § 846 violations, and 2) the search warrant was thus impermissibly overbroad.

Respectfully submitted:  December 15, 2017.

JON M. SANDS
Federal Public Defender

*s/Maria Weidner*
MARIA WEIDNER
Asst. Federal Public Defender

## REPLY

**INTRODUCTION**

The defense agrees that there was no *facially* false statement in the Affidavit and Application for the search warrant issued—and now challenged—in the instant case. However, the cumulative effect of copious non-relevant information suggestive of other offenses (i.e., a Title 21 offenses) that were neither initially part of government's investigation nor were discovered in the course of the same, was misleading and did mislead the magistrate. This is evidenced by the fact that the magistrate signed off on a finding of probable cause to search for evidence of an offense for which no evidence beyond misleading innuendo was presented in the Affidavit: 21 U.S.C. § 846. This conclusion receives further support when the non-relevant and misleading information suggestive of drug offenses is considered together with the Affidavit's repeated references to out-of-context and thus also-misleading statements made by both Mr. Costanzo and Dr. Steinmetz. The result: an overbroad, general search warrant, in violation of the Fourth Amendment.

**The government selected the underlying SUA in this case, drug sales, without any particularized suspicion or probable cause to believe that Mr. Costanzo was involved in *any* SUA.**

When the government decided to target Mr. Costanzo under the sting provisions of 18 U.S.C. § 1956, it selected from among the host of "specified unlawful activities" (SUAs) enumerated in § 1956(c)(7). The government opted for drug sales, which are incorporated into the SUA definition per § 1956(c)(7)(A) and § 1961(1)(A). Government disclosures reflect that this decision was made before anything at all was known about Mr. Costanzo, save his enthusiasm for trading Bitcoin.

**The government's 2-year investigation uncovered no evidence of drug trafficking conspiracies other than the government's own sting operation.**

Mr. Costanzo, in recorded meetings with UCAs which the government has disclosed, repeatedly expressed his desire *not* be privy to the affairs of his clients. He never expressed an interest to get "in" on the pretend drug deals alluded to by UCAs, nor did he express, insinuate, or suggest that he was himself similarly involved in narcotics or that he was in "business" with others so involved. In a word, even if the investigation

2

uncovered evidence in support of finding a reasonable probability that Mr. Costanzo was involved in violations of 18 U.S.C. § 1956(a)(3) as a result of the government's sting, <u>no evidence</u> was developed sufficient to find even a scintilla of a "fair probability" that he was involved in violations of any SUA, including 21 U.S.C. § 846.

**<u>The government argues that its fiction alone, without more, is sufficient to support a finding of probable cause to search for evidence of a crime for which there is zero evidence Mr. Costanzo was involved: drug conspiracy.</u>**

The government—attempting to salvage its flawed search warrant—insists there was a "fair probability" that evidence of a drug trafficking conspiracy would be uncovered in the search of Mr. Costanzo's home. *See* Dkt. 85 at n. 3 and 14. This despite the fact that the only mention of drug sales in government disclosures is the government's own fiction, its "sting." Zero substantive evidence suggesting an actual drug conspiracy involving Mr. Costanzo over the course of the 25-month investigation was uncovered by the government. The government nonetheless urges that the inclusion of 21 .U.S.C. § 846 is appropriate in the search warrant simply because the government happened to select drugs sales as its SUA (and not murder, kidnapping, gambling, arson, robbery, bribery, extortion, or obscene matter: the other SUAs available pursuant to 118 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(A)). *Id.* at n.3. Moreover, it is well-settled law that "[t]here is neither a true agreement nor a meeting of minds when an individual 'conspires' to violate the law with only one other person and that person is a government agent." *United States v. Escobar de Bright*, 742 F.2d 1196, 1199 (9th Cir. 1984). Thus, there was no drug conspiracy, and no probable cause to search for evidence of one, either.

**CONCLUSION**

One need not lie to succeed at deception. The copious non-relevant and misleading information regarding narcotics trafficking, the Darknet, The Onion Router, and statements taken out of context and referenced in the Affidavit and Application for Search Warrant were misleading and did mislead the magistrate. A non-deceptive warrant application would have resulted in magistrate approval for a search far narrower in scope than that the government obtained. The ammunition tucked away in the hallway closet would not have been discovered.

Respectfully submitted:     December 15, 2017.

JON M. SANDS
Federal Public Defender

*s/Maria T. Weidner*
MARIA T. WEIDNER
Asst. Federal Public Defender

Copy of the foregoing transmitted by ECF for filing December 15, 2017, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

MATTHEW BINFORD
FERNANDA CAROLINA ESCALANTE KONTI
GARY RESTAINO
Assistant U.S. Attorneys

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant
   *s/yc*