ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
MATTHEW BINFORD
Arizona State Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona State Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona State Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>     v.<br><br>Thomas Mario Costanzo,<br><br>             Defendant. | CR-17-00585-PHX-GMS<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR THE RETURN OF PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g) (CR 95)** |

Defendant Costanzo seeks the return of property seized from him at or shortly after his arrest, and he focuses specifically on his interest in the 80.94512167 bitcoins[1] which he exchanged with undercover agents for purported drug money.  Because these bitcoins are part of the forfeiture allegation in the criminal indictment, the equitable remedy of Rule 41(g) is unavailable to defendant.

Defendant more specifically contends that because the government dismissed the money transmittal counts, the government has no basis to forfeit all of the seized bitcoins under the remaining money laundering counts.  But that is simply incorrect.  Defendant

---

[1] Defendant claimed 49.99363132 bitcoins, while his business partner (Dr. Steinmetz, formerly a co-defendant) claimed the remaining interest.

1  transmitted the bitcoins to the undercover agent on April 20, 2017, in exchange for
2  $107,000 of currency represented to be drug proceeds.  *See* Superseding Indictment
3  (CR 18), at Count 7 and Forfeiture Allegation; *see also* Bill of Particulars (CR 46, at 9).  It
4  is black letter law in this Circuit that the existence of civil or criminal forfeiture proceedings
5  precludes the return of property under Rule 41(g), or its predecessor, Rule 41(e).  *E.g.*,
6  *United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996) (as to forfeiture generally); *United*
7  *States v. $83,310.78 in U.S. Currency*, 851 F.2d 1231, 1235 (9th Cir. 1988) (as to civil
8  forfeiture); *United States v. Cobb*, 2015 WL 518548 at * 5 (D. Nev. 2015) (as to forfeiture
9  alleged in an indictment); *United States v. Wetselaar*, 2013 WL 8206582 at * 18 (D. Nev.
10 2013) (same).  *See also United States v. Tahir*, 2016 WL 641342 at *6 (E.D. Mich. Feb.
11 18, 2016) (because the government filed a Bill of Particulars specifically identifying a
12 Rolex watch as part of the criminal forfeiture, defendant cannot obtain relief under Rule
13 41(g)).

      Defendant's argument is also premised on a faulty conclusion, that forfeiture of the "clean" asset exchanged for the dirty money is somehow limited to the value at the time of the transaction.  The United States' interest in the bitcoins exchanged for dirty cash vested immediately at the time of the offense.  Put another way, any commodity, currency or other type of property acquired in laundering the dirty money, including the subsequent appreciation in value, belongs to the United States.  Case law in other jurisdictions clearly supports the government's position.  *E.g.*, *United States v. Nektalov*, 461 F.3d 309, 319 (2nd Cir. 2006) (as to diamonds exchanged for dirty money); *United States v. Betancourt*, 422 F.3d 240, 251 (5th Cir. 2005) (as to a winning lottery ticket purchased with drug proceeds).  The government has not found any Ninth Circuit cases directly on point, but a tracing case supports its position.  In particular, the Ninth Circuit has held that where a defendant engages in a subsequent transaction partially with laundered funds and partially with untainted funds, the defendant's interest in the increased value is limited to the percentage of "clean" funds in the overall purchase price.  *See United States v. Real*

*Property Located at 22 Santa Barbara Dr.*, 264 F.3d 860, 872-73 (9th Cir. 2001) (assuming that 28% of the purchase price was made with untainted funds, and therefore holding that the government was entitled to at least 72% of the gain in value).  This is of course not a tracing case, and no authority supports apportionment here.  Moreover, forfeiture of the entirety of the thing of value being exchanged tracks the statutory language in 18 U.S.C. § 982 (requiring the forfeiture to the United States of any property, real or personal, "involved in" a money laundering offense) which is in turn tracked by the language of the Superseding Indictment.  The Court should deny relief under Fed. R. Crim. P. 41(g).

The government nonetheless recognizes that the value of the seized bitcoins has fluctuated significantly and risen generally since the seizure.  Although the government would oppose any return of property to defendant at this stage of the case, the government is willing to discuss with defendant (and the other third party claimant with a stake in the bitcoins at issue) the possibility of moving the Court for an order authorizing an interlocutory sale, pursuant to Fed. R. Crim. P. 32.2(b)(7) and consistent with the norms and practices of the United States Marshals Service as the custodian of the asset,[2] in order to preserve the status quo.

Respectfully submitted this 29th day of December, 2017.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Gary Restaino*
MATTHEW BINFORD
CAROLINA ESCALANTE
GARY M. RESTAINO
Assistant U.S. Attorneys

---

[2] Generally speaking, the standard practice on disposition of bitcoins, whether post-forfeiture or on an interlocutory basis, is through the use of an auction on a periodic basis. The Marshals Service does not use commercial exchanges when selling seized bitcoins.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

*s/ Lauren M. Routen*
Legal Assistant
U.S. Attorney's Office