CR-17-00585-PHX-GMS(DKD), April 27, 2017

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

```
United States of America,        )
                                 )
                 Plaintiff,      )  CR-17-00585-PHX-GMS(DKD)
                                 )
          vs.                    )  Phoenix, Arizona
                                 )  April 27, 2017
Thomas Mario Costanzo,           )  10:34 a.m.
                                 )
                 Defendant.      )
_____)
```

**BEFORE:   THE HONORABLE MICHELLE H. BURNS, MAGISTRATE JUDGE**

**TRANSCRIPT OF PROCEEDINGS**

**DETENTION HEARING/ARRAIGNMENT**

A P P E A R A N C E S

For the Government:
**MATTHEW A. BINFORD, ESQ.**
**CAROLINA ESCALANTE, ESQ.**
U.S. Attorney's Office (Phoenix)
40 N. Central, Ste. 1800
Phoenix, AZ 85004-4408
602.514.7500/(fax) 602.514.7650

For the Defendant:
**MARIA WEIDNER, ESQ.**
Federal Public Defender (Phoenix)
805 W. Adams St., Ste. 201
Phoenix, AZ  85007
602.382.2700/(fax)602.382.2800

Transcriptionist:
**Elaine Cropper**
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, SPC 35
Phoenix, Arizona  85003-2150
602.322.7245/(fax) 602.322.7253
Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

United States District Court

**P R O C E E D I N G S**

1
2        (Court was called to order by the courtroom deputy.)
3        (Defendant present and in custody.)
4        (Proceeding begin at 10:34 a.m.)
5        THE COURT: Good morning. You may be seated.          01:09:44
6        COURTROOM DEPUTY: On the record in CR17-585, *USA v.*
7   *Thomas Mario Costanzo*, before the Court for a detention hearing
8   and arraignment.
9        MR. BINFORD: Good morning, Your Honor. Matthew
10  Binford and Carolina Escalante on behalf of the United States.   01:10:04
11       THE COURT: Good morning.
12       MS. WEIDNER: Good morning, Your Honor. Maria
13  Weidner for Mr. Costanzo. He is present and in custody.
14       Your Honor, would you like to us approach the lectern
15  to proceed with the arraignment first or . . .                   01:10:20
16       THE COURT: We'll do that in just a moment. Before
17  we get started, good morning, Ms. Weidner.
18       Good morning, Mr. Costanzo.
19       THE DEFENDANT: Hello.
20       THE COURT: It has been brought to my attention that   01:10:32
21  at the last hearing that some members in the audience attempted
22  to take photographs. That's not permitted. It wouldn't be
23  allowed in this courtroom and if anyone is observed doing that,
24  and I don't know if anyone is -- here is among the perpetrators
25  but I will just warn those that are present that the deputy      01:10:49

| | | |
|---|---|---|
| 1 | marshals here will confiscate that device and that includes | 01:10:54 |
| 2 | recording of anything that is said here as well.  It's not | |
| 3 | permitted. | |
| 4 | So with that, Ms. Weidner, why don't we go ahead and | |
| 5 | proceed with the arraignment?  And you can remain seated since | 01:11:09 |
| 6 | we're going to go into the hearing after that.  So this is the | |
| 7 | time set for Mr. Acosta's arraignment. | |
| 8 | Ms. Weidner, have you received a copy of the | |
| 9 | indictment? | |
| 10 | MS. WEIDNER:  Yes, Your Honor, I did and I reviewed | 01:11:22 |
| 11 | it with Mr. Costanzo before this hearing.  His name is spelled | |
| 12 | correctly in the caption and he waives a formal reading and | |
| 13 | asking the Court to enter a plea of not guilty to the single | |
| 14 | charge of possession of ammunition by a convicted felon and a | |
| 15 | denial of the forfeiture allegation. | 01:11:42 |
| 16 | THE COURT:  And I believe I've heard you pronounce | |
| 17 | his name Constanza.  It looks like it's spelled Costanzo.  I | |
| 18 | would like to say it correctly.  How is it pronounced? | |
| 19 | MS. WEIDNER:  Constanzo?  If I said Constanza, it was | |
| 20 | an accident.  It's Costanzo. | 01:11:59 |
| 21 | THE COURT:  Okay.  Thank you for that clarification. | |
| 22 | So Mr. Costanzo, we will enter a plea of not guilty | |
| 23 | on your behalf as well as a denial of the forfeiture | |
| 24 | allegation.  Your trial is set for Tuesday, June 6, 2017.  That | |
| 25 | will be at 9 a.m. before Judge Humetewa. | 01:12:12 |

