ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona State Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona State Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona State Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Thomas Mario Costanzo,<br><br>　　　　Defendant. | CR-17-00585-PHX-GMS<br><br>**UNITED STATES' NOTICE RE INTENT TO INTRODUCE EVIDENCE OF OTHER ACTS** |

The government gives notice of its intention to introduce evidence at trial of defendant's other acts, pursuant to Fed. R. Evid. 404(b).  Specifically, the government anticipates that it may seek to introduce evidence of other conduct by the defendant related to the laundering of drug money with bitcoins.

**I.　　Evidence Sought to be Presented**

The Superseding Indictment charges defendant with five counts of laundering putative drug money through bitcoin sales as part of a sting operation.  Costanzo engaged with real drug dealers as well, including NS.  The government anticipates that NS will testify at trial about his interactions with Costanzo and the manner and means by which he exchanged dirty cash for bitcoins.  The United States intends to offer this evidence to show defendant's motive, intent, opportunity, preparation, plan, knowledge, absence of mistake,

or lack of accident in the commission of the charged money laundering transactions.  See Fed. R. Evid. 404(b)(2).

## II.    Admissibility of 404(b) Evidence.

Rule 404(b) of the Federal Rules of Evidence provides for the admission of "other crimes, wrongs, or acts" for reasons other than to show criminal disposition. *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000) (*citing United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982)).  Although the rule precludes the admission of evidence of other acts of the defendant if the evidence is offered solely to prove the defendant's character, such evidence is admissible for purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  The Ninth Circuit liberally construes 404(b) as "a rule of inclusion," and has stated on appeal that evidence is deemed admissible under 404(b) if it is admissible on any ground other than to show propensity. *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996) (quoting *United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995)); *accord United States v. Bradshaw*, 690 F.2d 704, 708 (9th Cir. 1982).

The trial court has "wide discretion in deciding whether to admit the evidence, and the test for admissibility is one of relevance." *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997) (citing *Huddleston v. United States*, 485 U.S. 681, 687-88 (1988)); *see also United States v. Batts*, 573 F.2d 599, 603 (9th Cir. 1978). (according "[g]reat deference" to the trial court's admission of 404(b) evidence as rebuttal).  Other acts evidence is probative of something other than criminal character and therefore admissible when it:

(1) tends to prove a material point in issue in the present case;

(2) is not too remote in time;

(3) is proven with sufficient evidence; and

(4) if admitted to prove intent, is similar to the offense charged.

*United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002) (*citing United States v.*

*Murillo*, 255 F.3d 1169, 1175 (9th Cir. 2001) (overruled on other grounds as recognized in *United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir. 2007))). If the evidence meets this relevance test under Rule 404(b), it should be admitted unless its prejudicial impact substantially outweighs its probative value. *Johnson*, 132 F.3d at 1282 (*citing United States v. Boise*, 916 F.2d 497, 502-03 (9th Cir. 1990)).

Rule 404(b) requires pre-trial notice. The government originally produced material related to the drug purchases from NS with pre-hearing disclosures on December 29, 2017, and obliquely referenced the transactions at the January 4, 2018 motions hearing. (RT 01/04/18 37). The government discussed it further in a discovery letter of January 18, 2018 that identified NS' criminal case number in federal court (and will produce a *Giglio* packet as to NS in advance of trial). Accordingly, the United States has provided and reiterates notice of its intent to present evidence of defendant's other acts at trial.

Respectfully submitted this 23rd day of February, 2017.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Gary Restaino*
MATTHEW BINFORD
CAROLINA ESCALANTE
GARY M. RESTAINO
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and generation of a Notice of Electronic Filing to all counsel of record.