ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona State Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona State Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona State Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-17-00585-PHX-GMS |
|---|---|
| Plaintiff, | **UNITED STATES' NOTICE OF PRIOR IMPEACHABLE CONVICTION PURSUANT TO FED. R. CRIM. P. 609(b)** |
| v. | |
| Thomas Mario Costanzo, | |
| Defendant. | |

Pursuant to Fed. R. Crim. P. 609(b), the United States provides notice of its intent to use defendant's 1985 felony convictions as impeachment in the event he testifies or others introduces character evidence.

A.    Costanzo Has Multiple Criminal Convictions.

Defendant has multiple felony convictions under Arizona state law. As this Court has already decided under the circumstances present in this case, the 2015 class 6 felony conviction for possession of marijuana, presumptively punishable by no more than one year in prison, does not count as a federal felony for felon-in-possession purposes (CR 109); and the same analysis under the specific law of this case should certainly apply to the Rule 609 analysis. Defendant also has 1985 felony convictions for assaulting a police officer and fleeing from law enforcement, for which he received a sentence on the latter

charge of two years imprisonment.  (*See* Bureau of Prisons Records, filed as CR 84-2.)[1] The restoration of civil rights for those charges precludes their use as predicates to support a felon-in-possession charge; but they remain viable, albeit old, impeachable felonies.

> B.   The Impeachment Value Of The Older Felonies In This Case Substantially Outweighs The Minimal Prejudice Against Defendant.

For a felony in which more than ten years has passed to fairly impeach a witness at trial, "its probative value, supported by specific facts and circumstances, [must] substantially outweigh[] its prejudicial effect." Fed. R. Crim. P. 609(b).  Moreover, the conviction must not have been the subject of "a certificate of rehabilitation or other equivalent."  Based on the specific facts and circumstances here, the Court may exercise its discretion to permit the use of the old felony against defendant should he testify at trial.

Defendant's felony convictions are certainly old, but their nature, and the rest of his criminal history, militate in favor of their use as impeachment.  This case is about defendant's concealment of transactions from law enforcement, and evidence of his distrust of law enforcement (and the "know your customer" regulations of the banking industry) are part of the proof involved.  (*See Response to Motion for Bill of Particulars*, CR 117.) That makes a conviction for fleeing from law enforcement (or assaulting an officer) relevant as an example of an inability or unwillingness to follow directives.  It also provides a marked contrast to the way defendant acted when he perceived he was speaking to fellow bitcoin aficionados, and therefore it bolsters the veracity of the statements made by defendant to the officers acting in an undercover capacity unbeknownst to him.  And the prejudice to defendant really is minimal in this case.  Defendant did not hide the fact that he has a prior felony conviction, and in fact he publicized it in the context of his entrepreneurial philosophy as background to his bitcoin business. (*See* CR 73-5 ["Here's

---

[1] Defendant also admitted to the felony conviction for assault and the time in prison in his post-arrest interview, which the government has noticed for impeachment purposes only.  (*See* CR 122.)  And the convictions are reflected in the initial PTSR in this matter.

where I thought the x-con makes it big."].)  Nor is the criminal conduct aberrational: although not countable as a predicate offense under 18 U.S.C. § 922(g)(1), the 2015 marijuana conviction is equivalent to a federal class A misdemeanor, which renders the earlier convictions not isolated but rather integrated into a larger and continuing criminal history.

If defendant elects to testify, the jury must be permitted to accurately judge his credibility, and his prior assault and flight offenses are probative of his truthfulness.  *E.g.*, *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985) (holding, in a bankruptcy concealment case, that a 17-year-old conviction for receiving stolen property was properly admitted because credibility was a key issue and the prior conviction suggested a "lack of veracity"); *see also United States v. Kirby*, 692 Fed. Appx. 334, 337 (9th Cir. 2017) (as to a prior fraud conviction).  Moreover, the witness' subsequent criminal history weighs in favor of allowing the prior conviction for impeachment.  *E.g.*, *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000) (upholding use of prior conviction in a Rule 609(a) analysis, but sanitizing the nature of the conviction).

Nor is there any suggestion that the State of Arizona deems defendant "rehabilitated" as that term is defined in the Rule 609 case law.  Restoration of civil rights and the restoration of the right to possess a firearm are not suggestive of rehabilitation. "The Rule requires 'a *finding* of the rehabilitation of the *person convicted*.'  Thus, courts have consistently upheld introduction of prior convictions under Rule 609 where the convictions were later expunged, even where the statute authorizing expungement was motivated by rehabilitation."  *United States v. Wood*, 943 F.2d 1048, 1055 (9th Cir. 1991).

C.     The Prior Convictions May Also Be Used To Impeach Defendant if He Presents Character Witnesses or Successfully Introduces His Own Statements Through Another Witness.

To the extent the Court permits impeachment against defendant directly, the government may also impeach derivatively.  If defendant presents character witnesses at

trial, the United States may seek to use the prior convictions – along with other instances of dishonest conduct disclosed in the discovery -- to cross examine those witnesses. *See United States v. Amaechi*, 991 F.2d 374, 379 (7th Cir. 1993) (allowing cross-examination of instances of dishonesty – without the introduction of extrinsic evidence -- where "defendant put his own credibility in issue by taking the stand, offering a series of character witnesses, and mounting a defense that he was framed"); Fed. R. Evid. 405(a) ("On cross-examination  of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct"); Fed. R. Evid. 608(b) (allowing same). Similarly, if defendant is permitted to introduce his own out-of-court statements through other witnesses, the United States may seek to impeach defendant with the prior convictions under Rule 806. *See United States v. Greenidge*, 495 F.3d 85, 97 (3rd Cir. 2007) (holding that defendant's prior conviction was admissible for impeachment under Rules 609 and 806 after defense counsel introduced out-of-court statements by defendant through another witness);     Fed. R. Evid. 806 ("the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness").

   D. <u>Conclusion.</u>

   For the foregoing reasons, the government notices the 1985 felony convictions as potential impeachment material should defendant testify or derivatively place his character at issue.

   Respectfully submitted this 23rd day of February, 2017.

<div style="margin-left:40%;">

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Gary Restaino*
MATTHEW BINFORD
CAROLINA ESCALANTE
GARY M. RESTAINO
Assistant U.S. Attorneys

</div>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and generation of a Notice of Electronic Filing to all counsel of record.