ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona State Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona State Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona State Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Thomas Mario Costanzo,<br><br>Defendant. | CR-17-00585-PHX-GMS<br><br>**JOINT PROPOSED VOIR DIRE QUESTIONS** |

The parties jointly submit the following proposed voir dire questions:

1. What civic, social, fraternal, or professional clubs or organizations do you belong to?

2. What magazines, newspapers and periodicals do you subscribe to?

3. If you follow electronic media, what blogs do you read and what podcasts do you listen to?

4. Have you read or heard anything about this case other than what I have told you today?

    a. If so, where did you read or hear information about the case?

    b. Would that affect your ability to be a fair and impartial juror in this case?

5. Some of the witnesses in this case will be employees of the Drug Enforcement

Agency (DEA), the Scottsdale Police Department, the Department of Homeland Security (DHS or HSI) and the Internal Revenue Service (IRS).  Have you had any contact or experience with the FBI, the Scottsdale Police Department, DHS, HSI, IRS, or any other law enforcement agency that would affect your ability to be a fair and impartial juror in this case?

6. Do you have any strong feelings about the criminal justice system in this country, including feelings about judges, lawyers, police officers or other law enforcement agents, that would prevent you from giving either the United States or the defendant a fair hearing in this matter?

7. Have you, a family member, or a close friend had any negative experiences with the United States government (for example, an IRS audit) that would affect your ability to be a fair and impartial juror in this case?

8. Have you ever invested in precious metals, such as gold or silver?

9. Do you own, or you have ever owned or purchased, a virtual currency such as bitcoin, or do you know anyone else who has owned or purchased it?

10. Do you have any experience with blockchain technology?

11. Do you use, or have you ever used, encrypted messaging applications or software, or do you know anyone else who has used it?

12.  Do you have any experience, training or education in financial services or regulations?  If so, please explain.

13. Have you ever worked at a bank?  If so, in what capacity?

14. Have you, a family member or a close friend ever had any negative experiences with a bank (such as a home foreclosure) that would affect your ability to fairly consider evidence about banking rules and regulations?

15. In my brief summary of this case, I told you that this is a "sting" case, in which the defendant was communicating with undercover law enforcement agents.  Do you have any strong feelings about the use of "stings" or other undercover activities that

1 would prevent you from giving either the United States or the defendant a fair hearing in
2 this matter?

3     16.    Do you have any religious, moral or philosophical beliefs that would make it
4 difficult for you to render a judgment in this case as to the guilt or innocence of the
5 defendant?

6     17.    Do you have any religious, moral or philosophical beliefs that would make it
7 difficult for you to render a judgment in this case as to the guilt or innocence of the
8 defendant?

9     18.    You are likely to hear that the defendant used a nickname or pseudonym—
10 Morpheus Titania—in addition to his legal name. Will this information affect your ability
11 to give the defendant a fair hearing in this matter?

12     19.    You may have to listen to recorded statements in the course of this case that
13 include the use of profanity in conversation by the defendant. Will this information affect
14 your ability to give the defendant a fair hearing in this matter?

15     20.    You may hear evidence that the defendant is generally distrustful of
16 government entities and institutions. Will this information affect your ability to give the
17 defendant or the government a fair hearing in this matter?

18     21.    I will instruct the members of the jury as to the laws to be applied in this
19 case. Would any member of the jury panel be unable to follow strictly the Court's
20 instructions as to the law, regardless of what you think the law is or ought to be?

21     22.    If the United States meets its burden of proof under the law, would you have
22 difficulty finding a person guilty because of your own personal beliefs or attitudes about a
23 case of this nature, because of your sympathy for a defendant's circumstances, or because
24 it might otherwise be an unpleasant task?

25     23.    Do you have any other beliefs, experiences, feelings or other reasons that you
26 feel would prevent you from fairly deliberating in this case?

27     24.    Is there any other reason you might not want to be a juror in this case?

28

The government submits the following additional question for consideration:

25. Have you ever accessed the "dark net?"[1]

Respectfully submitted this 1st day of March, 2018.

>ELIZABETH A. STRANGE
>First Assistant United States Attorney
>District of Arizona
>
>s/ Gary Restaino
>MATTHEW BINFORD
>CAROLINA ESCALANTE
>GARY RESTAINO
>Assistant U.S. Attorneys
>
>s/ Maria Weidner with permission
>MARIA WEIDNER
>ZACHARY CAIN
>Assistant Federal Public Defenders
>Attorneys for defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

_s/Cristina Abramo_
U.S. Attorney's Office

---

[1] The parties anticipate that evidence of the "dark net" may be further fleshed out in motion in limine practice in advance of the pretrial conference. Defendant preserves a Rule 403 objection to discussion of the dark net given its association with illicit activities, and has other arguments against its introduction at trial or in voir dire.