ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona State Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona State Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona State Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Thomas Mario Costanzo,<br><br>Defendant. | CR-17-00585-PHX-GMS<br><br>**JOINT PROPOSED JURY INSTRUCTONS** |

The parties jointly submit the following proposed jury instructions for this case:

## I. MODEL INSTRUCTIONS

### A. Preliminary Instructions

ST  1.1  Duty of Jury

ST  1.3  What is Evidence

ST  1.4  What is Not Evidence

ST  1.5  Direct and Circumstantial Evidence

ST  1.6  Ruling on Objections

ST  1.7  Credibility of Witnesses

ST  1.8  Conduct of the Jury

ST  1.9  No Transcript Available to Jury

| | | | |
|---|---|---|---|
| | ST | 1.10 | Taking Notes |
| | ST | 1.11 | Outline of Trial |
| | **B.** | **Instructions in the Course of Trial** | |
| | ST | 2.1 | Cautionary Instruction – First Recess |
| | ST | 2.2 | Bench Conferences and Recesses |
| | ST | 2.7 | Transcript of Recording in English |
| | ST | 2.10 | Other Crimes, Wrongs or Acts of Defendant (as applicable) |
| | **C.** | **Instructions at End of Case** | |
| | ST | 3.1 | Duties of Jury to Find Facts and Follow Law |
| | ST | 3.2 | Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof |
| | ST | 3.3 | Defendant's Decision Not to Testify OR |
| | ST | 3.4 | Defendant Decision to Testify |
| | ST | 3.5 | Reasonable Doubt – Defined |
| | ST | 3.6 | What Is Evidence |
| | ST | 3.7 | What Is Not Evidence |
| | ST | 3.8 | Direct and Circumstantial Evidence |
| | ST | 3.9 | Credibility of Witnesses |
| | ST | 3.10 | Activities Not Charged (as applicable) |
| | ST | 3.11 | Separate Consideration of Multiple Counts – Single Defendant |
| | ST | 3.20 | On Or About Defined |
| | **D.** | **Consideration of Particular Evidence** | |
| | ST | 4.3 | Other Crimes, Wrongs or Acts of Defendant (as applicable) |
| | ST | 4.6 | Impeachment, Prior Conviction of Defendant (as applicable) |
| | ST | 4.10 | Government's Use of Undercover Agents and Informants |
| | ST | 4.11 | Eyewitness Identification |
| | ST | 4.14 | Opinion Evidence, Expert Witness |

|   |     |      |                                          |
|---|-----|------|------------------------------------------|
| 1 | ST  | 4.14A | Dual Role Testimony                     |
| 2 | ST  | 4.15 | Summaries Not Received in Evidence OR    |
| 3 | ST  | 4.16 | Charts and Summaries in Evidence         |

**E.   Responsibility**

| 5 | PL | 5.7 | **Deliberative Ignorance**[1] |
|---|----|-----|-------------------------------|

**F.   Specific Defenses**

**G.   Jury Deliberations**

|    |    |     |                                |
|----|----|-----|--------------------------------|
| 8  | ST | 7.1 | Duty to Deliberate             |
| 9  | ST | 7.2 | Consideration of Evidence      |
| 10 | ST | 7.3 | Use of Notes                   |
| 11 | ST | 7.4 | Jury Consideration of Punishment |
| 12 | ST | 7.5 | Verdict Form                   |
| 13 | ST | 7.6 | Communication With Court       |

## II.   STIPULATED NON-MODEL INSTRUCTIONS

**A. Testimony of Witness Involving Special Circumstances (modified 4.9)**

You have heard testimony from Nolan Jack Sperling, a witness who pleaded guilty to a separate crime and who received a cooperation benefit from the government.

Mr. Sperling's guilty plea is not evidence against the Mr. Costanzo, and you may consider it only in determining Mr. Sperling's believability as a witness in this trial.

