JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARIA WEIDNER, #027912
maria_weidner@fd.org
ZACHARY CAIN, #020396
zachary_cain@fd.org
Asst. Federal Public Defender
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Thomas Mario Costanzo,

Defendant.

No. CR-17-0585-PHX-GMS

**MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING DEFENDANT'S ALLEGED POLITICAL BELIEFS**

Thomas Mario Costanzo, by and through undersigned counsel, respectfully moves this Court moves for an order prohibiting the government from introducing evidence and/or making arguments regarding Mr. Costanzo's alleged political beliefs. This motion is made pursuant to Federal Rules of Evidence 401, 402 and 403 and is supported by the attached memorandum.

Respectfully submitted: March 1, 2018.

JON M. SANDS
Federal Public Defender

*s/Maria Weidner*
MARIA WEIDNER
ZACHARY CAIN
Asst. Federal Public Defenders

**MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING DEFENDANT'S ALLEGED POLITICAL BELIEFS**

Thomas Mario Costanzo respectfully moves this Court for an order prohibiting the government from introducing evidence and/or making argument regarding Mr. Costanzo's alleged political beliefs. It is the position of the defense that such evidence and/or argument is not relevant, not probative, and is improper character/propensity evidence.

As grounds, Mr. Costanzo states:

1. Upon information and belief, the government may attempt to elicit testimony and proffer evidence that Mr. Costanzo allegedly espouses political opinions that are considered "anti-government." Such testimony and evidence, and any related argument, should be precluded as irrelevant under Rules 401 and 402. Even if the evidence had some marginal probative value to the issues, which Mr. Costanzo does not concede, it should be excluded because any probative value is substantially outweighed under Rule 403.
2. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 401.
3. Rule 402 provides that: "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible."
4. Rule 403 provides that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."
5. First, Mr. Costanzo's alleged political leanings do not make it more or less likely that he committed the charged money laundering offenses. The government may argue that evidence of Mr. Costanzo's alleged political beliefs goes to show his motive for allegedly committing the crimes. Such an alleged motive is irrelevant to whether Mr.

Costanzo committed the alleged money laundering offenses. *See United States v. Edwards*, 101 F.3d 17, 19-20 (2dCir. 1996) (motive defendant had or claimed to have had for committing crime, whether to further a political goal or other reason, was irrelevant to his guilt or non-guilt).

6. Second, Mr. Costanzo does not concede that evidence of his political beliefs is probative at all. Such evidence, even if probative, must be excluded as unfairly prejudicial. The major function of Rule 403 is to exclude matters of "'scant or cumulative probative force, dragged in by the heels for the sake of [their] prejudicial effect[s].'" *United States v. Veltmann*, 6 F.3d 1483, 1500 (11th Cir. 1993) (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)). Evidence is unfairly prejudicial if it makes conviction more likely because it provokes an emotional response or otherwise tends to affect adversely the jury's attitude toward the defendant apart from its judgment as to the defendant's guilt of the crime charged. *United States v. Roberts*, 88 F.3d 872, 880 (10th Cir. 1996).

7. Third, the terms often associated with Mr. Costanzo's alleged political beliefs—including, but not limited to "anti-government," "sovereign," or "constitutionalist"—are commonly associated with a particular extreme political view. As one judge observed:

> Whether described as Freemen, Militia, Constitutionalists, Patriots, or the like, these individuals hope to do all they can to disrupt our justice system in the hopes its collapse will presage a utopia.

*State v. Sullivan*, 19 P.3d 1012, 1026 (Wash. 2001) (Talmadge, J., concurring) (citation omitted). Such references can be considered derogatory. *See Heuser v. Johnson*, 189 F.Supp.2d 1250, 1270 (D. New Mexico 2001) (noting that the plaintiffs had been "derogatorily referred to as 'constitutionalists' by various county and city officials" and defendants had "repeatedly asserted" that one plaintiff "has 'extremist views' regarding his Fourth Amendment rights and that he is 'anti-government'"). Admission of evidence that a defendant has or may have considered extreme political views is highly prejudicial and has been found to constitute reversible error. *See*

*United States v. Waters*, 627 F.3d 345, 354-56 (9th Cir. 2010) (in prosecution for arson, in which defendant was accused of joining members of a radical environmental group in setting fire to a professor's office, admission of folder containing anarchist articles, some of which espoused violence, that co-conspirator claimed to have received from defendant was highly prejudicial and an abuse of discretion). *See also United States v. Giese*, 597 F.2d 1170, 1185 (9th Cir. 1979) (stating that "we wish to emphasize that we are not establishing a general rule that the government may use a person's reading habits, literary tastes, or political views as evidence against him in a criminal prosecution.").

8. Evidence and argument that Mr. Costanzo is "anti-government" or holds views popularly associated with the term would be prejudicial and likely to provoke an emotional response from the jury because of the possibility the jury will associate Mr. Costanzo with other allegedly anti-government defendants, such as Cliven Bundy, Timothy McVeigh, or Ted Kaczynski. Moreover, such evidence and testimony would confuse, mislead and distract the jury from determination of the factual matters actually at issue, further warranting exclusion under Federal Rule of Evidence 403.

9. Finally, presentation to the jury by the prosecution of evidence and argument that Mr. Costanzo allegedly holds "anti-government" views results in improper burden shifting for two reasons:

   a. The government would rely on bias and emotion rather than proof of the essential elements of the charged crimes in its efforts to obtain guilty verdicts. *See In re Winship*, 397 U.S. 358, 363 (1970) ("Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction *except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged*.").

   b. Such argument and evidence would also constitutes an implicit and impermissible comment on the defendant's exercise of his Fifth Amendment privilege not to testify, should he so elect. *Griffin v. California*, 380 U.S. 609,

614-15 (1965); *see also,* 18 U.S.C. § 3481 (defendant's failure to testify "shall not create any presumption against him"); *Bruno v. United States*, 308 U.S. 287, 292-93 (1939) (court's refusal to give no adverse-inference charge required reversal under Section 3481); *Gomes v. Brady*, 564 F.3d.532, 538 (1st Cir. 2009) (misconduct to argue that only defense counsel had "take[n] the stand" to urge that defendant did not shoot victim); *United States v. Rodriguez*, 627 F.2d 110, 111-12 (7th Cir. 1980) (improper for government to argue that defendant "has been very quiet" during the trial); *United States v. Cotnam*, 88 F.3d 487, 497 (7th Cir. 1996) (government committed misconduct when it repeatedly referred to its evidence as "uncontroverted," when it was apparent only the defendant could have refuted the evidence); *United States v. Skandier*, 758 F.2d 43, 45 (1st Cir. 1985) (prosecutor's question in closing as to how defense counsel would explain certain events was improper where defendant had not taken stand).

For the foregoing reasons, Thomas Mario Costanzo asks this Court to specifically prohibit the government from eliciting any testimony or proffering any evidence that Mr. Costanzo allegedly holds or is sympathetic to any extremist political views, and prohibiting any opening or closing argument based on such allegations.

Respectfully submitted: March 1, 2018.

JON M. SANDS
Federal Public Defender

*s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
ZACHARY CAIN
Asst. Federal Public Defenders

Copy of the foregoing transmitted by ECF for filing March 1, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

MATTHEW BINFORD
FERNANDA CAROLINA ESCALANTE-KONTI
GARY RESTAINO
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

*s/yc*