JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARIA WEIDNER, #027912
maria_weidner@fd.org
ZACHARY CAIN, #020396
zachary_cain@fd.org
Asst. Federal Public Defender
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>Thomas Mario Costanzo,<br><br>        Defendant. | No. CR-17-0585-PHX-GMS<br><br>**MOTION IN LIMINE TO PRECLUDE EXPANSION AT TRIAL OF REGULATORY BASES ASSERTED BY THE GOVERNMENT IN DKT. 117, ITS RESPONSE TO THE DEFENSE MOTION FOR A BILL OF PARTICULARS** |

        Thomas Mario Costanzo, by and through undersigned counsel, respectfully moves this Court moves for an order prohibiting the government from expanding the regulatory bases upon which it will seek conviction for allegedly intending to avoid a federal transaction reporting requirement. This motion is made pursuant to the Fifth and Sixth Amendments of the United States Constitution, as well as relevant caselaw, and is supported by the attached memorandum.

        Respectfully submitted: March 1, 2018.

                  JON M. SANDS
                  Federal Public Defender

                  *s/Maria Weidner*
                  MARIA WEIDNER
                  ZACHARY CAIN
                  Asst. Federal Public Defenders

## MOTION IN LIMINE TO PRECLUDE EXPANSION AT TRIAL OF THE REGULATORY BASES ASSERTED BY THE GOVERNMENT IN ITS RESPONSE TO THE DEFENSE MOTION FOR A BILL OF PARTICULARS

Thomas Mario Costanzo respectfully moves this Court for an order prohibiting the government from expanding the regulatory bases upon which it has represented it will seek conviction for the remaining counts of the present indictment (Counts 3-7). To wit:

- 31 C.F.R. § 1010.310, Reports of transactions in currency;
- 31 C.F.R. § 1010.311, Filing obligations for reports of transactions in currency;
- 31 C.F.R. § 1010.312, Identification required;
- 31 C.F.R. § 1010.320, Reports of suspicious transactions;
- 31 C.F.R. § 1010. 410, Records to be made and retained by financial institutions;
- 31 C.F.R § 1020, Rules for Banks;
- 31 C.F.R. § 1020.220, Customer identification requirements for banks, savings associations, credit unions, and certain non-Federally regulated banks;
- 31 C.F.R. § 1021, Rules for Casinos and Card Clubs.

*See* Dkt. 117 at page 2, lines 12-19.

As grounds in support of this request, Mr. Costanzo states:

1. The purpose of a bill of particulars is threefold: A) to aid the defense in preparing for trial, B) to eliminate surprise at trial, and C) to protect against double jeopardy. *United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985).

2. In trial preparations since February 1, 2018, when Dkt. 117 was filed, the defense has relied on the government representations made therein.

3. In Dkt. 117, the government asserts that it intends to rely on some 44 federal regulations: the six set forth in 31 C.F.R. §§ 1010.310-312, 320, 410, and 1020.220; and §§ 1020 and 1021, which together contain approximately 39 regulations.

4. In the grand jury transcript and legal colloquy relevant to the remaining charges in the present indictment, there is scant reference to federal transaction reporting requirements.

5. It is the position of the defense that expansion of the regulatory bases asserted by the government in Dkt. 117 will constitute a fatal variance or constructive amendment of the indictment, considering the testimony offered by S.A. Ellsworth and legal colloquy, both previously disclosed by the government in this case. *See, e.g., United States v. Ward*, 747 F.3d 1184, 1189-93 (9th Cir. 2014)

   a. A variance involves a divergence between the allegations set forth in the indictment and the proof offered at trial. Where this divergence acts to prejudice the defendant's rights, the conviction must be reversed. *Id., see also* United *States v. Tsinhnahijinnie*, 112 F.3d 988, 989 (9th Cir.1997).

   b. A constructive amendment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them. *Id.*; *see also Stirone v. United States*, 361 U.S. 212 at 586 (1960) (quoting *Ex parte Bain,* 121 U.S. 1, 10 (1887) (overruled on other grounds) "If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the constitution says 'no person shall be held to answer,' may be frittered away until its value is almost destroyed.").

6. Given the surfeit of federal regulations regarding financial reporting requirements notice of the specific regulations the government alleges Mr. Costanzo intended to evade is necessary to assure both Mr. Costanzo's Fifth Amendment right to a fair trial and his Sixth Amendment right to effective representation of defense counsel. Should the government be permitted to enlarge upon the representation made, it is the position of the defense that Mr. Costanzo's rights will have been substantially prejudiced and constitute reversible error.

For the foregoing reasons, Thomas Mario Costanzo moves this Court to issue and Order specifically prohibiting the government from enlarging or expanding upon the regulatory bases for conviction of the remaining charges in the present indictment at trial by the government.

Respectfully submitted:  March 1, 2018.

JON M. SANDS
Federal Public Defender

*s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
ZACHARY CAIN
Asst. Federal Public Defenders

Copy of the foregoing transmitted by ECF for filing March 1, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

MATTHEW BINFORD
FERNANDA CAROLINA ESCALANTE-KONTI
GARY RESTAINO
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

   *s/yc*