JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

MARIA TERESA WEIDNER, #027912
maria_weidner@fd.org
ZACHARY CAIN, #020396
zachary_cain@fd.org
Asst. Federal Public Defenders
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>    vs.<br><br>Thomas Mario Costanzo,<br><br>        Defendant | No. CR-17-0585-PHX-GMS<br><br>**MOTION IN LIMINE TO PRECLUDE DIGITAL EVIDENCE FOR LATE DISCOVERY** |

Defendant Thomas Mario Costanzo, by and through undersigned counsel, respectfully moves this Court to preclude evidence for untimely disclosure.

### THE PROBLEM

The government provided notice this week, on February 26, 2018, that it would disclose voluminous discovery, specifically, its examination of numerous electronic devices seized in April of 2017. *See* Exhibit A, email dated Feb. 26, 2018, 1:06 PM. With respect to this disclosure, the defense was asked to provide a hard drive on which the government would download the disclosure, as the digital evidence is "too voluminous to disclose on a CD or DVD." *Id.* CDs of jail calls from May of 2017 to February of 2018 were also disclosed this week, as well as some 1600 additional pages of correspondence and other items. *See* Exhibit B, Supplemental Discovery Letter, Feb. 26, 2018; Exhibit C, Supplemental Discovery Letter (I), Feb. 27, 2018; Exhibit D, Supplemental Discovery Letter (II).

The government has sought to ameliorate the impact of this late disclosure—on the eve of deadlines for joint filings and motions in limine—by identifying some of the items it will seek to admit at trial. See, Exhibit E, Email dated Feb. 27, 2018, 4:49 PM. Unfortunately, the government's efforts cannot and do not cure the problem created by their late disclosure of the aforementioned evidence.  Defense counsel has insufficient time to review and digest all this new information, advise Mr. Costanzo of the contents of this new discovery, determine if additional litigation is necessary/appropriate, identify and hire an expert, and otherwise provide effective assistance of counsel at trial. For instance, the government advised counsel—this week—that it intends to introduce evidence at trial that certain electronic devices had the The Onion Router (TOR) browser—a tool that preserves anonymity while browsing the internet. It is the position of the defense that this information is irrelevant and prejudicial (FRE 402, 403), given the significant bad press the TOR Browser has received in recent years.

**THE HISTORY**

The government seized all electronic devices in this case more than 10 months ago upon Mr. Costanzo's arrest and the search of his apartment pursuant to a federal warrant—all on April 20, 2017.

The government did not object when the defense requested, in a November 22, 2017 filing, that this court hold a status conference to select a firm trial date in the instant case. See Dkt. #76.

At that status conference, held on December 4, 2017, the government did not object to the firm trial date of March 20, 2018, nor did it raise the issue of the timing or disclosure of analyses of electronic devices seized by the government (by that time the government had had these devices for over seven months). *See* Dkt. ## 77, 86-88.

By November 6, 2017, substantive pretrial Rule 12 motions had been timely filed by both defendants, *see, e.g.*, Dkt. ## 52, 57-59, 61-65, 67, and a motions hearing was set by this court for January 4, 2018. *See* Dkt. # 87.

This court also set a new pretrial motions deadline of February 2, 2018, *see* Dkt. #88, which, had the government timely disclosed the evidence at issue in this motion, *may* have provided enough time to review the information and file additional motions if necessary, engage experts if necessary, and communicate all these developments to Mr. Costanzo.

Despite having the benefit of three AUSAs working the case since November of 2017, such disclosure was not made until now—on the eve of deadlines for joint filings and motions in limine. The defense is at a loss to understand this unnecessary and prejudicial delay in the disclosure of digital evidence that the government hopes to use at trial.

## THE PREJUDICE

The prejudice to Mr. Costanzo occasioned by this untimely disclosure is significant. He has been in custody since April 20, 2017. Given the trial schedules of the federal courts in the District of Arizona, it is not at all clear when this matter can be reset without further undue delay. This fact militates against continuance of the trial as a remedy.

