JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARIA WEIDNER, #027912
maria_weidner@fd.org
ZACHARY CAIN, #020396
Asst. Federal Public Defender
zachary_cain@fd.org
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Thomas Mario Costanzo,<br><br>Defendant. | No. CR-17-0585-PHX-GMS<br><br>**MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT AS TO DARKNET(S) AND/OR THE ONION ROUTER (Tor)** |

Thomas Mario Costanzo, by and through undersigned counsel, respectfully moves this Court moves for an order prohibiting the government and/or its witnesses from introducing evidence and/or making arguments regarding Darknet(s) and/or The Onion Router (Tor). Mr. Costanzo urges that this remedy is appropriate as neither of the contested items is relevant to the charged offenses, FRE 401, 402. To the extent that either of the contested items is relevant, it is more prejudicial than probative, confuses the issues, and/or misleads the jury, FRE 403. Additinally, the introduction of either or both contested items would amount to impermissible character evidence, FRE 404(a)(1).

Respectfully submitted: March 1, 2018.

JON M. SANDS
Federal Public Defender

*s/Maria Weidner*
MARIA WEIDNER
ZACHARY CAIN
Asst. Federal Public Defenders

## MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT FROM GOVERNMENT COUNSEL AND/OR WITNESSES REGARDING DARKNET & THE ONION ROUTER (Tor)

Thomas Mario Costanzo respectfully moves this Court for an order prohibiting the government from introducing evidence and/or making argument regarding Darknet(s) and/or The Onion Router (Tor). It is the position of the defense that such evidence and/or argument is not relevant, not probative, amounts to improper character/propensity evidence, confuses the issues, misleads the jury, and/or is a waste of time. FRE 401, 402, 403, 404(a)(1).

### Relevant provisions of the Federal Rule of Evidence

1. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 401.

2. Rule 402 provides that: "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible."

3. Rule 403 provides that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

4. Rule 404(a)(1) provides that "Evidence of a person's character or character trait is not admissible to prove that one a particular occasion the person acted in accordance with the character or trait."

**Introduction of Evidence, Argument, or Testimony Regarding Darknet(s) and/or The Onnion Router (Tor) Will Violate the Above-Cited Federal Rules of Evidence.**

    **1.  Preclude all evidence, argument, or testimony by government counsel or witnesses as to DARKNET(s).**

       The government has noticed in proposed voir dire, Dkt. # 130, that it wishes to inquire of potential jurors in this case whether they have ever "visited the dark net." This question is far more complicated than it appears:

- **A Darknet** is "a network built on top of the internet…designed specifically for anonymity."[1] There can be more than one network overlay and thus there are any number of darknets…it's just an anonymous network.[2] One such network overlay/darknet is **Tor**, a browser built expressly for anonymity…only Tor has been far less than anonymous since 2013.[3] The darknet options suggested in 2014 as replacements to the compromised Tor network—were 12P, Freenet, and GNUnet.[4] Given that the article referenced was penned in 2014, those darknets have likely gone the way of Tor and been replaced with some new darknet(s)—four years is an eternity in technologic time.

- **Dark Web** refers to websites on a darknet.[5] The dark web of a darknet cannot be accessed by a search engine or user without permission.[6] Just as there can be

---

[1] *See* Sabarinath, "Darknet vs Dark web vs Deep Web vs Surface Web—Different Parts of the World Wide Web," TechLog360, Apr. 21, 2017 (available at https://techlog360.com/darknet-vs-dark-web-vs-deep-web-vs-surface-web)

[2] *See* Eric Markowitz, "Beyond Tor: The 3 Darknets You Should Know," vocative, Feb. 5, 2014 (available at http://www.vocativ.com/tech/internet/beyond-tor-3-darknets-know/index.html)

[3] *Id.*

[4] *Id.*

[5] *See supra* n.1.

[6] *Id.*

any number of darknets, it follows that each darknet may have its own distinct dark web(s).

