ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona State Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona State Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona State Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-17-00585-PHX-GMS |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE (DKT. # 132) RE: POLITICAL BELIEFS** |
| v. | |
| Thomas Mario Costanzo, | |
| Defendant. | |

Defendant seeks to preclude evidence and argument regarding his political beliefs. These largely anti-government beliefs – as evidenced in the nine undercover recordings at issue in this case – run the gamut from broad-based suspicions of the government's role in genetic modifications to the food we eat, fluoride in the water we drink and chem trails in the air we breathe -- to more narrow suspicions of the government's role in the banking industry. The government has no objection to an order precluding the admission of the broad-based anti-government rhetoric. But the anti-bank beliefs, and the government's role in regulating the banking industry, are directly related to, and at the core of, the charged conduct in this case.

A. The Superseding Indictment Alleges That Defendant Acted With The Intent To Evade Transaction Reporting Requirements.

The grand jury charged defendant with five violations of the money laundering sting provisions of 18 U.S.C. § 1956(a)(3), and the most direct evidence comes from the recorded undercover transactions: five instances in which agents exchanged cash represented to be drug money for anonymous bitcoins; and the other four undercover conversations in which defendant discussed the anonymity benefits of bitcoin without the overt drug chatter. Some additional evidence derives from the search warrant of defendant's residence, to include brochures and other printed matter related to bitcoins. The government has the burden to establish that defendant acted with the intent to either conceal the nature and source of the dirty money or to otherwise avoid federal transaction reporting requirements. Although the Ninth Circuit does not require a finding of willfulness on the part of defendant, *United States v. Nelson*, 66 F.3d 1036, 1041 (9th Cir. 1995), the government must still establish defendant's specific intent to, *in any manner*, conceal the property or avoid the transaction reporting. *United States v. Manarite*, 44 F.3d 1407, 1416 (9th Cir. 1995) (emphasis in original). Defendant's anti-bank beliefs remain relevant to the transaction reporting prong.

B. There Is No Unfair Prejudice If Those Anti-Government Beliefs Related To The Charged Crimes Are Admitted.

Defendant has strong views and beliefs. He included them in his routine journal entries. He added them to his recorded interviews and lectures. He spoke about them on the nine undercover recordings. Many are not relevant here. The government has no intention of introducing any of his conspiracy theories about the events of 9-11, or the other beliefs identified above. Nor does the government intend to introduce more generic railings about the "system" or the U.S. government[1] if not tethered to the banking industry

---

[1] And the government would likely object if any of the defendant's witnesses espoused any similar views.

and the regulations defining it.

But defendant's beliefs about the banking system are keenly probative of his specific intent to launder money. By way of example, the government intends to introduce excerpts from the undercover recordings that "the banking system and the whole system is stacked against us," the Federal Reserve is an "evil" organization that "controls the world," and that he has "disconnected" himself from the banks because they are "a bunch of f***in' criminals." [2] The documentary material found at defendant's residence also resonates with specific intent of his concealment and evasion activities, and the government anticipates that it will seek to introduce some of that material (in redacted form as necessary) at trial.

Defendant's cited cases provide no basis to preclude his banking beliefs. The challenge for the prosecution in navigating the Rule 403 waters is to narrowly articulate the admissibility of each piece of evidence. *See, e.g.*, *United States v. Waters*, 627 F.3d 345, 354-56 (9th Cir. 2010). In *Waters*, an alleged arson by an animal welfare activist, the ultimate appellate problem was not the introduction of the political rhetoric, but rather the absence of a review by the district court of the material prior to its introduction. *Id.* at 356. And the reviewing court stopped well short of precluding the introduction of a more limited subset: "We believe that an appropriately skeptical eye would have excluded the articles from Waters' trial, *or at least limited the articles that were provided to the jury*." *Id.* at 356 (emphasis added).

The government also distinguishes *Waters* because that case was all about printed material. Most of the rhetoric against Mr. Costanzo derives from his spoken words during

---

[2] The parties are currently engaged in an effort to arrive at an agreement on which excerpts from the undercover recordings to present to the jury, and we will likely have a good sense of the success of that endeavor by the date of the Final Pretrial Conference. The government anticipates that it will seek to present roughly 10% or less of each recording, to focus on the relevant portions. The excerpts related above are from the 9-14-16 transcript (at pp 16, 33 and 93) proposed to the defense on March 5. Those excerpts exclude significant material that seems overly-inflammatory (calling the government a "criminal psychopathic organization" on page 33, e.g.) and also exclude references to political candidates.

undercover conversations with people he felt were kindred spirits. Defendant faces a far higher burden in showing that his own words are unfairly prejudicial against him.[3]

C.  Conclusion

For the foregoing reasons, the government opposes the full scope of the motion in limine.

Respectfully submitted this 6th day of March, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Gary Restaino*
MATTHEW BINFORD
CAROLINA ESCALANTE
GARY M. RESTAINO
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Maria Teresa Weidner
Zachary Cain,
*Attorneys for Defendant*

*s/Cristina Abramo*
U.S. Attorney's Office

---

[3] It is also for this reason that defendant's well-stated analysis of the Fifth Amendment protection against adverse inferences and comments on silence (Def. Mot. at 4-5) seems inapposite to the instant case. The government seeks to use defendant's words against him, not his silence.