ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-17-00585-PHX-GMS |
| Plaintiff, | |
| vs. | **GOVERNMENT'S RESPONSE TO MOTION IN LIMINE TO PRECLUDE EXPANSION AT TRIAL OF REGULATORY BASES** |
| Thomas Mario Costanzo, | |
| Defendant. | |

The Government does not intend to expand the regulatory bases beyond those cited in its Response to the Motion for Bill of Particulars. (Doc. 117.)  Thus, the Government has no objection to the Court granting the pending motion in limine regarding expansion at trial of regulatory bases. (Doc. 133.)

**I.     Introduction and background.**

The five money laundering counts set for trial in this case are money laundering sting charges which allege, conjunctively, that Costanzo engaged in a financial transaction for two purposes: to conceal and disguise the nature, location, source, ownership and control of the undercover agents' drug money, in violation of 18 U.S.C. § 1956(a)(3)(B);

and with the intent to avoid a transaction reporting requirement that any financial institution would have been obligated to undertake, in violation of 18 U.S.C. § 1956(a)(3)(C). The pending motion in limine (Doc. 133) deals only with the second way Costanzo is alleged to have laundered the money at issue here. Specifically, Subsection C states that it is money laundering when a person intending "to avoid a transaction reporting requirement under State or Federal law" conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity. *See* 18 U.S.C. § 1956(a)(3)(C). "To prove a violation of this section, the Government must prove (1) that the defendant conducted or attempted to conduct a financial transaction, (2) with the intent to avoid a transaction reporting requirement, and (3) that the property involved in the transaction was represented by a law enforcement officer to be the proceeds of specified unlawful activity." *United States v. Nelson*, 66 F.3d 1036 1040 (9th Cir. 1995) (quoting *United States v. Breque*, 964 F.2d 381, 386-87 (5th Cir. 1992)). That means, in order to find Costanzo guilty at trial, the jury does not have to find a violation of a specific regulation—it simply has to find that Costanzo attempted to work around those regulatory concepts.

**II. The evidence will show that Costanzo intended to help the undercover agents avoid the regulatory reporting requirements mentioned in the response to the motion for bill of particulars.**

There is ample evidence that Costanzo intended to help the undercover agents work around the regulatory concepts mentioned in the response to the motion for bill of particulars. The Government need not mention additional regulatory bases. At trial, the Government intends to present general evidence about Currency Transaction Reporting (CTR) requirements, Suspicious Activity Reporting (SAR) requirements, and Know Your Customer (KYC) requirements. The government will then introduce recorded statements made by Costanzo showing that he intended to help the undercover agents avoid those requirements. For example, when Costanzo told an undercover agent that "radar goes off, the bells go off" if the undercover agent were to deposit more than $10,000. (Meeting on

March 20, 2015.)  Or when Costanzo tells another undercover agent that "dealing with [him] is one way" to keep what he is doing from being discovered because "[Costanzo] do[es]n't say anything to anybody," along with "that's why you are paying me." (Meeting on October 7, 2015.)  The government also plans to introduce Costanzo's own statements about reporting requirements, for example, when he tells the third undercover agent that "if you take out more than $3,000, they fill out what's called [a] SAR" and then goes on to explain that SAR stands for "Suspicious Activity Report."  (Meeting on November 16, 2016.)  During that same meeting, he tells the third undercover agent, "I don't even wanna know people's real name." (Meeting on November 16, 2016.)  The statements above, along with others, will be introduced at trial to show that Costanzo intended to help the undercover agents avoid the regulatory concepts mentioned in the response to the bill of particulars.  The Government will not present regulations other than those that have already been noticed.  *See* Doc. 117.

**III.   Conclusion.**

The Government will not expand the regulatory bases beyond those mentioned in the Response to the Bill of Particulars.  (Doc. 117.)  The Court should, accordingly, grant the motion in limine.  (Doc. 133.)

Respectfully submitted this 6th day of March, 2018.

>
> ELIZABETH A. STRANGE
> First Assistant United States Attorney
> District of Arizona
>
>  *s/ Matthew Binford*
> MATTHEW BINFORD
> CAROLINA ESCALANTE
> GARY M. RESTAINO
> Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to counsel of record in this case.