ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Thomas Mario Costanzo,<br><br>　　　　　　Defendant. | CR-17-00585-PHX-GMS<br><br>**GOVERNMENT'S RESPONSE TO MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT AS TO DARKNET(S) AND/OR THE ONION ROUTER (Tor)** |

Costanzo's motion to preclude *any* mention of Tor or the dark net by the government during the *entire* trial is too broad and should be denied. While the government acknowledges that—in the wrong context—mention of the dark net or Tor could potentially be prejudicial, a brief mention of those subjects to provide context, background, or to rebut claims made by Costanzo or his witnesses is appropriate and supported by the rules of evidence. Additionally, if granted, Costanzo's motion would place the government at an unfair disadvantage because it would allow the defense witnesses to freely talk about Tor or the dark net with no opportunity for the government to rebut or respond to that evidence.

## I. Introduction and Background.

Costanzo is charged with engaging in five separate financial transactions for two purposes: to conceal and disguise the nature, location, source, ownership and control of the undercover agents' drug money, in violation of 18 U.S.C. § 1956(a)(3)(B); and with the intent to avoid a transaction reporting requirement that any financial institution would be required to make, in violation of 18 U.S.C. § 1956(a)(3)(C). The government has the burden to establish beyond a reasonable doubt that Costanzo acted with the intent to either conceal the nature and source of the dirty money or to otherwise avoid federal transaction reporting requirements. In all of the transactions charged here, Costanzo provided bitcoin in exchange for money represented to be drug proceeds.

As mentioned in previous pleadings, this undercover operation began back in 2015, when federal law enforcement began looking closely at peer-to-peer bitcoin exchangers offering their services on a website called localbitcoins.com. (Doc. 79, at 3.) That scrutiny was based on concerns about bitcoin being used to further illegal activity. (Doc. 79, at 7.) That illegal activity included traditional money laundering, but it also included money laundering specifically related to drugs and other contraband being sold on the dark net. (Doc. 79, at 9.)

## II. Potential Uses At Trial.

Mention of the dark net or Tor at trial would be limited at trial to a few situations—none of which violate the rules of evidence or unfairly prejudice Costanzo. As detailed below, the only potential times when those topics would come up is for background on how this investigation began, to explain the training and experience of a few witnesses, or to rebut or impeach Costanzo or his witnesses. It is also important to bring up during voir dire to determine whether any potential jury members have specialized knowledge or training that could impact their ability to be fair and impartial, or impact their duty to rely solely on the evidence presented at trial.

### A. To Provide Background About The Investigation.

It is well-established that agents may explain the origins of an investigation. *See,*

*e.g., United States v. Wahchumwah*, 710 F.3d 862, 871 (9th Cir. 2013) (denying a confrontation clause claim seeking to preclude complaints by third parties that prompted investigation); *United States v. Hassan*, 742 F.3d 104, 137 (4th Cir. 2014) (affirming admission of agent's testimony about information received that explained the origins of the investigation); *United States v. Mohamud*, 941 F.Supp.2d 1303, 1313 (D. Or. 2013) ("A jury may hear some background information on why a criminal investigation began."); *see also United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) ("Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury."); *United States v. Feldman*, No. 8:14-CR-521-T-27AEP, 2016 WL 3002418, at *5 (M.D. Fla. May 20, 2016) ("The evidence that was admitted simply provided an explanation of why law enforcement targeted pain clinics in general and this Defendant in particular") ("It provided factual context for the investigation of Defendant and his pain clinic and was necessary to explain why law enforcement sent undercover agents into his medical practice") ("Evidence describing the rising epidemic of prescription drug abuse and the manner by which the abusers acquired prescription narcotics . . . was certainly relevant to put this case in its proper perspective."). A brief mention of the dark net is necessary here to put the investigation in context and to explain why federal agents were looking into peer-to-peer exchangers like Costanzo. This type of background and context is particularly important if the defense plans to make arguments to the jury similar to the arguments made back in January before this Court, when defense counsel used strong terms to criticize the government's investigation in this case. (RT 1/4/18, at 35.) Testimony regarding what prompted this investigation, including use of bitcoin by dark net vendors, is relevant and necessary to explain the origins of this investigation and does not "insinuate the existence of nefarious activity that is confusing," mislead the jury, or "seek[] to cast aspersions about Mr. Costanzo by association." (Doc. 135, at 4.)

