JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

MARIA WEIDNER, #027912
maria_weidner@fd.org
ZACHARY CAIN, #020396
Asst. Federal Public Defender
zachary_cain@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-0585-PHX-GMS |
| Plaintiff, | **DEFENSE RESPONSE TO DKT. # 123** |
| vs. | |
| Thomas Mario Costanzo, | |
| Defendant. | |

Thomas Mario Costanzo, through undersigned counsel, hereby responds and objects to the Government's Notice of Intent to Introduce Evidence Pursuant to Rule 404(b). (Dkt # 123) The Government proposes to introduce at trial evidence of three distinct bad acts as alleged by a federal defendant who has pleaded guilty to drug trafficking charges:

1) That Mr. Costanzo conducted bitcoin exchanges beginning in the spring of 2015 with an individual who did not expressly reveal his illicit intent with regard to the bitcoins he purchased from Mr. Costanzo.

2) That after conducting exchanges with said individual for approximately 10 months, the individual mentioned to Mr. Costanzo something about 10,000 bars of Xanax being seized.

3) That Mr. Costanzo later purchased a miniscule amount of DMT from said individual. pleaded guilty to federal drug trafficking charges in an unrelated case.

*See* Exhibit A, ROI for May 11, 2017 Proffer (filed separately under seal). This Court should preclude each of the three instances of proposed 404(b) evidence for the reasons provided in this filing. In short, that the government's proffered 404(b) evidence is more prejudicial than probative, unreliable, and unnecessary.

## I. ARGUMENT

**A.     The Government bears the burden of showing that the evidence it seeks to admit is relevant and that it is more probative than prejudicial.**

Pursuant to Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). It may, however, "be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

It is the "government's burden to show that the evidence offered is relevant, and that it is more probative than prejudicial." *United States v. Herrera-Medina*, 609 F.2d 376, 379 (9th Cir. 1979). "The government 'must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from other acts evidence." *United States v. Alfonso*, 759 F.2d 728, 739 (9th Cir. 1985) (quoting *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982)).

Evidence of prior crimes or bad acts "is not looked upon with favor." *Herrera-Medina*, 609 F.2d at 379. Such evidence must first meet a four-part test for inclusion. *United States v. Garcia-Orozco*, 997 F.2d 1302, 1304 (9th Cir. 1993). The other act evidence may be admissible if (1) the evidence "tends to prove a material point"; (2) "the other act is not too remote in time"; (3) there is evidence "sufficient to support a finding that the defendant committed the other act"; and (4) where intent is at issue, "the other act is similar to the offense charged." *Id.*; *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994).

Even when these requirements are met, the evidence may be admitted "only if, on balance, its probative value is not substantially outweighed by the danger of unfair

prejudice to the defendant." *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985). In other words, the Court must conduct an analysis under Rule 403, which provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" is defined as relevant evidence that has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory cmte note.

The risk of unfair prejudice can hardly be overstated, given the highly inflammatory nature of other acts evidence, and that risk is greater when the government's proffered evidence is similar to the crime charged. *See, e.g., United States v. Bagley*, 772 F.2d 482 488 (9th Cir. 1985) ("To allow evidence of a prior conviction of the very crime for which a defendant is on trial may be devastating in its potential impact on a jury."); *United States v. Bradley*, 5 F.3d 1317, 1319 (9th Cir. 1993) ("Our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is.") (internal citations and quotations omitted); J. Patterson, Evidence of Prior Bad Acts: Admissibility Under the Federal Rules, 38 Baylor L. Rev. 331, 333 (Spring 1986) (noting that prior bad acts evidence presents a risk that "the jury might conclude that the defendant is a 'bad man' who deserves punishment regardless of his innocence of the crime charged and warrants imprisonment to prevent future maleficent acts"); S. Yost, Reversals of Fortune: How the Ninth Circuit Reviews Erroneously Admitted "Other Acts" Evidence Under Federal Rule of Evidence 404(B), 23 Sw. U. L. Rev. 661, 665-66 (1994) (noting that the exclusion of other acts evidence rests on concerns that a jury will "judge an individual based on his or her 'other' conduct, rather than on evidence directly relevant to the conduct charged" or that a jury will "give[] too much weight to 'other acts' evidence in relation to all of the evidence presented at trial"). The more instances of prior crimes

or bad acts that are introduced the greater the risk of "confusing the issues." Patterson, *supra*, at 334.

