ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona State Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona State Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona State Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-17-00585-PHX-GMS |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE (DKT. # 134) RE: TIMELINESS OF DISCLOSURES** |
| v. | |
| Thomas Mario Costanzo, | |
| Defendant. | |

Following the disclosure of two large categories of evidence – computer forensics and jail communications – the defense moved to strike the evidence from use at trial. The government appreciates the tenor of defendant's motion, which tone is markedly free of the accusations that sometimes accompany airings of discovery disputes. And so the government endeavors to respond in kind, to wit: by describing the evidence and the delay; by articulating why the evidence may be important; and by suggesting ways to abridge the dispute.

A.   <u>The topics of discovery at issue</u>

The defense correctly describes the timing of the disclosures, in or around February 28, 2017, less than a month before trial. And the defense correctly describes the items as

1  digital evidence from the examination of electronic devices seized in April 2017, as well
2  as jail calls and 1600 additional pages of correspondence and other items, most of which
3  were jail letters.[1]

4      The jail communications are largely a moot point.  The subpoena for jail calls and
5  jail mail was appropriate in this case, given defendant's public persona and his active use
6  of a social media soapbox, which was likely to--and did in fact--lead to statements
7  indicative of his intent for the original 8 charges.  Investigators believed that jail
8  communications might provide insight regarding the now-dismissed 18 U.S.C. § 1960
9  count and the related conspiracy count, by identifying statements to prove that Costanzo
10 was operating a business or to identify communications with co-conspirators.  Some of the
11 letters did provide evidence regarding those topics, but the statements about the dismissed
12 conspiracy are not necessarily relevant to the remaining charges of sting money laundering.
13 The letters also provided evidence about the other now-dismissed charge of felon in
14 possession of ammunition.  For example, Costanzo's statement that, "unfortunately I had
15 bullets which because of my past felony conviction in 1986 I am considered to be a
16 'prohibited possessor' and not 'allowed' to have a gun or bullets" would have been
17 extremely probative at trial.  But those charges are dismissed, and the jail communications
18 did not specifically discuss the transactions involving the undercover agents.  As such, the
19 receipt of jail communications did not further advance proof of the five remaining counts
20 that are now proceeding to trial.  The government informed defense counsel, prior to the
21 filing of the motion, that it had no intent to use the jail calls in its case-in-chief.  The
22 correspondence was disclosed to the extent they are considered defendant's statements
23 under Rule 16.  The government did suggest that it might use up to three jail letters on
24 rebuttal, or to impeach Costanzo if he decides to testify.

---

[1] To the extent relevant, the correspondence between the parties on this issue includes one final email.  That is attached as Exhibit 2.

1

2      As to the computer forensics, the defense acknowledges the absence of a scheduling order, but it nonetheless raises a fair point: We should have disclosed this earlier. But in practice the government was considerably constrained here and the full picture demonstrates actions beyond the trial team's control. The computer forensic evidence included computers of a co-defendant, Peter Steinmetz, who expressed concern through counsel about privileged communications on his devices. The Costanzo devices wound up getting tied up in that filter review, such that even as a Postal Service forensic report was authored on November 15, 2017, that report and the underlying images were not disclosed to the agent and then the trial team until on or around January 20, 2018. Clearly we should have endeavored to disclose that in shorter order than it was disclosed.

But nor is the potential for prejudice as stark as the defense might claim. Digital forensic evidence is actually far more searchable than hard copy documents. Exhibit 1 to this Response is a screen shot of the entry page of the Cellebrite report of the Samsung phone at issue. The report is both easy to search and easy to navigate.

This Court has the discretion to limit the evidence. *E.g., United States v. Finley*, 301 F. 3d 1000, 1018 (9th Cir. 2002) (as to a defense delay, describing the panoply of remedies available to the district court but concluding that wholesale exclusion imposed too harsh a remedy). And while the facts of this case do not rise to the level of any of the cited cases, clearly as well this Court may impose sanctions even in the absence of a scheduling order. The government requests that the Court consider the narrow scope of the evidence it seeks to introduce in determining the sanction.

B.    The scope of the putative evidence

The government in its disclosure letter on February 27, 2018 sought to introduce only ten pieces of evidence from the computer forensics. (Dkt. 134-1 at 11-12.)

Three text message strings from the Samsung phone identified in Exhibit 1 describe drug chatter between defendant and third parties (two of whom were somewhat irate), and

- 3 -

are a reaction to the oral argument in January.  In an impassioned argument, defense counsel characterized the government's investigation as "distasteful and despicable" and compared it to "Cold War Russia."  (RT 01 04 18 35).  It was fine advocacy. But it also led to reasoned government concerns about an entrapment argument (the subject of another motion in limine) and the potential need to establish predisposition.  In the absence of an entrapment argument, the government will not offer the three text message strings.

The Samsung phone also contains three additional chat or message strings between defendant and three witnesses in the case: the first undercover agent, the third undercover agent, and NS, the subject of the 404(b) notice in this case.  This is classic Jencks, and it serves no purpose to suppress this material.

The Samsung phone also contains 1 text in the encrypted "chat" column between defendant and his banker (Steinmetz), using the banker's alias (Amideo) and discussing how "I use it at least it's not on the servers for the phone co."  Other evidence establishes the use of encryption with agents, but this evidence is probative of the use of encryption outside the sting context, as is the presence of encryption applications on the device.

A hard drive found on the floor of defendant's residence contains a series of images, including a flyer by defendant that also contains a link (weusecoins.com) to a short internet video that describes bitcoin technology.  The government sought to introduce the flyer in part to get to the video (and in part for the statement that bitcoin is "outside the control of . . . banks").  Another hard copy flyer found during the search warrant also leads to the web video, and the government therefore does not need to introduce the hard drive evidence. (The government will also discuss the web video with the defense, as it may be a neutral description of bitcoin technology that serves all parties and benefits the jury.)

Finally, although the government did notice an intent to introduce evidence that the .tor browser was on one of defendant's laptops, it very clearly disclaimed an intent to do so in its case-in-chief, preserving only the ability to use it on rebuttal or to impeach, as may be applicable. (Dkt. # 134-1 at 12.)  The subject of the dark net and the .tor browser is the

subject of an additional motion in limine and is best addressed there.

C. <u>Conclusion</u>

For the foregoing reasons, a suppression remedy in this context would be overly broad.

Respectfully submitted this 6th day of March, 2018.

                  ELIZABETH A. STRANGE
                  First Assistant United States Attorney
                  District of Arizona

                  *s/ Gary Restaino*
                  MATTHEW BINFORD
                  CAROLINA ESCALANTE
                  GARY M. RESTAINO
                  Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Maria Teresa Weidner
Zachary Cain,
*Attorneys for Defendant*

 *s/Cristina Abramo*
U.S. Attorney's Office