JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

MARIA WEIDNER, #027912
maria_weidner@fd.org
ZACHARY CAIN, #020396
Asst. Federal Public Defender
zachary_cain@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>    vs.<br><br>Thomas Mario Costanzo,<br><br>           Defendant. | No. CR-17-0585-PHX-GMS<br><br>**DEFENSE COMBINED RESPONSE TO DKT. ## 125, & 127** |

Thomas Mario Costanzo, by and through undersigned counsel, respectfully submits his responses to government filings set forth in Dkt. ## 125 (Notice of Expert Testimony), and 127 (Motion in Limine to Preclude an Entrapment Defense. Specifically:

1. Any testimony, argument, or reference to The Onion Router (Tor) and/or "the dark web," Darknet, and/or Deep Web, including expert testimony, should be excluded as irrelevant. In the alternative, any relevancy such testimony, argument, or reference may have is outweighed by the unfair prejudice it causes to Mr. Costanzo.
2. The government's Motion to Preclude Mr. Costanzo from asserting an entrapment defense is premature and should be denied on that basis.

Further support for these positions is provided in the attached memorandum.

**1. Re: Dkt. # 125—Expert testimony regarding darknets, dark webs, etc., is misleading, confusing, a waste of time, prejudicial and not relevant to the charges against Mr. Costanzo.**

Mr. Costanzo here incorporates by reference the arguments set forth by the defense in Dkt. # 135 (Motion in Limine to Preclude Evidence or Argument as to the Darknet(s) and/or The Onion Router (Tor)).

With specific regard to the expert testimony the government has indicated SA Ellsworth will provide at trial, the defense does not dispute that this witness has learned about bitcoin and other intangible commodities in the course of his work with the DEA. Such is reflected in his CV. The defense also concedes that it is possible that jurors may need background information about bitcoin and blockchain to properly understand the evidence that will be presented regarding the charged exchanges between Mr. Costanzo and undercover agents. The defense does not object to such testimony so long as it is relevant, accurate, and reliable in assisting the jury to understand the facts of the case.

The defense is also aware that SA Ellsworth's CV reflects that he has worked on cases that involve darknet and dark web dealings. Moreover, the defense concedes that darknet and dark web are terms that sound cool, important, kind of dangerous, and are just fun to say. However, these fun and interesting terms have nothing to do with this case and serve no purpose but to smear Mr. Costanzo's character while—and by—distracting the jury from doing its job.

This conclusion is supported by no less than the grand jury testimony of SA Ellsworth, referenced by the defense in Dkt. # 135 which notably conceded that Mr. Costanzo was not involved in "the darknet" and that contact had been made with him by undercover agents via a "cold call" after searching the publicly available website, localbitcoins.com. *See* Dkt. # 135 at page 4, lines 10-22.

//
//
//
//

**2. Re: Dkt. # 127—The government's motion in limine to preclude an entrapment defense is premature and violative of Mr. Costanzo's fundamental right to a fair trial and to mount a defense to the charges filed against him by the government.**

The affirmative defense of entrapment contains two elements: government inducement of the crime and absence of predisposition on the part of the defendant. *United States v. Poehlman*, 217 F.3d 692, 693 (9th Cir.2000) (inner quotations omitted). "Only slight evidence will create the factual issue necessary to get the defense to the jury, even though the evidence is weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Becerra*, 992 F.2d 960, 963 (9th Cir.1993)(quotations omitted). Only slight evidence raising the issue of entrapment is necessary for submission of the issue to the jury. *United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003).

Here the government asks this Court to determine **pretrial** whether or not to preclude this affirmative defense. The government cites *Moreno*, a case where the district court granted the government's motion in limine to preclude the affirmative defense of duress in a case where the crime charged had no mens rea. 102 F.3d 994, 997 (9th Cir. 1996). Here, legislative history indicates that the mens rea for the crimes charged against Mr. Costanzo is specific intent. *See* 134 Cong. Rec. S17360-62, 1988 WL 182529 (noting that for conviction under the sting provision of 18 U.S.C. § 1956, "[t]he defendant would have to have specific intent to promote specified unlawful activity, to conceal what he believes to be the proceeds of such activity, or to avoid reporting requirements. It would not be sufficient, as it is under (a)(1), that the defendant merely know that the transaction was being conducted with the second or third of those purposes in mind.").

As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988) (citation omitted). A defendant is entitled to an entrapment instruction whenever there is sufficient evidence in the record from which a reasonable jury could find entrapment. *Id.* at 62.

The government argues that Mr. Costanzo "cannot present evidence of a prima facie case of entrapment" and thus should not be permitted to introduce any testimony regarding "inducement and lack of predisposition." These are two very broad categories. The defense must object to this premature and overbroad request by the government as a clear overreach and violation of Mr. Costanzo's Fifth and Sixth Amendment rights. This is especially so given the fact that prior to initiating this sting, the government had no evidence to indicate that Mr. Costanzo was predisposed to commit the charged offense conduct. *See* Dkt. # 135 (referencing SA ELLsworth's grand jury testimony that contact was intiated through a "cold call") Even the other act evidence the government seeks to introduce is not relevant to the question of predisposition given that the proffered acts did not occur prior to the initiation of the government sting against Mr. Costanzo. *See Jacobson v. United States*, 503 U.S. 540, 553 (1992)(holding that the government must prove that the defendant was predisposed to commit the crime prior to being approached by a government agent).

     The defense has not requested an entrapment instruction, but depending on how trial develops, that decision could well change. Nonetheless, the fact that the defense has not requested such an instruction does not merit this Court granting the government's overbroad, overreaching, and unconstitutional preclusion request. Particularly troubling is the breadth of what the government could claim is evidence of inducement or lack of predisposition (e.g., Mr. Costanzo's apparent poverty, the very origins of their investigation via cold call) and thus argue to exclude any evidence favorable to the defense at trial.

//
//
//
//
//
//

4

## CONCLUSION

For the reasons above, this Court is urged to:

1) Preclude SA Ellsworth form providing expert testimony regarding black market venues on the internet to include darknet(s), dark web(s), etc.

2) Deny the government's Motion in Limine to Preclude Entrapment Defense as premature.

JON M. SANDS
Federal Public Defender

*s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
ZACHARY CAIN
Asst. Federal Public Defenders

Copy of the foregoing transmitted by ECF for filing March 6, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

MATTHEW BINFORD
FERNANDA CAROLINA ESCALANTE-KONTI
GARY RESTAINO
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

   *s/YC*