JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

MARIA WEIDNER, #027912
maria_weidner@fd.org
ZACHARY CAIN, #020396
Asst. Federal Public Defender
zachary_cain@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>    vs.<br><br>Thomas Mario Costanzo,<br><br>           Defendant. | No. CR-17-0585-PHX-GMS<br><br>**DEFENSE SUPPLEMENT<br>TO DKT. #131** |

In an abundance of caution and candor, Thomas Mario Costanzo, through undersigned counsel, hereby provides notice of his intent to elicit and/or offer evidence that may be interpreted as relevant to matters of inducement to commit the charged offenses or a lack of predisposition to do the same.

He also reserves his right, pursuant to the Fifth and Sixth Amendments of the United States Constitution, to assert the affirmative defense of entrapment and to have the jury so instructed pursuant to the Ninth Circuit Model Instruction 6.2.

Therefore, Mr. Costanzo submits as a supplement to Dkt. 131 (Joint Proposed Jury Instructions), the following proposed Model Instruction for the defense:

**ENTRAPMENT (6.2)**

The defendant contends that [he] [she] was entrapped by a government agent. The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped. The government must prove either:

1.  the defendant was predisposed to commit the crime before being contacted by government agents, or

2. the defendant was not induced by the government agents to commit the crime. When a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime. In determining whether the defendant was predisposed to commit the crime before being approached by government agents, you may consider the following:

1. whether the defendant demonstrated reluctance to commit the offense;

2. the defendant's character and reputation;

3. whether government agents initially suggested the criminal activity;

4. whether the defendant engaged in the criminal activity for profit; and

5. the nature of the government's inducement or persuasion.

In determining whether the defendant was induced by government agents to commit the offense, you may consider any government conduct creating a substantial risk that an otherwise innocent person would commit an offense, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship. *See* Model Criminal Jury Instruction 6.2.

Defense counsel has attempted to contact Assistant United States Attorneys Restaino, Binford, and Escalante-Konti by phone regarding this proposed supplement; based on the substance of Dkt. # 127, the defense assumes that the government objects to the proposed entrapment instruction.

Respectfully submitted:  March 6, 2018.


JON M. SANDS
Federal Public Defender

*s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
ZACHARY CAIN
Asst. Federal Public Defenders

Copy of the foregoing transmitted by ECF for filing March 6, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

MATTHEW BINFORD
FERNANDA CAROLINA ESCALANTE-KONTI
GARY RESTAINO
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

  *s/yc*