JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARIA WEIDNER, #027912
maria_weidner@fd.org
ZACHARY CAIN, #020396
Asst. Federal Public Defender
zachary_cain@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Thomas Mario Costanzo,<br><br>    Defendant. | No. CR-17-0585-PHX-GMS<br><br>**SUPPLEMENT TO<br>DEFENSE COMBINED RESPONSE<br>TO DKT. ## 125, & 127** |

Thomas Mario Costanzo, by and through undersigned counsel, respectfully submits this supplement to his responses to government filings set forth in Dkt. ## 125 (Notice of Expert Testimony), and 127 (Motion in Limine to Preclude an Entrapment Defense.

Specifically, Mr. Costanzo appends his response an objection to SA Ellsworth testifying on issues of law, as provided in the government's Notice of SA Ellsworth's proposed expert testimony on Bank Secrecy Act requirements.

The Ninth Circuit has long held that expert testimony is not proper for issues of law.[1] *See, e.g.*:

- *Elsayed Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1065 n. 10 (9th Cir. 2002)("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.")(overruled on other grounds by *Estate v. Barabin v. AstenJohnson, Inc.* 740 F.3d 457 (9th Cir. 2014));

---

[1] For purposes of ease of reading, relevant caselaw is provided here in bullet form rather than as a string cite.

- *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir.1999)(expert testimony "cannot be used to provide legal meaning");
- *United States v. Brodie*, 858 F.2d 492, 496-97 (9th Cir. 1998)("[e]xperts 'interpret and analyze factual evidence. They do not testify about the law....')(quoting *United States v. Curtis*, 782 F.2d 593, 599 (6th Cir.1986)(overruled on other grounds by United States v. Morales, 108 F.3d 1031, 1037 (9th Cir. 1997));
- *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996)("[e]xpert testimony is not proper for issues of law");
- *Maffei v. Northern Ins. Co. of New York*, 12 F.3d 892, 898 (9th Cir. 1993)(exclusion of declaration insurance expert's unsupported legal conclusion was proper);
- *Aguilar v. Internat'l Longshoreman's Union Local No. 10*, 966 F.2d 443, 447(9th Cir. 1992)(stating that matters of law are "inappropriate subjects for expert testimony), cert. denied, 434 U.S. 861 (1977).

As such, it is improper for SA Ellsworth to provide expert testimony regarding the law (i.e., statutes and regulations) insofar as such testimony improperly attempts to instruct the jury on the law and/or reaches or suggests a legal conclusion to the jury. Expert testimony on the law, to include testimony regarding the Bank Secrecy Act and associated regulations, must be precluded by this Court per Ninth Circuit precedent.

Respectfully submitted March 7, 2018

JON M. SANDS
Federal Public Defender

*s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
ZACHARY CAIN
Asst. Federal Public Defenders

Copy of the foregoing transmitted by ECF for filing March 7, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

MATTHEW BINFORD
FERNANDA CAROLINA ESCALANTE-KONTI
GARY RESTAINO
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

  *s/YC*