ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>     vs.<br><br>Thomas Mario Costanzo,<br><br>           Defendant. | CR-17-00585-PHX-GMS<br><br>**GOVERNMENT'S RESPONSE TO SUPPLEMENT [DOC. 147] TO DEFENSE COMBINED RESPONSE** |

The Court should overrule Costanzo's objection to Special Agent Ellsworth's proposed testimony because the objection mischaracterizes the nature of the proposed testimony and the objection is not supported by cases cited in the objection. Costanzo specifically asks this Court to preclude "testimony regarding the Bank Secrecy Act and associated regulations." (Doc. 147, at 2.)  Costanzo then goes on to cite several cases that are not applicable here.  For the reasons set forth below, the proposed testimony is relevant, necessary, and appropriate.

//

**I.   Background.**

Costanzo is charged in all five counts with engaging in a financial transaction with the intent to avoid a transaction reporting requirement that any financial institution would have been required to make, in violation of 18 U.S.C. § 1956(a)(3)(C).  "To prove a violation of this section, the Government must prove (1) that the defendant conducted or attempted to conduct a financial transaction, (2) *with the intent to avoid a transaction reporting requirement*, and (3) that the property involved in the transaction was represented by a law enforcement officer to be the proceeds of specified unlawful activity."  *United States v. Nelson*, 66 F.3d 1036, 1040 (9th Cir. 1995) (emphasis added) (quoting *United States v. Breque*, 964 F.2d 381, 386-87 (5th Cir. 1992)).  The government has provided advanced notice of the reporting requirements that Costanzo sought to avoid during the financial transactions at issue in this case.  *See* Doc. 117.  Those reporting requirements include Currency Transaction Reporting (CTR) requirements, Suspicious Activity Reporting (SAR) requirements, and Know Your Customer (KYC) requirements, among others.

**II.   Special Agent Ellsworth's Proposed Testimony.**

At trial, Special Agent Ellsworth is expected to describe the types of reports, *e.g.*, CTRs and SARs, that various financial institutions are required to file with the Department of Treasury's Financial Crimes Enforcement Network (FinCEN).  He is also expected to explain the types of situations where those reports must be filed.  Additionally, Special Agent Ellsworth is expected to identify the type of information that financial institutions must collect from customers in order to comply with KYC requirements.  That testimony will be based on his training and experience as a Special Agent with the Criminal Investigation Division of the Internal Revenue Service.  The proffered testimony is not legal opinion, nor does it suggest a "legal conclusion" to the jury. (Doc. 147, at 2.)  Instead, it is "technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a).

Transaction reporting requirements are subjects beyond the common knowledge of the average person. In this case, if the jurors are not told what the reporting requirements are, they will not be able to determine whether Costanzo "inten[ded] to avoid a transaction reporting requirement" as the government is required to prove for each of the five counts. *See Nelson*, 66 F.3d at 1040. If the jurors cannot make that determination, they cannot properly evaluate the evidence and determine whether Costanzo intended to work around or avoid transaction reporting requirements when he accepted purported drug proceeds from undercover agents.

### III. The Cases Cited by Costanzo Are Not Applicable to Special Agent Ellsworth's Proposed Testimony.

The cases cited by Costanzo can all be distinguished from this case and do not apply to the proposed testimony here. For example, Costanzo relies on *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451 (9th Cir. 1999) for the proposition that "expert testimony 'cannot be used to provide legal meaning,'" but the experts in that case were at odds in an insurance dispute over whether a "landslide" or "mudslide" caused damage to a house. *Id.* at 453. The was also a dispute over the term "mudflow," which was a specific term defined in the insurance policy. *Id.* at 455. The court's point was that the experts could not be permitted to define the legal term that was at the center of the dispute and that their testimony was "only relevant for the historical facts that they observed" and "not for their legal conclusions as to what conditions were covered or excluded under the terms of the policy." *Id.* at 454. In this case, Special Agent Ellsworth will not be giving legal conclusions about a legal document, he will be describing the reporting requirements with which financial institutions must comply. *McHugh* is inapplicable and does not support Costanzo's position.

Costanzo also relies on a footnote from *Elsayed Mukhtar v. California State University, Hayward*, 299 F.3d 1053 (9th Cir. 2002), for the proposition that "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." (Doc. 147, at 1.) But Special Agent Ellsworth will not be giving "an opinion

- 3 -

on an ultimate issue of law." *Mukhtar*, 299 F.3d at 1065 n.10.  He will not be "tell[ing] the jury what result to reach" or "attempt[ing] to substitute [his] judgment for the jury's," he will be providing non-opinion information to help the jury understand the evidence and determine a fact in issue. *Id.* (quoting *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994)).

Costanzo uses *United States v. Brodie*, 858 F.2d 492 (9th Cir 1988), to state that "[e]xperts 'interpret and analyze factual evidence. They do not testify about the law . . . .'" (Doc. 147, at 2.)  In *Brodie*, two defendants charged with failing to pay their taxes attempted to introduce expert testimony from an accountant stating that they were not required to pay taxes for the years in question. *Id.* at 495.  The court held that the testimony was inadmissible because that conclusion was the ultimate issue that the jury had to answer in the case. *Id.* at 495-96.  The defendants also attempted to call an attorney as an expert in the law of trusts to testify that their foreign trust accounts were valid business entities justifying their tax shelter scheme. *See id.* at 496-97.  After concluding that the district court properly excluded the proffered expert testimony, the court stated that, "Resolving doubtful questions of law is the distinct and exclusive province of the trial judge." *Id.* at 497.  Special Agent Ellsworth's testimony has nothing to do with doubtful questions of law, nor will his testimony be on the ultimate issue, and *Brodie* is simply not applicable to the facts of this case.  The cases cited by Costanzo in his objection do not support his request and the objection mischaracterizes the nature of the proposed expert testimony.

//

**IV.     Conclusion.**

For the reasons set forth above, the objection to Special Agent Ellsworth's testimony should be denied.

Respectfully submitted this 9th day of March, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

  *s/ Matthew Binford*
MATTHEW BINFORD
CAROLINA ESCALANTE
GARY M. RESTAINO
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to counsel of record in this case.