JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARIA TERESA WEIDNER, #027912
ZACHARY CAIN, #020396
Asst. Federal Public Defender
Attorneys for Defendant
maria_weidner@fd.org
zachary_cain@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-17-585-PHX-GMS |
|---|---|
| Plaintiff, | **TRIAL MEMORANDUM RE: DKT. # 124** |
| vs. | |
| Thomas Mario Costanzo, | |
| Defendant. | |

Thomas Mario Costanzo, through undersigned counsel, submits that attached Trial Memorandum regarding the Government's Notice of Prior Impeachable Conviction [Dkt. # 124].

Respectfully submitted: March 12, 2018.

JON M. SANDS
Federal Public Defender

*s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
Asst. Federal Public Defender

**TRIAL MEMORANDUM RE: The government's proposed use of 1985 felony convictions for impeachment pursuant to FRE 609.**

Under FRE 609(a), evidence of a prior conviction may be admitted for impeachment purposes if the probative value out-weighs the prejudicial effect of admission. In *United States v. Cook*, 608 F.2d 1175, 1185 n. 8 (9th Cir.1979) (en banc), overruled on other grounds, *Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), the Ninth Circuit set forth a five-factor test for balancing the relative probativeness and unfair prejudice of a prior conviction.

Specifically, the Court explained that a trial court should consider: (1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the defendant's subsequent criminal history; (3) the similarity between the past and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of the credibility issue. *Id.*

While a trial court need not analyze each of the five factors explicitly, "the record should reveal, at a minimum, that the trial judge was aware of the requirements of Rule 609(a)(1)." *See, e.g., United States v. Martinez-Martinez*, 369 F.3d 1076, 1088 (9th Cir. 2004); *United States v. Jimenez*, 214 F.3d 1095, 1097–98 (9th Cir.2000).

Here, the government seeks to exhume an assault and flight from law enforcement conviction that is more than 30 years old as possible impeachment should Mr. Costanzo:

1) exercise his right to testify at trial;
2) present character witnesses in his defense; and/or
3) succeeds in introducing his own statements through another witness.\

The defense concedes that if Mr. Costanzo chooses to testify and/or presents character witnesses at trial, the government may rebut such evidence by presenting evidence—such as the existence of prior felony convictions—to impeach his credibility.

Given the nature of the instant case, however, where the government's evidence mainly consists of recorded bitcoin exchanges that took place between Mr. Costanzo and undercover agents, there is a case to be made that Mr. Costanzo's own statements are inextricable from this case. The government's threat under these circumstances is tantamount to denying Mr. Costanzo the right to present a defense at all. The defense therefore asserts that eliciting or relying upon Mr. Costanzo's statements to undercover federal agents—particularly where such statements are necessary for context or pursuant to the rule of completion, the door is NOT thereby opened to impeachment as suggested by the government in Dkt. #124.

The defense now turns to the *Cook* factors this court must consider in "balancing the relative probativeness and unfair prejudice of a prior conviction." *Martinez-Martinez*, 369 F.3d at 1088.

**(1)   Impeachment value of the prior crime.**

Given the staleness of the 1985 convictions—which predate the creation of bitcoin, accessibility of the internet to the general public (which occurred circa 1989), the 1988 amendments to 18 U.S.C. § 1956 that made the instant prosecution even possible, and undersigned counsel's graduation from primary school—the impeachment value of the noticed crimes is minimal. A lot can—and does—change in thirty years.

Additionally, the government is well-aware, based on its own investigation of this case and the political statements made by Mr. Costanzo during his recorded

discussions with undercover agents, that his distrust of the government developed until the early 2000s.

**(2) Temporal relationship between the conviction and the defendant's subsequent criminal history.**

Mr. Costanzo sustained the noticed 1985 convictions at the age of 21. He is now in his early middle 50s. While he has sustained subsequent convictions, the majority are for driving on a revoked or suspended license, as well as marijuana use and possession. He had no law enforcement contacts in his 30s.

**(3) Similarity between the past and charged crime.**

There is no similarity between the past and charged crime in this case. The government claims to the contrary, but has offered no support beyond the bare statement that it indicates "an inability or unwillingness to follow law enforcement directives."[1] There is no information provided as to the facts and circumstances of the 1985—save Mr. Costanzo's conviction—to support this claim. Facially, there is a world of difference between assault/flight and money laundering.

**(4) The importance of the defendant's testimony.**

Should Mr. Costanzo choose to testify or present character witnesses, it may be appropriate for the government to seek to impeach Mr. Costanzo's credibility with the fact of a prior felony conviction. The facts and circumstances of said conviction, however, are unnecessary for the jury to hear and would unfairly prejudice to Mr. Costanzo. The admission of any such evidence of prior conviction should therefore be sanitized (i.e., limited to "a felony conviction" to ameliorate

---

[1] The also defense notes that the facts and circumstances that led to that 1985 conviction have not been disclosed by the government and, moreover, were not noticed by the government in its 404(b) filing. *See* Dkt. #123.

4

any potential prejudice to defendant). *See, e.g., Martinez-Martinez*, 369 F.3d at 1088; *Jimenez*, 214 F.3d at 1097–98.

### (5) Centrality of the credibility issue.

Should Mr. Costanzo choose to testify or present character witnesses, his credibility will be an important factor for the jury to evaluate.

### CONCLUSION

Based on the foregoing, this court is urged to preclude the government from admitting evidence of the noticed felony convictions, which are more than three decades old because such evidence is more prejudicial than probative of any relevant fact at trial.

To the extent that this Court determines that the noticed 1985 convictions sustained by Mr. Costanzo are sufficiently probative in helping the jury weigh his credibility or evidence of his good character at trial, such conviction(s) must be sanitized to avoid unfair prejudice to Mr. Costanzo at trial. *Id.*

Respectfully submitted: March 12, 2018.

JON M. SANDS
Federal Public Defender

*s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
Asst. Federal Public Defender

1  Copy of the foregoing transmitted
2  by ECF for filing March 12, 2018, to:

3  CLERK'S OFFICE
4  United States District Court
   Sandra Day O'Connor Courthouse
5  401 W. Washington
6  Phoenix, Arizona 85003

7  FERNANDA CAROLINA ESCALANTE
8  MATTHEW H. BINFORD
   GARY M. RESTAINO
9  Assistant U.S. Attorneys
10 United States Attorney's Office
   Two Renaissance Square
11 40 N. Central Avenue, Suite 1200
12 Phoenix, Arizona 85004-4408

13 Copy mailed to:
14
15 THOMAS MARIO COSTANZO
   Defendant
16
17   _s/yc_
18
19
20
21
22
23
24
25
26
27
28

6