JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

MARIA TERESA WEIDNER, #027912
ZACHARY CAIN, #020396
Asst. Federal Public Defender
Attorneys for Defendant
maria_weidner@fd.org
zachary_cain@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Thomas Mario Costanzo,<br><br>　　　　Defendant. | No. CR-17-585-PHX-GMS<br><br>**TRIAL MEMORANDUM RE: MENS REA REQUIREMENT UNDER 18 U.S.C. § 1956(a)(3)** |

　　　Thomas Mario Costanzo, through undersigned counsel, submits that attached Trial Memorandum regarding the mens rea that the government must prove to obtain a conviction under 18 U.S.C. § 1956(a)(3)

　　　Respectfully submitted: March 12, 2018.

　　　　　　　　　　　　　JON M. SANDS
　　　　　　　　　　　　　Federal Public Defender


　　　　　　　　　　　　　*s/Maria Teresa Weidner*
　　　　　　　　　　　　　MARIA TERESA WEIDNER
　　　　　　　　　　　　　Asst. Federal Public Defender

**TRIAL MEMORANDUM RE:**
**Mens rea requirement under 18 U.S.C. § 1956(a)(3).**

The legislative history underlying the 1988 amendments to 18 U.S.C. § 1956 expressly provide that the mens rea for culpability under the sting provision of the money laundering statute is specific intent: "The defendant would have to have specific intent to promote specified unlawful activity, conceal what he believes to be the proceeds of such activity, or to avoid reporting requirements. It would not be sufficient, as it is under (a)(1), that the defendant merely know that the transaction was being conducted with the second or third of those purposes in mind." 134 Cong. Rec. s17360-02, 1988 WL 18259/

Ninth Circuit precedent suggests that specific intent is not defined as an objective "reasonable person" standard, but rather requires an evaluation of the defendant's subjective intent. *See, e.g., United States v. Sutcliffe*, 505 F.3d 944, 961-62 (9th Cir. 2007) (suggesting a specific intent to threaten involves the determination of the defendant's subjective intent and not the determination of intent applying an objective standard); *United States v. Twine*, 853 F.2d 676, 680-81 (9th Cir. 1988)(another threats case); *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196-97 (9th Cir. 2000) (discussing subjective test for specific intent to commit the crime of attempted illegal reentry).

Other circuits have flatly rejected the applicability of a reasonable person standard where the mens rea of a charged offense is specific intent:

- *United States v. George*, 266 F.3d 52, 60 (2d Cir. 2001), vacated in part on reh'g, 386 F.3d 383 (2d Cir. 2004)("Consideration of the 'reasonableness' of George's actions has no place in a jury instruction on specific intent. In imposing the more onerous burden of showing specific intent, Congress set

aside concern for what a 'reasonable' person would have done under the circumstances to ask instead what this defendant intended by his actions.")

- *United States v. Hsu*, 364 F.3d 192, 204 (4th Cir. 2004)("Generally, the 'reasonable person' standard has no place in instructions pertaining to a specific intent crime.")

- *United States v. Bradstreet*, 135 F.3d 46, 51 (1st Cir. 1998) ("Good faith is a defense to a crime containing an element of specific intent even if a defendant's belief in the [truth] of his statements was one that a reasonable person would not have embraced.")

- *United States v. Walsh*, 627 F.2d 88, 93 (7th Cir. 1980)("It is obvious that reference to the conduct of a 'reasonable person' is totally misplaced in the context of a criminal trial in which the crime charged requires specific intent.")

- *United States v. Jefferson*, 149 F.3d 444, 447 (6th Cir. 1998)("'Specific intent' denotes not an objective standard (i.e., whether a reasonable person intended to prevent communication with law enforcement officers), but a subjective determination (i.e., whether this particular defendant intended to prevent communication between the crime victim and a federal law enforcement official).")

      Respectfully submitted: March 12, 2018.

                            JON M. SANDS
                            Federal Public Defender

                            *s/Maria Teresa Weidner*
                            MARIA TERESA WEIDNER
                            Asst. Federal Public Defender

| | |
|---|---|
| 1 | Copy of the foregoing transmitted |
| 2 | by ECF for filing March 12, 2018, to: |
| 3 | CLERK'S OFFICE |
| 4 | United States District Court<br>Sandra Day O'Connor Courthouse |
| 5 | 401 W. Washington |
| 6 | Phoenix, Arizona 85003 |
| 7 | FERNANDA CAROLINA ESCALANTE |
| 8 | MATTHEW H. BINFORD |
| 9 | GARY M. RESTAINO<br>Assistant U.S. Attorneys |
| 10 | United States Attorney's Office |
| 11 | Two Renaissance Square<br>40 N. Central Avenue, Suite 1200 |
| 12 | Phoenix, Arizona 85004-4408 |
| 13 | Copy mailed to: |
| 14 | |
| 15 | THOMAS MARIO COSTANZO<br>Defendant |
| 16 | |
| 17 | __s/yc__ |