JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARIA WEIDNER, #027912
maria_weidner@fd.org
ZACHARY CAIN, #020396
Asst. Federal Public Defender
zachary_cain@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Thomas Mario Costanzo,<br><br>　　　　Defendant. | No. CR-17-0585-PHX-GMS<br><br>**SUPPLEMENTAL MOTION IN LIMINE TO PRECLUDE EVIDENCE** |

Thomas Mario Costanzo, by and through undersigned counsel, respectfully moves this Court for an order prohibiting the government and/or its witnesses from introducing certain items of late-disclosed evidence at trial.

## BACKGROUND

The government disclosed the existence of voluminous late discovery on February 26, 2018, in the form of jail letters, recorded jail calls, and some 931 GB of data obtained from electronic devices seized on April 20, 2017. *See* Dkt. ## 134, 152 at Exhibit F (Memorandum detailing voluminous late disclosures by the government).

## ELECTRONIC DATA

On February 27, 2018, the government provided notice as to eight (8) specific items it intends to admit at trial from the aforementioned late disclosure of 931 GB of data. *See* Exhibit A, Email dated Feb. 27, 2018. These include:

(1) Reports of "chats" between Mr. Costanzo and three unidentified individuals who are not listed as witnesses, and whom the defense believes will not be called as witnesses at trial. *See* Govt. Exhibit ## 120-122; *see also* Exhibit A (identified as .pdf documents titled "Kuro Bubble DMT Report," "Mad Steve Report," and "Mad Wife Report.")

(2) Reports of "chats" between Mr. Costanzo and identified government witnesses (i.e., Sergei Kushner, Tom Klepper, Chad Martin, and Nolan Sperling). *See* Govt. Exhibit ## 32, 67 124, 125. These individuals are listed witnesses by the government; it is expected they will each be called to testify at trial.

(3) A report of a "chat" between Mr. Costanzo and Peter Steinmetz a/k/a Amideo, an identified individual who is not expected to testify at trial. *See* Govt. Exhibit # 97, *see also* Exhibit A (identified as .pdf document title "Amideo Chat Report")

(4) A photo of bitcoin flyer which includes tear-off tabs listing a phone number. *See* Exhibit A (identified as .pdf document titled "local bitcoin flyer-2 w#").

**IDENTIFIED CORRESPONDENCE**

On March 14, 2018, pursuant to this court's order on Dkt. #134 (Defense Motion to Preclude the Use of Late Disclosures at Trial), the government identified two (2) letters of the jail correspondence disclosed that it intends to submit at trial as rebuttal evidence. See Exhibit B, Email dated Mar. 14, 2018. The two letters were sent by Mr. Costanzo to his children in May of 2017. *See* Govt. Exhibit ## 95-96.

**SUPPLEMENTAL MOTION IN LIMINE
TO PRECLUDE ITEMS OF EVIDENCE DISCLOSED THE WEEK OF
FEBRUARY 26, 2018**

Thomas Mario Costanzo respectfully moves this Court for an order prohibiting the government from introducing evidence and/or making argument as to the following:

(A)  Out-of-court statements made by unidentified non-witnesses in extracted chats (Govt. Exhibit ## 120-122),

(B)  Evidence (i.e., Amideo chat, letters to his children, and a bitcoin flyer) that are not relevant and/or are cumulative, redundant, misleading, and/or a waste of the jury's time (Govt. Exhibit ## 95-97)

**<u>Relevant provisions of the Federal Rule of Evidence</u>**

1. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 401.

2. Rule 402 provides that: "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible."

3. Rule 403 provides that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

4. Rule 404(a)(1) provides that "Evidence of a person's character or character trait is not admissible to prove that one a particular occasion the person acted in accordance with the character or trait."

5. Rule 801 defines hearsay as an out-of-court statement offered for the truth of the matter asserted. Rule 802 provides that hearsay is inadmissible. Rule 803 lists exceptions to the rule against hearsay.

**Introduction of Evidence, Argument, or Testimony Regarding the Objected-to Evidence Will Violate One or More of the Above-Cited Federal Rules of Evidence.**

### A. Preclude Govt. Exhibit ##120-122.

The defense recognizes that Mr. Costanzo's out-of-court statements are not hearsay. The defense asserts that the out-of-court statements of unidentified non-witnesses as recorded in chats extracted from Mr. Costanzo's electronic devices constitute inadmissible hearsay (FRE 802), improper character evidence (FRE 404(a)(1)), are more prejudicial than probative of any relevant fact at trial (FRE 403), and will only confuse and mislead to the jury (FRE 403).

