ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona State Bar No. 029019
Matthew.Binford@usdoj.gov
CAROLINA ESCALANTE
Arizona State Bar No. 026233
Fernanda.Escalante.Konti@usdoj.gov
GARY M. RESTAINO
Arizona State Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Thomas Mario Costanzo,<br><br>　　　　　Defendant. | CR-17-00585-PHX-GMS<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTION IN LIMINE (DKT. # 162)** |

　　　　Defendant seeks to preclude the introduction of eight pieces of evidence, to include three chats between defendant and third parties (Exs. 120-122), two letters (Exs. 95-96), one text message between defendant and the third party who acted as his "bank" (Ex. 97) and one un-exhibited flyer.  The government addresses each in turn.

　　　　A.　　The three chats referencing drugs.

　　　　Ex. 120-122 are three chat strings between defendant and third parties found on defendant's Samsung phone during the execution of the residential search warrant.  The Court should deny the motion in limine and determine admissibility at the time the evidence is used with a witness or shown to the jury.

　　　　The government intends to authenticate the chat strings (and the encrypted text referenced in part B below) through Jason Shadle of the Postal Inspection Service, who

extracted the information. The government does not intend to use the exhibits with Mr. Shadle, and will likely either lay sufficient foundation through him for the admission by another witness later in the trial (likely the DEA case agent, Chad Martin), or to seek conditional admission pursuant to Fed. R. Evid. 104(b) until such time as it is actually presented to the jury.

As to the objection under Fed. R. Evid. 404(b) the government agrees that it did not notice the drug chats as 404(b) evidence. But this evidence is separately relevant as to the extra predisposition element defendant seeks as part of the entrapment analysis. Nor is the probative value substantially outweighed by unfair prejudice. Evidence of defendant's willingness to engage in drug transactions sheds light on his predisposition to engage in transactions with drug money, and the defendant's requested voir dire question on recreational drug use militates against prejudice. The government addresses other points specific to each exhibit in turn:

### 1. Ex. 122

This exhibit, attached in redacted form, is a colloquy between defendant and the wife of a drug user who, she claims, is trying to get bitcoin so he can buy drugs online. Defendant replies "thats non of my business." Defendant's statement is not hearsay. The statements by the third party are non-hearsay, because they are introduced to provide context to defendant's statements, not for the truth that the wife's husband actually buys drugs on-line. *E.g., United States v. Whitman,* 771 F.2d 1348, 1352 (9th Cir. 1985) (allowing statements of informant along with defendant's responses in a recorded oral conversation, in order to place defendant's replies in context); *United States v. Andrade*, 2013 WL 4737240 (D. Nev. 2013) (denying motion in limine as to text messages, and deferring determination on hearsay); *see also United States v. Gill*, 650 Fed. Appx. 420 (9th Cir. 2016) (a label bearing a name in a cell phone directory is not an assertion, and therefore not hearsay).

### 2. Ex. 120

This exhibit, attached in redacted form, is a colloquy between defendant and a source of supply for DMT, the same recreational drug which defendant purchased from witness NS. This is even more granular than 122, because defendant proposes the use of encryption after receiving a message asking if he "still want[s] that dmt." And he later asks the third party to "please be way more discreet." And the transaction was in bitcoin. This is admissible not-for-the-truth. But because the context establishes that the transaction was actually consummated, this is also admissible as an adoptive admission because the defendant heard, understood and acquiesced in the statement.. *E.g.*, *United States v. Monks*, 774 F.2d 945, 950 (9th Cir. 1985).

### 3. Ex. 121

This exhibit, as defendant reasonably argues, is overly prejudicial in its raw (and lengthy) unredacted form. The government has no intention of displaying it in its entirety, but with appropriate redactions or limited references it is another example not-for-the-truth of defendant's lack of concern for the manner in which third parties use his bitcoin.

### B. The text to Amideo.

Ex. 97 is an excerpt from the encrypted text message on the afore-mentioned Samsung phone. It is a statement made directly by defendant, to a person known as Amideo. "I use it at least it's not on the servers for the phone co." Even without the further description of Amideo, this is relevant towards an intent (and predisposition) to conceal. The government may also present evidence that Amideo is defendant's "bank" (i.e., his source of bitcoins), to wit: Peter Steinmetz. The text is relevant, and does not appear particularly prejudicial at all. Nor, as a statement by the defendant, is it hearsay.

### C. The letters to Destinee and Maximus.

Each letter contains a supposition on the part of defendant that he may be charged with money laundering. That supposition is the only relevant part of the letter to Destinee, and the government accepts defendant's advice of counsel representation that militates

against the relevance of that supposition.[1]  Accordingly, the government has no objection to the preclusion of the letter to Destinee, and will not seek to introduce it.

The letter to Maximus is another story.  In addition to the money laundering supposition, the defendant describes his bitcoin operation in the letter.  "3 weeks ago I got arrested . . . after I did a large bitcoin deal. (Go Big or go home right?) . . . .  In that time I had been rolling quite a bit of bitcoins.  How much I do not know because I don't keep records of that."  (Ex. 96, at 3.)  This is relevant towards his efforts to conceal, and as to the scope of his business operations.

D. The bitcoin flyer.

On a separate hard drive, agents extracted a flyer for bitcoin sales using defendant's known cell phone number, which declared that bitcoin is "outside the control of governments and banks."  The government acknowledged that it would not use the flyer in dkt. # 144.  Nor has the flyer been marked for identification at trial.  The government has no objection to the motion as to the flyer.

C. Conclusion

For the foregoing reasons, the government has no objection to the preclusion of the letter to Destinee (Ex. 95), the money laundering supposition portion of the letter to Maximus (Ex. 96) and the unmarked bitcoin flyer.  The government opposes the remainder of the requested relief.

---

[1] Although not particularly relevant at this stage of the proceedings, the government nonetheless controverts the defendant's conjecture as to the reason for the dismissal of the money transmitting counts (*see* Mot. at 7:21 to 8:2).  Whether or not Arizona licenses bitcoin exchangers, the separate, federal FinCEN obligation based upon 18 U.S.C. § 1960(b)(2) requires licensure for a person in defendant's position as well as for any other person who exchanges bitcoins for cash as a business or for any other profit motive. The government stands by its basis for a "without prejudice" dismissal as articulated in dkt. # 70.

Respectfully submitted this 19th day of March, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Gary Restaino*
MATTHEW BINFORD
CAROLINA ESCALANTE
GARY M. RESTAINO
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and generation of a Notice of Electronic Filing to all counsel of record.