JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARIA TERESA WEIDNER; #027912
Asst. Federal Public Defender
Attorney for Defendant
maria_weidner@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-17-0585-PHX-GMS |
|---|---|
| Plaintiff, | **MOTION FOR JUDICIAL NOTICE OF MARCH 2017 REPORTS OF THE DEPARTMENT OF JUSTICE (DOJ) AND INTERNAL REVENUE SERVICE (IRS) RE: CIVIL ASSET FORFEITURE ABUSES BY THE GOVERNMENT** |
| vs. | |
| Thomas Mario Costanzo, | |
| Defendant | |
| | **(First Request)** |

Pursuant to Rule 201 of the Federal Rules of Evidence, undersigned counsel, on behalf of Mr. Costanzo, moves this Court to take judicial notice of the following relevant documents produced by agencies within the Executive Branch of the United States Government:

1) Dept. of Justice, Office of the Inspector General, *Review of the Department's Oversight of Cash Seizure and Forfeiture Activities*, Evaluation and Inspections Division Report 17-02 (March 2017);

2) Dept. of the Treasury, Inspector General for Tax Administration, *Criminal Investigation Enforced Structuring Laws Primarily Against Legal Source*

*Funds and Compromised the Rights of Some Individuals and Businesses,* 2017-30-025 (Mar. 30, 2017).[1]

A Court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b)(2). A Court may take judicial notice "at any stage of the proceeding[s]," including on appeal. FRE 201(d). *Papai v. Harbor Tug and Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir 1995), rev'd on other grounds, 520 U.S. 548 (1997). The Court "must take judicial notice if requested by a party and the court is supplied with the necessary information." FRE 201(c)(2).

Judicial notice of the aforementioned reports issued by the Inspectors General of the Department of Justice and the Department of the Treasury is appropriate in this case, based on the following:

**BACKGROUND**

1. The Department of Justice (DOJ) is within the Executive Branch of the United States Government.
2. The Drug Enforcement Administration (DEA) is an organization within the Department of Justice.
3. The Office of the Inspector General (OIG) for the DOJ has jurisdiction to review the programs and personnel of the Federal Bureau of Investigation, the Drug Enforcement Administration, the Federal Bureau of Prisons, the U.S. Marshals Service, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the United States Attorneys, and all other organizations in the Department

---

[1] Copies of these reports are attached FSM hereto as Exhibits A and B.

4. In March 2017, the DOJ OIG released a report, attached here as Exhibit A, "identifying specific weaknesses in the Department's oversight of asset seizure and forfeiture activities." *See* Exhibit A, at ii.

5. For instance, the DOJ OIG found that the DEA could verify that only 44 of 100 seizures, and only 29 of the 85 interdiction seizures, had (1) advanced or been related to ongoing investigations, (2) resulted in the initiation of new investigations, (3) led to arrests, or (4) led to prosecutions." *Id.* at iii.

6. This report is publicly available and may be accessed via the DOJ website.[2]

7. The Department of the Treasury (DOT) is within the Executive Branch of the United States Government.

8. The Internal Revenue Service (IRS) is an organization within the Department of the Treasury.

9. The Treasury Inspector General for Tax Administration (TIGTA) was established under the IRS Restructuring and Reform Act of 1998 to provide independent oversight of IRS activities. TIGTA promotes the economy, efficiency, and effectiveness in the administration of the internal revenue laws. It is also committed to the prevention and detection of fraud, waste, and abuse within the IRS and related entities.

10. In March 2017, the TIGTA released a report, attached here as Exhibit B, finding that millions of dollars had been seized from individuals and businesses and forfeited by the United States in the absence of evidence of criminal activity and that such actions violated agency policy instituted in October 2014.

---

[2] *See* https://oig.justice.gov/reports/all.htm

11. This report is publicly available and may be accessed via the Department of the Treasury website.[3]

**RELEVANCE TO THE CASE AT BAR**

12. The United States has elicited testimony from two government witnesses—SA Klepper and TFO Martin—regarding the subject of asset forfeiture by law enforcement.

13. SA Klepper is a long-time agent of the IRS. He assisted in the investigation of Mr. Costanzo under the direction of case agents SA Flesichmann and SA Ellsworth.

14. TFO Martin is a deputized officer of the DEA. He also assisted in the investigation of Mr. Costanzo.

15. Both SA Klepper and TFO Martin testified, in response to questions posed on direct examination, that arbitrary seizures of money and property by the government do not occur.

16. This testimony was clearly meant to impugn recorded statements of Mr. Costanzo—played for the jury— regarding the occurrence of such arbitrary seizures, also known as civil asset forfeiture.

17. Contrary to the testimony of SA Klepper and TFO Martin, there are documented abuses of asset forfeiture powers by the government. These are reflected in the reports submitted for judicial notice document.

**ADDITIONAL NOTICE TO THE GOVERNMENT**

18. It is the position of the defense that even the request for judicial notice of the appended government documents is not granted, such documents are admissible at trial as:

   a. Statements of a Party-Opponent. FRE 801(d)(2)

---

[3] *See* https://www.treasury.gov/tigta/oa_auditreports_fy17.shtml.

  b. Residual Exception to the Rule Against Hearsay. FRE 807. Further this filing and its attachments fulfill FRE 807(b)'s notice requirement.

  For the reasons set forth above, it is respectfully requested that this court judicially notice the attached reports of Inspectors General for DOJ and the IRS.

  Excludable delay under 18 U.S.C. § 3161(h)(1)(D) may result from this motion or from an order based thereon.

  Respectfully submitted:  March 23, 2018.

        JON M. SANDS
        Federal Public Defender

        *s/Maria Teresa Weidner*
        MARIA TERESA WEIDNER
        Asst. Federal Public Defender

Copy of the foregoing transmitted by ECF for filing March 23, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

MATTHEW H. BINFORD
FERNANDA CAROLINA ESCALANTE KONTI
GARY RESTAINO
Assistant U.S. Attorneys
United States Attorney's Office
Phoenix, Arizona 85004-4408

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

 *s/pm*