JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

MARIA TERESA WEIDNER, #027912
ZACHARY CAIN, #020396
Asst. Federal Public Defender
Attorneys for Defendant
maria_weidner@fd.org
zachary_cain@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-17-585-PHX-GMS |
|---|---|
| Plaintiff, | **MEMORANDUM RE: SUFFICIENCY OF EVIDENCE & THEORIES OF LIABILITY AS TO GOVERNMENT'S CHARGE THAT DEFENDANT VIOLATED 18 U.S.C. § 1956(a)(3)(C)** |
| vs. | |
| Thomas Mario Costanzo, | |
| Defendant. | |

Thomas Mario Costanzo, through undersigned counsel, submits the attached Memorandum regarding the Court's request for the parties to prepare responses as to following issues:

1. Sufficiency of the evidence presented in the government's case-in-chief as to § 1956(a)(3)(C) charges filed against Mr. Costanzo; and

2. Whether Mr. Costanzo can be convicted under § 1956(a)(3)(C), as charged in the present indictment, on an aiding and abetting theory.

# MEMORANDUM

## I. SUFFICIENCY OF THE EVIDENCE PRESENTED BY THE GOVERNMENT IN ITS CASE-IN-CHIEF AS TO THE CHARGES UNDER 18 U.S.C. § 1956(a)(3)(C).

The government announced, in its Response to Mr. Costanzo's Motion for a Bill of Particulars, the regulatory bases under which it intended to proceed at trial with respect to the § 1956(a)(3)(C) charges.

Some of the regulations selected by the government are applicable to financial institutions, generally, *see* 31 C.F.R. §§ 1010.310, Reports of transactions in currency; 1010.311, Filing obligations for reports of transactions in currency; 1010.312, Identification required; 1010.320, Reports of suspicious transactions; 1010. 410, Records to be made and retained by financial institutions. The government also selected entire chapters of regulations specific to two particular kinds of financial institutions: banks, *see* 31 C.F.R. § 1020, Rules for Banks, and casinos, *see* 31 C.F.R. § 1021, Rules for Casinos and Card Clubs.

The government offered no evidence that would allow a rational jury to conclude that Mr. Costanzo is a financial institution as a matter of law. Certainly nothing was offered to support the conclusion that he is either a bank or casino (or card club).

The defense understands that individuals who do not qualify as financial institutions, and are engaged in a trade or business, are subject to reporting requirements should they receive in excess of $10,000, *see* 31 C.F.R. § 1010.330. The government did not choose to rely on this regulation. *See* Dkt. # 117, 139.

The government suggests an interesting theory of derivative liability: that by opting not to conduct what would otherwise be reportable financial transactions with a bank, one thereby prevents the hypothetical bank that would

2

otherwise be subject to reporting requirements from filing the appropriate report for a transaction that was never presented to it.

While no case was identified by undersigned counsel where the government had proceeded on such an attenuated theory of derivative liability, in the Ninth Circuit, *United States v. Hayes*, is instructive in that it compiles a series of currency transaction reporting cases, notable that each involved defendants—through subterfuge or structuring—having interfered with an actual bank's duty to report in transactions presented to said bank. 827 F.2d 469, 471-472 (9th Cir. 1987).

In this case, no bank or other financial institution was involved. Therefore, the transaction reporting requirements applicable to financial institutions on which the government has bound itself to rely are simply inapplicable. The defense Rule 29 motion as to each charge filed under § 1956(a)(3)(C) should be sustained.

## II. AIDING AND ABETTING LIABILITY UNDER 18 U.S.C. § 1956(a)(3)(C) IS OT AVAILABLE AS A MATTER OF LAW.

In argument regarding the Fed. R. Crim. P. 29 motion made by the defense at the close of the government's case in chief, the government suggested that liability could attach to Mr. Costanzo for violation of § 1956(a)(3)(C) on a theory of aiding and abetting. Specifically, the government argued that undercover agents expressed their desire to avoid government reporting and Mr. Costanzo's assertion that reporting is not required in bitcoin transactions amount sot aiding and abetting the undercover agents in one prong of their ruse: the avoidance of reporting requirements.

3

### A. Aiding and abetting liability under § 1956(a)(2)(C) is not available to the prosecution based on the language of the statute

Title 18 U.S.C. § 1956(a)(3), criminalizes, in pertinent part, "conduct[ing] or attempt[ing] to conduct a financial transaction…" The substantive money laundering sting statute covers attempts to violate the statute, but does not cover aiding and abetting. *See United States v. Jayavarman*, 871 F.3d 1050, 1056, note 1 (9th Cir. 2017)(vacating conviction for attempting to aid and abet criminal conduct, where the substantive statute—18 U.S.C. § 2423(b)—does not cover attempted aiding and abetting); *see also United States v. Kuok,* 671 F.3d 931, 941–42 (9th Cir. 2012)(vacating conviction for attempting to cause the commission of a federal crime where the substantive statute did not contain a causation provision and the general causation statute did not contain an attempt provision; holding: "[a] defendant…can only be found guilty of an attempt to commit a federal offense if the statute defining the offense also expressly proscribes an attempt.").

### B. Inclusion of aiding and abetting liability is a constructive amendment and/or fatal variance to and from the present indictment.

The first murmur from the government as to aiding and abetting liability under § 1956(a)(3)(C) in this case was after the close of its case-in-chief, in argument attempting to address this Court's concerns regarding the Rule 29 motion made by the defense. Such a theory is outside the bounds of the statute—as discussed above—and it is also alien to the allegations in the indictment.

Inclusion of this questionable theory of liability in either this Court's consideration of the Rule 29 motion or instructions to the jury, would constitute a fatal variance or constructive amendment of the indictment, given its silence on such a theory, which would have been challenged and litigated in pretrial motions

had it been asserted. *See, e.g., United States v. Ward*, 747 F.3d 1184, 1189-93 (9th Cir. 2014)

1. A variance involves a divergence between the allegations set forth in the indictment and the proof offered at trial. Where this divergence acts to prejudice the defendant's rights, the conviction must be reversed. *Id., see also United States v. Tsinhnahijinnie*, 112 F.3d 988, 989 (9th Cir.1997).

2. A constructive amendment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them. *Id.; see also Stirone v. United States*, 361 U.S. 212 at 586 (1960) (quoting *Ex parte Bain*, 121 U.S. 1, 10 (1887) (overruled on other grounds) "If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the constitution says 'no person shall be held to answer,' may be frittered away until its value is almost destroyed.").

For the above stated reasons, the government must not be permitted to advance or rely upon an aiding and abetting theory of liability with respect to any of the substantive money laundering charges in this case.

Respectfully submitted: March 12, 2018.

JON M. SANDS
Federal Public Defender

*s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
Asst. Federal Public Defender

5

Copy of the foregoing transmitted by ECF for filing March 27, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

FERNANDA CAROLINA ESCALANTE
MATTHEW H. BINFORD
GARY M. RESTAINO
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

   *s/yc*