1
2
3
4
5
6          **IN THE UNITED STATES DISTRICT COURT**
7            **FOR THE DISTRICT OF ARIZONA**
8
9   United States of America,              No. CR-17-00585-001-PHX-GMS
10              Plaintiff,                  **FINAL JURY INSTRUCTIONS**
11  v.
12  Thomas Mario Costanzo,
13              Defendant.
14
15
16      Dated this 28th day of March, 2018.
17
18              _____
19              Honorable G. Murray Snow
                United States District Judge
20
21
22
23
24
25
26
27
28

**INDEX**

3.1    Duties of Jury to Find Facts and Follow Law

3.2    Charge Against Defendant Not Evidence – Presumption of Innocence –
       Burden of Proof

3.3    Defendant's Decision Not to Testify

3.5    Reasonable Doubt – Defined

3.6    What Is Evidence

3.7    What Is Not Evidence

3.8    Direct and Circumstantial Evidence

3.9    Credibility of Witnesses

3.10   Activities Not Charged

3.11   Separate Consideration of Multiple Counts – Single Defendant

4.3    Other Crimes, Wrongs or Acts of Defendant

4.10   Government's Use of Undercover Agents

4.11   Eyewitness Identification

4.14   Opinion Evidence, Expert Witness

4.14A  Dual Role Testimony

4.16   Charts in Evidence

6.2    Entrapment

7.1    Duty to Deliberate

7.2    Consideration of Evidence

7.3    Use of Notes

7.4    Jury Consideration of Punishment

7.5    Verdict Form

7.6    Communication With Court

4.9.   Testimony of Witness Involving Special Circumstances

8.147  Money Laundering Offense Conduct

8.147A Concealment of Proceeds of Specified Unlawful Activity

8.147B  Avoidance of Federal Transaction Reporting Requirements

### 3.1 DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## 3.2 CHARGE AGAINST DEFENDANT NOT EVIDENCE— PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

### 3.3 DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

## 3.5 REASONABLE DOUBT—DEFINED

 Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

### 3.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

      (1) the sworn testimony of any witness; and

      (2) the exhibits received in evidence; and

      (3) any facts to which the parties have agreed.

### 3.7 WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 3.8 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# 3.9 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 3.10 ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

## 3.11 SEPARATE CONSIDERATION OF MULTIPLE COUNTS— SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

## 4.3 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence that the defendant committed other acts not charged here. Defendant was not charged with conduct related to these other acts. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, opportunity, and/or predisposition  and for no other purpose.

## 4.10 GOVERNMENT'S USE OF UNDERCOVER AGENTS

You have heard testimony from an undercover agent who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of undercover agents, in order to investigate criminal activities. Undercover agents may use false names and appearances and assume the roles of members in criminal organizations.

## 4.11 EYEWITNESS IDENTIFICATION

You have heard testimony of eyewitness identification.  In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

(1)   the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

(2)   whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

(3)   any inconsistent identifications made by the eyewitness;

(4)   the witness's familiarity with the subject identified;

(5)   the strength of earlier and later identifications;

(6)   lapses of time between the event and the identification[s]; and

(7)   the totality of circumstances surrounding the eyewitness's identification.

1
2

## 4.14 OPINION EVIDENCE, EXPERT WITNESS

3
4
5

You have heard testimony from Agent Ellsworth who testified to opinions and the reasons for his opinions. This opinion testimony is allowed because of the education or experience of this witness.

6
7
8
9
10

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 4.14A DUAL ROLE TESTIMONY

You have heard testimony from Agent Ellsworth who testified to both facts and opinions and the reasons for his opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## 4.16 CHARTS IN EVIDENCE

Certain charts have been admitted in evidence. Charts are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**6.2 ENTRAPMENT**

The defendant contends that he was entrapped by a government agent. The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped. The government must prove either:

    1. the defendant was predisposed to commit the crime before being contacted by government agents, or

    2. the defendant was not induced by the government agents to commit the crime.

