UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR17-00585-PHX-GMS |
|---|---|
| Plaintiff, | |
| v. | **PRELIMINARY ORDER OF FORFEITURE** |
| Thomas Mario Costanzo, | |
| Defendant. | |

Plaintiff United States of America seeks an order of forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b), so that it can provide third parties with the opportunity to file petitions and make claims, if any, to the forfeited property. Accordingly,

**IT IS ORDERED** that the Motion for Preliminary Order of Forfeiture is GRANTED as follows:

As the result of the jury finding defendant Thomas Mario Costanzo guilty of five counts of money laundering in violation of 18 U.S.C. § 1956(a)(3) and having returned a special verdict finding that 80.94512167 Bitcoins seized from Acct. #13QM5xL4rqwUgQPRtMv3tZtVvpc6caPepv ("Subject Property") was property involved in defendant's money laundering offenses or was traceable to such property, the government has established the requisite nexus between the Subject Property and the defendant's offenses.

Upon entry of this Order, the United States is authorized to seize the property listed above and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States/Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States/Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Any person asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) or 28 U.S.C. § 2461(c).

If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED this _____ day of May, 2018.