United States District Court

| | | |
|---|---|---|
| 1 | If you are released, you are ordered to appear there | 01:12:16 |
| 2 | in courtroom 605 of this building or a warrant will issue for | |
| 3 | your arrest.  It's also ordered that a 21-day deadline be set | |
| 4 | for the filing of pretrial motions. | |
| 5 | Now, as to the issue of detention, the Court has | 01:12:30 |
| 6 | reviewed the Pretrial Services report as well as the addendum. | |
| 7 | Are the parties ready to proceed? | |
| 8 | MR. BINFORD:  Yes, Your Honor. | |
| 9 | MS. WEIDNER:  Yes, Your Honor. | |
| 10 | THE COURT:  All right.  For the Government? | 01:12:42 |
| 11 | MR. BINFORD:  Thank you, Your Honor.  We agree with | |
| 12 | the recommendation of Pretrial Services.  We believe that | |
| 13 | there's no condition or combination of conditions that will | |
| 14 | reasonably assure the appearance of Mr. Costanzo at trial.  We | |
| 15 | also believe that he's a danger to the community.  He has a | 01:12:54 |
| 16 | lengthy criminal history that goes back 35 years and he has | |
| 17 | convictions as recent as 2015. | |
| 18 | His prior arrests and convictions include disorderly | |
| 19 | conduct, auto theft, felony fleeing, another disorderly | |
| 20 | conduct, resisting an officer, resisting arrest, failure to | 01:13:10 |
| 21 | appear, failure to appear for disorderly conduct, fleeing an | |
| 22 | officer, fleeing police, driving on a suspended license, | |
| 23 | speeding, aggravated assault of police, felony flight, failure | |
| 24 | to stop, suspended license, speeding, resisting arrest, | |
| 25 | contempt of Court, battery, possession or use of marijuana, | 01:13:29 |

1    possession or use of drug paraphernalia, failure to obey a                01:13:33
2    police officer, failure to show a driver's license or
3    identification, carrying a concealed weapon without a permit,
4    possessing a weapon by a prohibited person -- which is
5    essentially the same offense here -- theft, driving while                 01:13:54
6    license was suspended, possession of a false or canceled
7    driver's license, failure to show a driver's license, failure
8    to appear in the second degree, driving on a license suspended,
9    disorderly conduct, resisting arrest, aggravated DUI,
10   possession or use of marijuana, possession or use of drug                 01:14:11
11   paraphernalia, another resisting arrest, driving with a
12   suspended license, failing to show license or identification,
13   obstructing a criminal investigation or prosecution,
14   obstruction, failure to stop or obey police, failure to obey a
15   police officer, excessive speeding, possession or use of                  01:14:28
16   marijuana, possession or use of drug paraphernalia, failure to
17   appear, failure to show license or identification, driving
18   while license suspended, possession or use of marijuana,
19   possession or use prescription drugs, possession or use of a
20   dangerous drug, possession or use of drug paraphernalia, and              01:14:53
21   obstruction refusing true name.
22           That history over 35 years shows an attempt to hide
23   his identity, the use of an alias, the failure to provide
24   identification to law enforcement or governmental authorities
25   on multiple occasions.                                                    01:15:10

1    He has failures to appear when ordered to do so.  The          01:15:12
2    first one was in 1983.  The most recent one was in 2014.  He
3    has flight from law enforcement and violence against law
4    enforcement.  I believe that his 35-year history with the law
5    enforcement system shows that he is a danger to the community  01:15:25
6    based on his violent encountered with law enforcement and
7    others, his possession of weapons when he is not supposed to
8    have them.  And I believe that his history of failing to appear
9    and failing to follow court orders shows that he is a risk of
10   nonappearance and will not show up at trial.                   01:15:41
11       So the Government's position is that there is no
12   condition or combination of conditions that would assure his
13   appearance or protect the community.
14       THE COURT:  Thank you, Mr. Binford.
15       Ms. Weidner?                                               01:15:54
16       MS. WEIDNER:  Your Honor, the Government basically
17   read the Pretrial Services report and recounted every charge
18   that Mr. Costanzo has ever been faced with.  However, for
19   example, with the weapons charge that they raise, which was in
20   2006, no complaint was filed.  With the ag DUI, that was       01:16:11
21   dismissed.  The --
22       THE COURT:  And just to make it clear, Ms. Weidner,
23   the Court will not consider any allegations that are set forth
24   there in the Pretrial Services report that have not resulted in
25   a conviction.                                                  01:16:30