For this reason, in evaluating the testimony of Nolan Jack Sperling, you should consider the extent to which or whether his testimony may have been influenced by the benefit he received—or hopes to receive—from the government in exchange for testifying

---

[1] Defendant adds a fourth element to the money laundering sting instructions, i.e., a belief under the reasonable person standard that the funds were proceeds of drug trafficking.  The Ninth Circuit is silent as to the additional element.  To the extent the Court adds the fourth element, and to the extent otherwise supported by the facts, the government preserves the ability to seek a deliberate ignorance instruction.

against Mr. Costanzo. In addition, you should examine the testimony of Nolan Jack Sperling with greater caution than that of other witnesses.

### III. GOVERNMENT'S PROPOSED NON-MODEL INSTRUCTIONS

#### A. Presumption of Innocence and Summary of Charges (modified 1.2)

This is a criminal case brought by the United States government. The government charges the defendant with conducting five financial transactions involving property represented to be the proceeds of specified unlawful activity, which is a form of Money Laundering. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime which the government must prove to make its case:

First, the defendant conducted or attempted to conduct a financial transaction;

Second, the property involved in the transaction was represented by an undercover law enforcement officer to be the proceeds of specified unlawful activity; and

Third, *either* the defendant conducted the transaction with the intent to avoid a transaction reporting requirement under federal law, *or* the defendant conducted the transaction with the intent to conceal or disguise the nature, location, source, ownership or control of the property.[2]

---

[2] *See* Model Criminal Jury Instruction 1.2, and, as to the elements, *United States v. Nelson*, 66 F.3d 1036, 1040 (9th Cir. 1995).

**B.     Money Laundering Offense Conduct (modified 8.147)**

The defendant is charged in each count of the indictment with conducting a financial transaction involving property represented to be the proceeds of specified unlawful activity in violation of Section 1956(a)(3)(B) and (C) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant conducted or attempted to conduct a financial transaction;

Second, the property involved in the transaction was represented by an undercover law enforcement officer to be the proceeds of specified unlawful activity; and

Third, *either* the defendant conducted the transaction with the intent to avoid a transaction reporting requirement under federal law, *or* the defendant conducted the transaction with the intent to conceal or disguise the nature, location, source, ownership or control of the property.[3]

A financial transaction is a transaction involving one or more monetary instruments, or the movement of funds by wire or other means, that affects interstate or foreign commerce in any way.[4] The term "funds" includes any currency, money or other medium of exchange that can be used to pay for goods and services.[5]

"Proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of illegal activity, including the gross receipts of such activity.[6]

---

[3] For the elements of a sting offense, *see Nelson*, 66 F.3d at 1040.

[4] Copied from Model Instruction 8.147

[5] As delivered in *United States v. Ulbricht*, CR14-0068-KBF (S.D.N.Y. 2015), at 81. *See also United States v. Ulbricht*, 31 F. Supp. 3d 540, (S.D.N.Y. 2014) (denying motion to dismiss, and recognizing that the broad statutory definition of "financial transaction" includes the use of bitcoin.

[6] 18 U.S.C. § 1956(c)(9).

The term "specified unlawful activity" means the manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance or listed chemical under the Controlled Substances Act.[7] The government need not show that the undercover law enforcement officers explicitly stated that the cash in question was the direct product of unlawful activity.[8]

A "transaction reporting requirement" means either the currency transaction reporting requirement for currency deposits or withdrawals exceeding $10,000 into or from a financial institution, or the suspicious activity reporting requirements for financial institutions, including the "know your customer" guidelines.[9]

## IV. DEFENDANT'S PROPOSED NON-MODEL INSTRUCTIONS

**A. Presumption of Innocence and Summary of Charges (modified 1.2)**

This is a criminal case brought by the United States government. The government has charged Mr. Costanzo with money laundering. Specifically, the government has alleged that Mr. Costanzo conducted five financial transactions involving money represented to be the proceeds of a specified unlawful activity.

The charges against the Mr. Costanzo are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

Mr. Costanzo has pleaded not guilty to the charges and is presumed innocent unless and until the government proves he is guilty beyond a reasonable doubt. In addition, Mr. Costanzo has the right to remain silent and never has to prove innocence or present any evidence.