Defense counsel has not had the opportunity to discuss these developments with Mr. Costanzo, but prior discussions indicate he is not inclined to seek further continuance given his custodial status. Opposition to continuing trial may change however, if the government agrees to his release pending trial. Mr. Costanzo should not be punished by delay *and* confinement for the government's failure to timely process evidence long in its possession.

## THE LAW

"[T]he district court is charged with effectuating the speedy and orderly administration of justice." *United States v. W.R. Grace*, 526 F.3d 499, 508 (9th Cir. 2008). The Ninth Circuit has recognized that district courts have the supervisory power to remedy prejudice caused by the government's untimely disclosure of evidence in

violation of a specific discovery order. *See United States v. Garcia,* 730 F.Supp. 2d 1159, 1164 (C.D. Cal., 2010)(citing *United States v. Roybal*, 566 F.2d 1109, 1110-11 (9th Cir.1977). Specifically, the *Roybal* court held that the late disclosure of information the government elicited through informant witnesses had prejudiced the defendant. 566 F.2d at 1110-11. This conclusion was reached by the *Roybal* court notwithstanding the fact that the evidence at issue was *not* exculpatory within the meaning of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), nor was the late disclosure within the ambit of the Jencks Act, 18 U.S.C. § 3500(e). *Id.* The Ninth Circuit did not refer to Rule 16 of the Federal Rules of Criminal Procedure in so concluding. *Id.* It merely emphasized that the provision of late discovery in violation of a specific order resulted in "unfairness and potential prejudice to the defendant" as well as "the unfairness and discourtesy to the trial judge," and concluded that reversal of the conviction was appropriate. *Id.*

The *Garcia* case is of particular use because it provides a helpful summary of the Ninth Circuit's handling of discovery violations, including late disclosures such as that at issue here. 730 F.Supp. 2d at 1164-1169 (citing, for example, *United States v. Gatto*, 763 F.2d 1040, 1047 (9th Cir. 1985)(finding exclusion of evidence not warranted when delay in disclosure "did not violate any constitutional provision, federal statute, specific discovery order, or any other recognized right except perhaps rule 16") and *United States v. Schwartz*, 857 F.2d 655, 659 (9th Cir.1988)(reaffirming "that the district court may exclude documents or witnesses as a sanction for failure to comply with the court's pretrial or discovery orders").

In the instant case, while there was no specific discovery order articulated by this court, the conduct of the December 4, 2017 status conference made clear—by virtue of the fact that its purpose was to set a firm trial date—that there would not be further continuances. Unlike the circumstances in *Gatto,* absent preclusion of the late digital evidence, Mr. Costanzo's Fifth Amendment right to a fair trial and Sixth Amendment right to effective assistance of counsel have been violated, given that opportunities for

substantive litigation and expert notices have all but expired and the information is too voluminous to review whilst otherwise preparing for trial that is 19 days away.

Counsel recognizes unforeseen developments or "breaks" in a case or investigation might occur that make late disclosures an unfortunate reality. There is nothing to indicate that was the case here: Mr. Costanzo was arrested and his cellular device seized on April 20, 2017. On this same date, his home was searched and some seventeen electronic devices were seized. The appropriate remedy for this late disclosure is preclusion of the late-disclosed evidence.

## CONCLUSION

Mr. Costanzo therefore requests that this Court issue an order precluding the USPS digital evidence, which disclosure was noticed February 26, 2018 and effected on February 28, 2018 when the defense-provided hard drive was returned to defense counsel.

It is expected that excludable delay under 18 U.S.C. § 3161(h)(1)(D) may occur as a result of this motion or from an order based thereon.

Respectfully submitted:  March 1, 2018.

JON M. SANDS
Federal Public Defender

*s/ Maria Teresa Weidner*
MARIA TERESA WEIDNER
Asst. Federal Public Defender

Copy of the foregoing delivered filing March 1, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

MATTHEW BINFORD
CAROLINA ESCALANTE-KONTI
GARY RESTAINO
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

 *s/yc*