- **Deep Web** is also not accessible via a search engine, and requires a direct link to access.[7]

- **Surface Web** is the portion of the World Wide Web that is readily available and accessible to the general public and searchable with standard web search engines.[8]

This is all very complicated, confusing, and has absolutely nothing to do with the five money laundering counts in the present indictment.

Of note in this regard is the grand jury testimony of SA Ellsworth. When asked by AUSA Konti whether it was alleged that Mr. Costanzo had "any involvement with the dark net [sic]," he replied "[n]ot selling anything on the dark net [sic]." *See* Dkt. # 83-2 at page 22, lines 10-14. When asked to testify how the undercover agents came to meet Mr. Costanzo, Ellsworth responded "[a] cold contact off LocalBitcoins.com." *Id.* at lines 7-9. As regards the government's investigation of Mr. Costanzo and subsequent sting, there is simply no nexus to a darknet, rendering this term and all its negative connotations irrelevant. FRE 401, 402.

Reference to "the dark net" by the government serves no purpose but to insinuate the existence of nefarious activity that is confusing, misleading to the jury, and seeks to cast aspersions about Mr. Costanzo by association. FRE 403, 404(a)(1). Reference to darknets or "the dark net" should thus be precluded on these grounds, both in voir dire and throughout the upcoming trial.

2. **Preclude evidence, argument, or testimony by government counsel or witnesses as to the Tor browser.**

The government has provided notice to defense counsel that it intends to elicit testimony and/or offer evidence regarding the presence of The Onion Router (Tor) on

---

[7] *Id.*

[8] *Id.*

4

one or more of the electronic devices seized from the home of Mr. Costanzo in April 2017.[9] Tor was briefly discussed above in relation to the explanation of Darknet. Of note, reports that by 2014, usage of Tor had dropped dramatically because it could no longer provide the degree of anonymity sought by users.[10]

        That Tor was discovered on devices seized from Mr. Costanzo does not tend to make any fact relevant to his guilt or innocence in this case more or less probable. FRE 401. The implicit message, however, of the government's desire to offer this evidence is once again the insinuation that the presence of the Tor browser is an indicator of nefarious activity and familiarity with "the dark net." FRE 403, 404(a)(1).

        This characterization ignores the multitude legitimate uses and users of the Tor network.[11] Journalists, researchers, activists, and whistleblowers, as well as regular people trying to protect themselves from unwanted advertising, marketing, and even identity thieves are among the users of Tor.[12] The defense does not dispute that there are those who would use anonymous or semi-anonymous networks for illicit purposes, but there are clearly those who use it to protect their privacy, which is not a crime.[13] Of note here, the government has no evidence that there was an illicit purpose for the Tor purportedly found on devices seized from Mr. Costanzo. There is no nexus and no relevance to Tor in the instant case at the upcoming trial of Mr. Costanzo.[14]

---

[9] The defense has moved to exclude recently disclosed digital discovery, which would include the devices on which the government reports finding the Tor browser. *See* Dkt. # 134.

[10] *See supra* n. 7.

[11] *See* Tor, https://www.torproject.org/about/torusers.html.en.

[12] *Id.*

[13] *Id.*

[14] *See* Discussion of grand jury testimony of Ellsworth regarding absence of "dark net" involvement by Mr. Costanzo.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For the foregoing reasons, Thomas Mario Costanzo asks this Court to specifically prohibit the government from eliciting any testimony or proffering any evidence regarding "the dark net" a/k/a darknet and/or The Onion Router (Tor) at his upcoming trial on charges of money laundering, and prohibiting any opening or closing argument based on such allegations.

Respectfully submitted:  March 1, 2018.

JON M. SANDS
Federal Public Defender

*s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
ZACHARY CAIN
Asst. Federal Public Defenders


Copy of the foregoing transmitted by ECF for filing March 1, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

MATTHEW BINFORD
FERNANDA CAROLINA ESCALANTE-KONTI
GARY RESTAINO
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

*s/YC*