**B.     To Provide Information About The Training and Experience of Agents.**

Mention of Tor and the dark net might also come up while agents are providing testimony about their training and background. Many of the witnesses scheduled to testify at trial are part of a joint task force responsible for the investigation of dark net vendors and local drug traffickers who use the dark net to obtain drugs to sale in Arizona. Virtual currency and the dark net go hand in hand. For many of the dark net marketplaces, bitcoin is the only payment method accepted. As such, much of the agents' training and experience includes training and presentations on the dark net. To exclude the mere mention of an agent's area of training or expertise because the subject matter can sometimes have a negative connotation is asking too much and is not supported by the rules of evidence. The mere mention of a detective's training and experience in homicide cases shouldn't prevent that same detective from mentioning that specialized training and experience during a robbery or burglary trial. It is the same as saying an FBI agent who has experience on the Joint Terrorism Task Force shouldn't be allowed to mention that training or experience when testifying at a felon in possession of a firearm trial. The mere fact that an agent has training in one area has nothing to do with Costanzo's character. The exclusion of the agents' training is not logical and Costanzo cannot establish that the mere mention of specialized training or experience, along with its probative value, is substantially outweighed by unfair prejudice, confusion of the issues, delay, or any other reason set forth in Rule 403.

**C.     To Rebut or Impeach Costanzo or His Witnesses.**

If Costanzo testifies at trial, his knowledge of the dark net and the presence of Tor on his electronic devices could be used to impeach or rebut his testimony. Likewise, if Costanzo's witnesses at trial attempted to assert that he never used encryption, Tor, or the dark net, the evidence showing that he is familiar with those topics would certainly be relevant to rebut that testimony. Additionally, the argument in Costanzo's own motion seems to cut against itself. It asks this Court to prevent any mention of Tor—or the fact that it was found on several of his electronic devices—because it would be unfairly

prejudicial or improper character evidence, but at the same time it argues that many respected people use the Tor browser and that not many people use Tor anymore because "it could no longer provide the degree of anonymity sought by users." (Doc. 135, at 5.) The bottom line is that mention of the dark net or Tor may be relevant to rebut or impeach Costanzo or his witnesses and the Court should not make a blanket ruling prior to trial excluding any mention of these topics before the defense witnesses have even testified.

### D.     To Ensure That Jurors Do Not Have Specialized Knowledge That Could Impact Their Ability to be Fair and Impartial.

Finally, mention of the dark net is important for voir dire—which is why the government has asked the Court to consider making that inquiry during jury selection. (Doc. 130, at 4.)  As mentioned above, it is important to find out whether potential jury members have specialized knowledge or training that could impact their ability to be fair and impartial, or impact their duty to rely solely on the evidence presented at trial. Alternatively, if the current question of, "Have you ever accessed the dark net?" might seem too prejudicial or invasive, that question could be softened to "Have you heard about the dark net?"[1]

## III.    Conclusion.

For the reasons set forth above, Costanzo's motion to preclude any and all mention of Tor or the dark net by government attorneys or agents is simply too broad.  Those two subjects are not character evidence, are relevant to limited parts of the trial and can be presented in ways where any potential prejudice, confusion, or delay does not substantially outweigh the probative value.  Thus, the motion should be denied.

---

[1] The Court may also direct the jury in voir dire away from imputing dark net suspicions onto Costanzo as to the charged transactions.  For example, the Court could introduce the question by saying, "You may also hear about the use of the dark net to anonymize purchases made with virtual currency.  To be clear, the defendant did not use the dark net in any of his transactions or communications with undercover agents."

Respectfully submitted this 6th day of March, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Matthew Binford*
MATTHEW BINFORD
CAROLINA ESCALANTE
GARY M. RESTAINO
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to counsel of record in this case.