Moreover, here the government seeks to admit evidence of three distinct "bad acts" arising from Mr. Costanzo's alleged dealings with a cooperating federal defendant:

> First, that Mr. Costanzo conducted bitcoin exchanges with an individual who has pleaded guilty to federal drug charges but that said individual never mentioned the intended illicit use of the bitcoins he purchased. Exhibit A.

> Second, that said individual mentioned something to Mr. Costanzo regarding the seizure of 10,000 bars of Xanax about 8-10 months after they had begun exchanging, which purportedly should have put Mr. Costanzo on notice regarding the individual's line of work as a drug trafficker. *Id.*

> Third, that Mr. Costanzo later purchased a small amount—1/2 gram—of a controlled substance—DMT—from the government's proffered cooperating witness. *Id.*

It is the position on the defense that these are three distinct bad acts, each of which must be considered under the four-part test set forth above in *Mayans*. 17 F.3d at 1181.

**B.    If this Court finds there is sufficient evidence to support a finding that Mr. Costanzo committed the proffered other act evidence, such evidence would be only minimally relevant to show knowledge, intent, or plan, and, in any event, the probative value of the purported prior acts is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and undue delay.**

Here, the Government proposes to introduce evidence based entirely on the word of a federal defendant who stands to benefit from his testimony against Mr. Costanzo at trial. The government broadly claims that this evidence will show "motive, intent, opportunity, preparation, plan, knowledge, absence of mistake, or lack of accident." *See* Dkt. 123 at 1, 2.

Whatever relevance the government's proffered 404(b) evidence may have is substantially outweighed by the danger of unfair prejudice. For instance, the relative

probative value of "other acts" evidence can depend on its *necessity* to prove intent, as was explained by the Fifth Circuit in *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978):

> Probity in this context is not an absolute; its value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference. It is the incremental probity of the evidence that is to be balanced against its potential for undue prejudice. Thus, if the Government has a strong case on the intent issue, extrinsic evidence may add little and consequently will be excluded more readily. If the defendant's intent is not contested, then the incremental probative value of the extrinsic evidence is inconsequential when compared to its prejudice; therefore, in this circumstance the evidence is uniformly excluded.

*Id.* at 914-15 (internal citations and footnotes excluded).

Similarly, Rule 403 contemplates that the Court, in evaluating the probative value of other acts evidence, will consider whether there are alternative means to prove intent. *See Old Chief v. United States*, 519 U.S. 172, 184 (1997) (explaining that "what counts as the Rule 403 'probative value' of an item of evidence, as opposed to its Rule 401 'relevance," may be calculated by comparing evidentiary alternatives"); Fed. R. Evid. 403 advisory cmte notes (stating that when considering "whether to exclude on grounds of unfair prejudice," the "availability of other means of proof may . . . be an appropriate factor").

Here, we must consider individually the three instances of proposed other act evidence:

> As to the first, the exchange of bitcoin with someone who is silent regarding his nefarious intent, is innocent conduct and does not advance the government's case save to inform the jury that said individual turned out to be a drug dealer.

As to the second, the government has not provided sufficient information to discern whether this conversation—which purportedly took place some 10 months into the cooperating defendant Sperlings dealings with Mr. Costanzo—was sufficient to put Mr. Costanzo on notice as the government claims.

As to the third, the alleged purchase of a miniscule quantity of DMT is not relevant to proving anything to do with money laundering ad is rather a targeted smear of Mr. Costanzo's character—suggesting he is a drug-user.

Therefore, in each case, whatever the probative value with respect to intent or every other reason under the rule cited by the government, the potential for unfair prejudice is too great and the government's rationale in support of admission of these acts is far too general and overbroad.

Furthermore, the probative value of the proffered other acts evidence is diminished by the fact that there are other means to prove intent, lack of mistake, etc. Here, the undercover agents' transactions with Mr. Costanzo were recorded in their entirety and available for use at trial. Likewise, the undercover agents themselves are available to testify for the government in this case. The government's proffered other act evidence is simply not needed by the Government to prove its case, thereby greatly reducing its probative value and risking that it will be used for the forbidden purpose of showing propensity.

## II. CONCLUSION

For the foregoing reasons, Thomas Mario Costanzo asks this Court to specifically prohibits the government from introducing its noticed 404(b) evidence.

JON M. SANDS
Federal Public Defender

*s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
ZACHARY CAIN
Asst. Federal Public Defenders

6

Copy of the foregoing transmitted by ECF for filing March 6, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

MATTHEW BINFORD
FERNANDA CAROLINA ESCALANTE-KONTI
GARY RESTAINO
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

    s/yc