### 1. Govt. Exhibit #120: "Kuro Bubble DMT Report August 2015."

The out-of-court statements of an individual identified only as "Kuro Bubble" are clearly hearsay unless s/he is called to testify as a witness at trial. FRE 801, 802.

Moreover, it appears that the substance of the discussion is for the purchase by Mr. Costanzo of a ½ gram of the hallucinogen DMT from "Kuro Bubble." Evidence of this chat and/or Mr. Costanzo's recreational drug use was not mentioned in the government's 404(b) notice. *See* Dkt. # 141. Moreover, there is no exception to the rule against hearsay under which the statements of "Kuro Bubble" could be properly admitted.

In addition to the prohibition on hearsay, admission of the out-of-court statements of the non-witness identified only as "Kuro Bubble" violates FRE 403 and 401. Mr. Costanzo's recreational drug use is impermissible character evidence that is more prejudicial than probative of the true inquiry before the jury: whether or not the government can prove beyond a reasonable doubt that Mr. Costanzo violated 18 U.S.C. § 1956(a)(3).

### 2. Govt. Exhibit #121: "Steve from Tempe Drug Chat January 2016."

The out-of-court statements of the individual identified only as "Steve from Tempe" are also hearsay unless s/he is called to testify as a witness at trial. FRE 801, 802.

Moreover, it appears that the substance of the discussion is a bit of haggling over the price of bitcoin that takes a political turn. For instance, "Steve from Tempe" calls Mr. Costanzo a "bitcoin libtard," and they have a political discussion about "slave labor" into which "Steve" makes claims of being in the business of "helping people get off heroin" and makes a number of general drug comments regarding the use f bitcoin to purchase drugs. There are no exceptions to the rule against hearsay under which these statements may be admitted.

The political discussion which dominates this exchange is not only hearsay, it violates FRE 403 and 404 and is well within the parameters of the defense Motion in Limine to preclude evidence of Mr. Costanzo's political beliefs (Dkt. #132). Mr. Costanzo's political beliefs in this regard are impermissible character evidence that is more prejudicial than probative of the true inquiry before the jury: whether or not the government can prove beyond a reasonable doubt that Mr. Costanzo violated 18 U.S.C. § 1956(a)(3). The same is applicable to "Steve's" drug comments, particularly given that it appears the men never met, did not know each other, and were essentially having a dispute over the price of bitcoin.

### 3. Govt. Exhibit #122: "Wife of Drug User Chat Report January 2015."

The out-of-court statements of the individual identified by the government as "Wife of Drug User"—note that the chat itself does not include any kind of identifying information suggestive of prior contact between Mr. Costanzo and this individual—are inadmissible hearsay unless this person is called to testify as a witness at trial. FRE 801, 802.

The clear purpose for admission of this item of evidence is indirect bad character evidence in violation of FRE 404(a)(1) and FRE 403. Additionally, the

relevance of this chat—it is far afield from the ultimate issue of the money laundering charges in this case—and is also highly questionable.

### B. Preclude Govt. Exhibit ## 95-97

#### 1. Govt. Exhibit # 97: "Amideo-Costanzo telegram chat 12-13-16"

The government is expected to provide evidence on telegram, an application that permits individuals to engage in "encrypted" chats. Specifically, that information is likely to come in through the testimony of undercover agents Kushner, Klepper, and Martin as well as cooperating witness Sperling. The addition of the telegram chat between Mr. Costanzo and Amideo a/k/a Peter Steinmetz, a non-witness in this case, is cumulative, confusing, and simply not relevant. FRE 401-403.

##### i. Preclude Bitcoin flyer

Undersigned counsel could not find a government exhibit associated with one item noticed in Exhibit A. That item is a bitcoin flyer appended here as Exhibit C. The defense posits that there is no dispute regarding Mr. Costanzo's self-advertisement as a bitcoin trader. The government is expected to offer such evidence through testimony of its undercover agents as well as numerous exhibits recounting Mr. Costanzo's advertisements n localbitcoins.com. *See, e.g.,* Govt. Exhibit # 18 (Photo Morpheus Titania Bitcoin Business Card), # 25 (9/7/16 Local Bitcoin Browse Feedback for Morpheus Titania), #27 (9/7/16 Morpheus Titania LocalBitcoins Sale Profile), #28 (9/7/16 Morpheus Titania Information and Confirmed Transactions on localbitcoins.com), #71 (10/27/14 Morpheus Titania LocalBitcoins Sale Profile). As such the flyer is cumulative and a waste of time and thus should be excluded under FRE 403.