When a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime. In determining whether the defendant was predisposed to commit the crime before being approached by government agents, you may consider the following:

    1. whether the defendant demonstrated reluctance to commit the offense;

    2. the defendant's character and reputation;

    3. whether government agents initially suggested the criminal activity;

    4. whether the defendant engaged in the criminal activity for profit; and

    5. the nature of the government's inducement or persuasion.

In determining whether the defendant was induced by government agents to commit the offense, you may consider any government conduct creating a substantial risk that an otherwise innocent person would commit an offense, including persuasion, fraudulent

- 21 -

1    representations, threats, coercive tactics, harassment, promises of reward, or pleas based
2    on need, sympathy or friendship.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# 7.1 DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations,

1    you should not hesitate to reexamine your own views and change your opinion if you

2    become persuaded that it is wrong.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 7.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**7.3 USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## 7.4 JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## 7.5 VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

## 7.6 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

1

**4.9. TESTIMONY OF WITNESS INVOLVING SPECIAL CIRCUMSTANCES**

2

3   You have heard testimony from Nolan Sperling, a witness who pleaded guilty to a

4   separate crime and who received a cooperation benefit from the government.

5

6   Mr. Sperling's guilty plea is not evidence against the Mr. Costanzo, and you may

7   consider it only in determining Mr. Sperling's believability as a witness in this trial.

8

9   For this reason, in evaluating the testimony of Nolan Sperling, you should consider the

10  extent to which or whether his testimony may have been influenced by the benefit he

11  received—or hopes to receive—from the government in exchange for testifying against

12  Mr. Costanzo.  In addition, you should examine the testimony of Nolan Jack Sperling

13  with greater caution than that of other witnesses.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 8.147 MONEY LAUNDERING OFFENSE CONDUCT

2

3 The defendant is charged with conducting a financial transaction involving property

4 represented to be the proceeds of specified unlawful activity in violation of Sections

5 1956(a)(3)(B) and (C) of Title 18 of the United States Code. There are two ways in which

6 the defendant can violate the statute. In order for the defendant to be found guilty of

7 either charge, the government must prove each of the following elements beyond a

8 reasonable doubt.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**8.147A CONCEALMENT OF PROCEEDS OF SPECIFIED UNLAWFUL ACTIVITY**

First, the defendant conducted or attempted to conduct a financial transaction;

Second, the property involved in the transaction was represented by an undercover law enforcement officer to be the proceeds of specified unlawful activity; and

Third, the defendant conducted the transaction with the specific intent to conceal or disguise the nature, location, source, ownership or control of property believed to be the proceeds of specified unlawful activity.

A financial transaction is a transaction involving one or more monetary instruments, or the movement of funds by wire or other means, that affects interstate or foreign commerce in any way.  The term "funds" includes any currency, money or other medium of exchange that can be used to pay for goods and services.

"Proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of illegal activity, including the gross receipts of such activity.

The term "specified unlawful activity" means the manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance or listed chemical under the Controlled Substances Act. The government need not show that the undercover law enforcement officers explicitly stated that the cash in question was the direct product of unlawful activity.

## 8.147B AVOIDANCE OF FEDERAL TRANSACTION REPORTING REQUIREMENTS

First, the defendant conducted or attempted to conduct a financial transaction;

Second, the property involved in the transaction was represented by an undercover law enforcement officer to be the proceeds of specified unlawful activity; and

Third, the defendant conducted the transaction with the specific intent to avoid a transaction reporting requirement under federal law.

A financial transaction is a transaction involving one or more monetary instruments, or the movement of funds by wire or other means, that affects interstate or foreign commerce in any way.  The term "funds" includes any currency, money or other medium of exchange that can be used to pay for goods and services.

"Proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of illegal activity, including the gross receipts of such activity.

The term "specified unlawful activity" means the manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance or listed chemical under the Controlled Substances Act. The government need not show that the undercover law enforcement officers explicitly stated that the cash in question was the direct product of unlawful activity.

A "transaction reporting requirement" means either the currency transaction reporting requirement for currency deposits or withdrawals exceeding $10,000 into or from a financial institution, or the suspicious activity reporting requirements for financial

institutions.