United States District Court

1    MS. WEIDNER:  And Your Honor, I would just submit to
2 the Court that many of the offenses stated by the Government
3 were, in fact, dismissed or no complaint was filed or a
4 resolution was not even recorded.
5    Mr. Costanzo's recent history, with his most recent
6 arrest being three years ago in 2014, had to do with marijuana
7 possession and use and -- actually in both occasions.  In those
8 situations, Your Honor, had he had a medical marijuana card,
9 this probably would have not been a state offense at all and in
10 that regard, I think that --
11    THE COURT:  Are you saying he had a medical marijuana
12 card?
13    MS. WEIDNER:  No.  If he had had.  And as a result,
14 I'm saying that the seriousness of that offense, then, is
15 different than if it had been possession of a more serious drug
16 that is illegal under any circumstances like cocaine or
17 methamphetamine or heroin.
18    Also, Your Honor, Mr. Costanzo has ties to Arizona
19 that go back more than 30 years.  He first moved here in 1978.
20 His mother lives here in Arizona, his community is here in
21 Arizona, and he has lived here in the Valley for at least the
22 last decade.  He's self-employed.  If that is that
23 insufficient, he is happy to seek employment that is otherwise
24 verifiable.  And the danger that is alleged by the Government
25 must relate to the federal case.  And possession by a felon of

United States District Court

```
 1  ammunition is not a crime of violence and it is not, in and of     01:18:20
 2  itself, a dangerous offense.  There is not a witness to this
 3  offense who the Government has stated they are concerned that
 4  Mr. Costanzo would harm or otherwise provided how precisely he
 5  is a danger to the community.  And I don't think that the          01:18:37
 6  Government has met the standard of clear and convincing
 7  evidence to show danger.
 8          As to flight, again, Mr. Acosta's significant ties to
 9  the Valley, not just the fact that his mother is here but he
10  has an adult child here with whom he has weekly contact.  All      01:18:53
11  of those things weigh in his favor.  And I think it's also
12  relevant given his recent cases, that just in an abundance of
13  caution, I asked for him to be prescreened for Crossroads.
14          When Crossroads spoke to him, they said this is not a
15  man who is in need of treatment for alcohol or drug abuse.  And    01:19:19
16  so that factor, which is sometimes a concern in determining
17  whether or not someone is a flight risk, I think is greatly
18  minimized by the --
19          THE COURT:  I found that fairly curious given his
20  several convictions here for drug -- well, marijuana but drug      01:19:36
21  convictions.
22          MS. WEIDNER:  He provided a negative test and that
23  was -- you know, I'm not a substance abuse professional but
24  that was the conclusion of the professionals who did his
25  prescreening and we rely on them to determine what individuals     01:19:50
```

United States District Court

are either amenable to treatment or in need of treatment and -- well, actually both. And they determined that he was not in need of treatment.

So based on all of that, Your Honor, I think that there are conditions that this court could craft and I spoke with Mr. Costanzo about this before this hearing. He is happy to abide by whatever conditions the Court would impose. He is happy not to obtain new travel documents, turn over travel documents, or, like I said, obtain employment outside of his current self-employment.

Based on all of this, Your Honor, I think that the Government hasn't met its burden to show that he is a flight risk and a danger to the community.

With respect to the failures to appear, in his past, some of them are indeed quite remote from the 20th century instead of the 21st century and he had a failure to appear that was cited by the Government where no complaint was filed and one that was dismissed.

So, again, given the -- given all of this, Your Honor, I think that there are conditions this Court could craft that Mr. Costanzo would abide by and that his release is proper under the Bail Reform Act.

THE COURT: Thank you, Ms. Weidner.

Mr. Binford, what evidence do you have of danger here really?