---

[7] 18 U.S.C. §§ 1956(c)(7) and 1961(1).

[8] *Nelson*, 66 F.3d at 1041.

[9] *E.g., Nelson*, 66 F.3d at 1040 (using the failure of a business to file a Form 8300 for cash receipts in excess of $10,000 as the predicate). *See also Government's Response to Motion for Bill of Particulars* (CR 117), at 2.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime which the government must prove to make its case:

Under the sting provision of the money laundering statute, the Government must prove that Mr. Costanzo:

(1) conducted or attempted to conduct a financial transaction;

(2) that the transaction involved funds represented by undercover agents to be the proceeds of some unlawful activity—in this case, illegal drug trafficking;

(3) that Mr. Costanzo acted with the belief that the funds were proceeds of the criminal activity represented by undercover agents; and

(4) that Mr. Costanzo acted with the intent to either:

    (a)    conceal or disguise the nature, source, or ownership of the funds, or

    (b)    conducted the transaction with the intent to avoid a currency transaction reporting requirement under federal law.[10]

---

[10] There is no model jury instruction in the Ninth Circuit detailing the elements necessary to convict pursuant to the money laundering sting statute. The proposed elements here are derived from and supported by the following authority:

    A) **Legislative history:** 134 Cong. Rec. S17360-02, 1988 WL 182529 ("This amendment to the money laundering statute, 18 U.S.C. 1956, would permit undercover law enforcement officers to pose as drug traffickers in order to obtain evidence necessary to convict money launderers. The present statute does not provide for such operations because it permits a conviction only where the laundered money 'in fact involves the proceeds of specified unlawful activity.' 18 U.S.C. 1956(a)(1). Since money provided by an undercover officer posing as a drug trafficker does not 'in fact' involve drug money, the laundering of such money is not presently an offense under the statute. The amendment would add to section 1956 a new subsection (a)(3) dealing specifically with undercover operations. The first part of the amendment contains a mens rea requirement that is stricter than that in 1956(a)(1). The defendant would have to have specific intent to promote specified unlawful activity, to conceal what he believes to be the proceeds of such activity, or to avoid reporting requirements. It would not be sufficient, as it is under (a)(1), that the defendant merely know that the transaction was being conducted with the second or third of those purposes in mind.")

    B) **Caselaw:** *United States v. Kaufmann*, 985 F.2d 884, 892 (7th Cir. 1993)(setting forth the four elements proposed by the defense in this non-model instruction); *United States v. Stratievsky*, 430 F. Supp. 2d 819 (N.D. Ill. 2006)(same); *United*

**B.     Money Laundering Offense Conduct (modified 8.147)**

The defendant is charged in each count of the indictment with conducting a financial transaction involving funds represented to be the proceeds of specified unlawful activity in violation of Section 1956(a)(3)(B) and (C) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1) Mr. Costanzo conducted or attempted to conduct a financial transaction;

(2) that the transaction involved funds represented by undercover agents to be the proceeds of a specified unlawful activity;

(3) that Mr. Costanzo acted with the belief that the funds were proceeds of the criminal activity represented by undercover agents; and

(4) that Mr. Costanzo acted with the intent to either:

    (a)     conceal or disguise the nature, source, or ownership of the funds, or

    (b)     conducted the transaction with the intent to avoid a currency transaction reporting requirement under federal law.[11]

A financial transaction is a transaction involving one or more monetary instruments, or the movement of funds by wire or other means, that affects interstate or foreign commerce in any way. The term "funds" includes any currency or money.

"Proceeds" means any property, including money, derived from or obtained or retained, directly or indirectly, through some form of illegal activity, including the gross receipts of such activity.