#### 2. Govt. Exhibit ## 95-96: Mr. Costanzo's letters to his children May 2017.

A review of these noticed letters by the defense indicates they are largely not relevant: there is a lot of family stuff, exhortations to visit grandma, for siblings to reconnect, and so forth. The only aspect that seems to be suggestive of relevancy is that in both letters, Mr. Costanzo mentions he expects to be charged with money laundering and unlicensed money transmitting. Perhaps the government believes this is an admission

or a confession of sorts, given that the letters were sent in May 2017, while the superseding indictment was not filed until June 20, 2017, but that is not the case. It appears the government has forgotten events that occurred early on in this case that explain why Mr. Costanzo would make such a statement in a letter penned in May of 2017.

### ii. Undersigned counsel and Mr. Costanzo received copies of the April 20, 2017 search warrant on or about April 25, 2017 via *Freedom's Phoenix* reporter Ernest Hancock.

Both Mr. Costanzo's April 21, 2017 initial appearance, *see* Dkt. # 3, and his April 27, 2017 detention hearing, *see* Dkt. # 12, were attended by one Ernest Hancock, a reporter for the online magazine *Freedom's Phoenix*. Mr. Hancock provided undersigned counsel with a copy of the search warrant that was executed on the date of Mr. Costanzo's arrest and contemporaneously posted this document on the *Freedom's Phoenix* website.[1] That the search warrant was posted on *Freedom's Phoenix* is a fact also noted by *Phoenix New Times* reporter Ray Stern in his April 26, 2017 article, "What's Really Behind the Feds' Raid of Bitcoin Trader Morpheus Titania's Home?."[2]

### iii. The search warrant explicitly references both the money laundering and unlicensed money transmitting statutes that Mr. Costanzo referenced in May 2017 letters to his children.

Undersigned counsel reviewed the search warrant herself and shared it with Mr. Costanzo upon receiving it from Mr. Hancock in April 2017. The document clearly states that "[a]gents are authorized to search for and seize evidence of violations of Title 18 U.S.C. § 1956(a)(3)(B) and (C)…,Title 18 U.S.C. § 1960…, and Title 21 U.S.C. § 846..." Undersigned counsel explained that § 1956 is the money laundering statute and that § 1960 criminalizes the unlicensed transmission of currency in states where such conduct is also criminalized (notably, Arizona does not criminalize unlicensed money

---

[1] Available at https://www.freedomsphoenix.com/Article/216911-2017-04-25-update-on-morhpeus-titania-aka-thomas-costanzo-arrested-4-20.htm

[2] Available at http://www.phoenixnewtimes.com/news/feds-raid-home-of-arizona-bitcoin-trader-morpheus-titania-make-arrest-for-bullets-9276771.

7

transmission, fact the defense believes is at least partly why the government moved to dismiss Counts 1 and 2 of the superseding indictment in November 2017).

### iv. Mr. Costanzo's repetition of information learned from the government's search warrant is not relevant.

Mr. Costanzo's written statements to his children in May 2017, specifically, that he expected to be charged with money laundering and operation of an unlicensed money transmission business were statements of fact made in reliance on the information explicitly set forth in the search warrant executed April 20, 2017, which undersigned counsel received on or about April 25, 2017. Undersigned counsel, in turn, advised Mr. Costanzo of the search warrant and explained the nature of possible charges as set forth in that document on April 27, 2017, before he penned the May 2017 letters to his children. Therefore, the noticed letters are not relevant but instead would mislead the jury. The letters should therefore be excluded.

## CONCLUSION

Based on all the above, it is respectfully requested that this court preclude Govt. Exhibits ## 95-97 and 120-122, as well as the Bitcoin flyer appended here as Exhibit C.

Respectfully submitted:  March 18, 2018.

JON M. SANDS
Federal Public Defender

*s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
ZACHARY CAIN
Asst. Federal Public Defenders

Copy of the foregoing transmitted by ECF for filing March 18, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003


MATTHEW BINFORD
FERNANDA CAROLINA ESCALANTE-KONTI
GARY RESTAINO
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

  *s/YC*