1    MR. BINFORD: Well, there's a prior conviction for
2    battery. There are the -- I know the Court said that it's not
3    going to consider anything that did not result in a conviction.
4    I would like to make sure that -- I would like to point out to
5    the Court to *Santos-Flores* where the Ninth Circuit specifically
6    said that a prior charge of failure to appear not resulting in
7    an actual conviction supports detention and also in
8    *Santos-Flores* the Court said that a number of prior arrests
9    beyond failure to appear was past conduct that was proper to
10   consider.
11         So I think there is Ninth Circuit law supporting
12   detention based on the number of prior arrests, failure to
13   appear charges that did not result in a conviction, and also
14   the use or possession of fraudulent identity documents, some of
15   which he did receive convictions for. There was the battery
16   conviction which was in 2004.
17         THE COURT: You said a fraudulent identification
18   conviction. I don't recall seeing that.
19         MR. BINFORD: It's on page five of the original
20   Pretrial Services report. It's from April 30 of 2008. It was
21   Count 2. It says possess, canceled or false driver's license.
22   And disposition is guilty.
23         MS. WEIDNER: Your Honor?
24         THE COURT: I'm not --
25         MR. BINFORD: It's the second entry or the third

1    entry on page five of document two, the original Pretrial                01:23:01
2    Services report.
3            THE COURT: Oh, I'm sorry.  I'm looking at the
4    addendum.  Give me one moment.
5            All right.  Thank you.                                             01:23:21
6            MS. WEIDNER: Your Honor, I would point out that it
7    says possess, canceled or false driver's license.  And I
8    believe that there is a very strong possibility, if not almost
9    a certainty on my part, that this was a canceled driver's
10   license that we're talking about, not a false one.                        01:23:33
11           THE COURT: How do you know that?
12           MS. WEIDNER: Because I asked my client.
13           THE COURT: All right.
14           MR. BINFORD: And if we're looking at the actual
15   convictions and not considering any arrests, there is a                   01:23:46
16   conviction for aggravated assault of police, battery, failure
17   to obey a police officer, the failure to show driver's license,
18   which is what the possession of false or canceled driver's
19   license.  The resisting arrest from 2014 resulted in a
20   conviction.                                                                01:24:04
21           The marijuana possession or use, two of those
22   separately in 2014.  Failure to show driver's license again in
23   2014.  So there are convictions that this Court can look to
24   show that there is a substantial risk that he does not show up
25   at trial.                                                                  01:24:19

Case 2:17-cr-00585-GMS   Document 119   Filed 01/30/18   Page 12 of 16

CR-17-00585-PHX-GMS(DKD), April 27, 2017                    12

1     In addition, it appears that he was not honest with
2  Pretrial Services during the interview process. He says that
3  he is not a citizen of the United States. However, his
4  immigration, his ICE status shows that he is a citizen of the
5  United States. In addition to that, he reported his monthly
6  expenses as $845 yet he reports his monthly income as $400. So
7  there are inconsistencies with his statements to Pretrial
8  Services which is representing the Court and investigating this
9  information.
10    So we would ask the Court to find that there is no
11 condition or combination of conditions that would reasonably
12 assure his appearance at trial and to find that he is a danger
13 based on his prior violent criminal convictions along with the
14 fact that he is charged with being a convicted felon in
15 possession of ammunition which is a dangerous offense.
16    THE COURT: All right. Thank you.
17    Ms. Weidner, you've already had an opportunity to
18 speak on your client's behalf but you did -- it did appear that
19 there was something else that you wanted to say. I'll
20 certainly give you that opportunity.
21    MS. WEIDNER: Yes, Your Honor. I do not believe the
22 fact -- if it bears out that Mr. Costanzo did not have a
23 driver's license and was stopped and cited for not possessing a
24 driver's license and not -- and, therefore, not presenting one
25 is an indication that he is a flight risk. I also would submit

1  again to Your Honor that --  01:25:53

2          THE COURT:  Well, let me just say that this matter
3  has been set for detention hearing I think for a few days and
4  certainly if there was any disagreement with respect to what
5  was reported there, there should have been opportunity to  01:26:07
6  obtain whatever documents would be necessary to clarify what is
7  in this report.