---

*States v. Castaneda-Cantu*, 20 F.3d 1325, 1331 (5th Cir. 1994) (citing *Kaufman* 985 F.2d at 893 ("It is enough that the government prove that an enforcement officer or other authorized person made the defendant aware of circumstances from which a reasonable person would infer that the property was drug proceeds.")); *United States v. Palazzolo*, 1995 WL 764416 at 4 (6th Cir. 1995) (unpublished)("[t]he funds used by law enforcement officials to pursue the undercover investigation need not be unlawfully generated. It is only necessary that the defendant 'believed' the funds to be the proceeds of other crimes").

[11]*Id.*

The term "specified unlawful activity" includes the manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance or listed chemical under the Controlled Substances Act. The government need not show that the undercover law enforcement officers explicitly stated that the cash in question was the direct product of unlawful activity.

A "transaction reporting requirement" means either the currency transaction reporting requirement for currency deposits or withdrawals exceeding $10,000 into or from a financial institution, or the suspicious activity reporting requirements for financial institutions, including the "know your customer" guidelines.

### C. Mens Rea: Specific Intent (modified 5.4) and Willfully (modified 5.5)[12]

You may find that that Mr. Costanzo acted with the intent to conceal or disguise the nature, source, or ownership of the funds, or avoid a currency transaction reporting requirement under federal law if you find beyond a reasonable doubt that Mr. Costanzo:

(1) Acted with the specific intent to promote specified unlawful activity, to conceal what he believes to be the proceeds of such activity, or to avoid reporting requirements.[13]

---

[12] While the commentary provided for Model Rule 5.4 counsel against instructions that distinguish between "specific intent" and "general intent," asserting that the "preferred practice" is to give an intent instruction that reflects the intent requirements of the offense charged. Here, Congress expressly stated that the intent for the sting provision of § 1956 is "specific intent," further elaborating that specific intent is a mens rea that is stricter than "knowingly," the culpable state of mind under § 1956(a)(1). *See United States v. Nguyen*, 73 F.3d 887, 891 (9th Cir.1995)(where statute is silent regarding the necessary mens rea of the crime, the court should examine the statute's legislative history); *see also United States v. Barajas-Montiel*,185 F.3d 947, 952 (9th Cir.1999) (following Nguyen and holding that criminal intent is required for conviction of the felony offenses of 8 U.S.C. § 1324(a)(2)(B)). The meaning of "willfully" necessarily depends on particular facts arising under the applicable statute; no generic instruction defining that term is provided in the Model Instructions.

[13] *See supra n. 10* (this language is taken directly from the legislative history noting that the sting provision of the status has a stricter men rea of specific intent as compared to the less stringent mens rea of knowingly for the non-sting provisions).

Here, specific intent means that defendant actions were a voluntary, intentional violation of a known legal duty.[14]

**Government objection**: The parties have been diligently discussing what "specific intent" means in the context of a money laundering sting, and it may be that the standard Ninth Circuit guidance (do not give an instruction, *see* Model Rule 5.4, comment) does not apply here. But any definition of "specific intent" should not conflate the higher tax and regulatory standard of "willfulness" with the intent to engage in money laundering activity. *See generally Nelson*, 66 F.3d at 1041-42 (holding that section 1956 has no willfulness requirement [in contrast to the pre-*Razlaf*-fix version of the structuring statute]).

Respectfully submitted this 1st day of March, 2018.

>  ELIZABETH A. STRANGE
>  First Assistant United States Attorney
>  District of Arizona
>
>  *s/ Gary Restaino*
>  MATTHEW BINFORD
>  CAROLINA ESCALANTE
>  GARY RESTAINO
>  Assistant U.S. Attorneys
>
>  *s/ Maria Weidner with permission*
>  MARIA WEIDNER
>  ZACHARY CAIN
>  Assistant Federal Public Defenders
>  Attorneys for defendant

---

[14] *See* Model Instruction 5.5, Comment. (noting that the term willful has many meanings and construction is often influenced by context). This proposed instruction is borrowed from *United States v. Easterday*, 564 F.3d 1004, 1006 (9th Cir. 2009) (for crime of failure to pay employee payroll taxes, "willful" defined as "a voluntary, intentional violation of a known legal duty")

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of March 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

*s/Cristina Abramo*
U.S. Attorney's Office