8          But go ahead.

9          MS. WEIDNER:  Yes, Your Honor.  I understand.  And I
10  guess what I'm taking issue with is the Government's reliance  01:26:18
11  on dismissed charges, unfiled charges, and charges for which no
12  resolution is provided.  And I think that's very prejudicial to
13  Mr. Costanzo in this hearing.  And it also flies in the face of
14  everything that we believe as far as the idea that someone,
15  just because they are charged with something, is not  01:26:51
16  automatically guilty of that thing.

17          And I think his -- the Government's repeated laundry
18  list of infractions regardless of whether they resulted in
19  conviction, has -- to some degree, I have concern possibly
20  tainted this hearing.  And based on all of that, Your Honor, I  01:27:18
21  would again ask for the Court to look only at what we know
22  about this case, what we know about Mr. Costanzo's ties, what
23  we know about this offense that he is charged with and to
24  release him back into the community on whatever conditions this
25  Court finds appropriate.  01:27:38

1    THE COURT: Mr. Binford?

2    MR. BINFORD: I just want to respond to the
3    allegation that I did anything to taint this hearing.
4    Everything I've told this Court today is from the Pretrial
5    Services report that was prepared by the Pretrial Services
6    officer that was provided to the Court, to defense counsel. I
7    said nothing outside of that record, and I take offense to any
8    statement that I have tainted these proceedings.

9    THE COURT: Well, and I understand what you're
10   saying, Mr. Binford. I didn't think that that was what
11   Ms. Weidner was suggesting. And to the extent that there's
12   something that has been tainted by this criminal history report
13   that indicates a lot of arrests that don't result in
14   convictions, that happens all the time. That information is
15   always provided to the Court. I don't find that it taints the
16   Court's ruling in these matters in any way.

17   As I stated, I won't in my ruling consider any
18   arrests that did not result in convictions. I do find the
19   Government has established, by a preponderance of the evidence,
20   that Mr. Costanzo, you do pose a flight risk. There's enough
21   here for the Court I think quite easily to make that finding.

22   The second part of the analysis, though, is to
23   determine whether or not there are any conditions or
24   combination of conditions that would assure your appearance.

25   And even discounting all of the -- it's quite a

| | | |
|---|---|---|
| 1 | multitude of arrests here that didn't result in a conviction. | 01:29:00 |
| 2 | Even discounting all of that, the convictions themselves I | |
| 3 | think reflect a pattern over a long period of time of | |
| 4 | Mr. Costanzo not complying or not following the rules, not | |
| 5 | complying with the law.  And so I don't find that there are any | 01:29:18 |
| 6 | conditions or combination of conditions under those | |
| 7 | circumstances that would assure his appearance. | |
| 8 |      And if the Government is correct that *Santos-Flores* | |
| 9 | does permit consideration of arrests that don't result in | |
| 10 | convictions, for instance, the several arrests for failure to | 01:29:36 |
| 11 | appear and other offenses, certainly the multitude of those | |
| 12 | would support the Court's ruling.  But the ruling that the | |
| 13 | Court has made with respect to detention is based solely upon | |
| 14 | quite a number of convictions and the nature of those | |
| 15 | convictions that the Court has taken into consideration that | 01:29:59 |
| 16 | are noted in the Pretrial Services report, and for other | |
| 17 | reasons identified in the Pretrial Services report the Court | |
| 18 | will order the defendant detained pending trial. | |
| 19 |      Anything else, counsel? | |
| 20 |      MR. BINFORD:  No, Your Honor, thank you. | 01:30:23 |
| 21 |      THE COURT:  All right.  Thank you. | |
| 22 |      (Proceedings concluded at 10:55 a.m.) | |
| 23 | | |
| 24 | | |
| 25 | | |

CR-17-00585-PHX-GMS(DKD), April 27, 2017

```
 1
 2
 3
 4                    C E R T I F I C A T E
 5
 6        I, ELAINE M. CROPPER, court-approved transcriber,
 7  certify that the foregoing is a correct transcript, to the
 8  best of my skill and ability, from the official electronic
 9  sound recording of the proceedings in the above-entitled
10  matter.
11
12        DATED at Phoenix, Arizona, this 23rd day of January,
13  2018.
14
15
16
17                                  s/Elaine M. Cropper
18                               _____
19                                  Elaine M. Cropper
20
21
22
23
24
25
```

United States District Court