JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

MARIA TERESA WEIDNER; #027912
Asst. Federal Public Defender
Attorney for Defendant
maria_weidner@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-17-0585-01-PHX-GMS |
|---|---|
| Plaintiff, | **MOTION FOR MISCELLANEOUS RELIEF & OBJECTION TO THE PRESENTENCE REPORT** |
| vs. | |
| Thomas Mario Costanzo, | |
| Defendant | |

Undersigned counsel, on behalf of Mr. Costanzo, respectfully requests this Court grant the following relief as regards the offense conduct portion of the Presentence Investigation Report (PSR):

1. That this Court order a neutral and independent draft of the offense conduct in this case be drafted and submitted by the United States Probation Office.
2. In the alternative:
    a. That the PSR state that the offense conduct narrative is the product of the USAO (i.e., rather than "The Offense Conduct" this portion of the PSR be titled "Prosecution's Account of the Offense Conduct"); and
    b. That the defense be given the opportunity to submit a "Defense Account of the Offense Conduct" for inclusion in the PSR.

In support of this requested relief, Mr. Costanzo provides the following:

## I. FACTS

**A. Receipt of and response to the draft PSR.**

    **a. Defense counsel submitted preliminary corrections/objections to the draft PSR to the probation officer; assigned AUSAs were carbon copied.**

The defense received a copy of the draft PSR in this case on May 3, 2018. In an attempt to resolve issues short of filing formal objections, defense counsel submitted corrections and concerns to the assigned probation officer and carbon copied opposing counsel.

Defense counsel expressed concern with regard to the tone and perspective of offense conduct paragraphs in the draft PSR; specifically, the decidedly prosecutorial bent of the narrative. For instance, language in the offense conduct paragraphs of the draft PSR includes:

- Language suggesting that the mere using of bitcoin, engaging in peer-to-peer trading, and utilizing publicly available technologies like Trezor and Telegraph is criminal conduct (¶¶ 7, 8, 13, 20).
- References to "the dark net" and mention of inflammatory and unrelated crimes (¶¶ 5, 17).
- Reference to each instance of contested predisposition evidence the government introduced or attempted to introduce at trial (¶¶ 8, 12, 16, 22).

The offense conduct language of the PSR is also notable for its omissions:

- No favorable evidence elicited at trial and in pre-trial litigation (e.g., that owning/investing/trading Bitcoin is legal, that Congress has yet to enact legislation with regard to Bitcoin and other so-called crypto-currencies, that Trezor and Telegraph are legal and publicly available, that there are legitimate reasons one might distrust online exchanges and prefer peer-to-peer exchanges, etc.) is mentioned in the draft PSR.

### b. The government—not probation—drafted the offense conduct paragraphs included in the draft PSR.

The initial response regarding concerns raised by the defense came from opposing counsel, who advised that they (opposing counsel) wrote the offense conduct portion of the PSR. *See* Exhibit A, USAO Offense Conduct Draft, disclosed May 30, 2018.

### c. The draft PSR adopted the entirety of the government's offense conduct narrative without change.

The draft PSR disclosed to the parties on May 3, 2018 adopted the entirety of the offense conduct narrative provided by the USAO, without only nominal changes. *Compare* Exhibit A *and* ¶¶ 5-25. Additions to the government's narrative by Probation were as follows:

- Paragraph 11—Introductory clause: "With regard to Count 3,…"
- Paragraph 14—Introductory clause: "With regard to Count 4,…"
- Paragraph 15—Introductory clause: "With regard to Count 5,…"
- Paragraph 23—Introductory clause: "With regard to Count 6,…"
- Paragraph 24—Introductory clause: "With regard to Count 7,…"
- Paragraph 26—Final sentence: "Based on the investigation and for guideline calculation purposes, the defendant is accountable for laundering proceeds in the total amount of $210,700.

Other than these additions, the government's narrative was incorporated verbatim into the draft PSR.

### d. Communications since learning the USAO wrote the offense conduct narrative of the draft PSR.

The initial response regarding defense concerns regarding the offense conduct portion of the PSR came from opposing counsel. *See* Exhibit B, Letter RE: PSR Objection emails ## 2 & 3, May 30, 2018. In this letter, the government declined to consider certain defense objections and accepted others. *Id.*

Before submitting this objection and request for relief, undersigned counsel also consulted with the PSR writer. While he advised that some changes may be forthcoming, he also advised that the government's drafting offense conduct for inclusion in the PSR "has been done before because it's factual information."

## II. LAW

### A. The PSR is to be prepared for the Court by the United States Probation Service.

The Federal Rules of Criminal Procedure provide that "[t]he probation officer must conduct a presentence investigation and submit a report to the court…" Fed. Rule Crim. P. 32(c)(1)(A). "Unlike a sentencing memorandum, which is prepared by the prosecution, or the defense, the presentence report is generally prepared by the United States Probation Service, *id.*, *see also* 18 U.S.C. § 3552(a). *United States v. Reese*, 775 F.2d 1066, 1077 (9th Cir. 1985). "The [presentence] report provides a neutral, third party analysis of the defendant's background and his prospects for rehabilitation. *Id*.

### B. The presentence report writer is to act as a neutral information gatherer for the sentencing judge.

"When the probation officer is conducting a presentence interview of a convicted defendant, however, he or she is "acting at the direction of the magistrate" or judge, *United States v. Horvath*, 492 F.3d 1075, 1078–79 (9th Cir. 2007)(citing *United States v. Gonzalez-Mares*, 752 F.2d 1485, 1493 (9th Cir.1985)), and is acting " 'as a neutral information gatherer for the judge,' " *id.*, (citing *United States v. Leonti*, 326 F.3d 1111, 1119 (9th Cir.2003), (quoting United States v. Gordon, 4 F.3d 1567, 1571-72 (10th Cir.1993)). *See also* Williams v. Chrans, 945 F.2d 926, 951 (7th Cir.1991) ("neutral information gatherer for the court"); *United States v. Johnson*, 935 F.2d 47, 49-50 (4th Cir.1991) ("Throughout the process of interviewing a defendant [and] preparing a presentence report, ... a probation officer continues to be a neutral, information-gathering agent of the court...."); *United States v. Rogers*, 921 F.2d 975, 979 (10th Cir.1990) (holding that, while conducting a presentence interview, the

probation officer is acting as an "essentially neutral ... agent of the court"); *United States v. Colon*, 905 F.2d 580, 588 (2d Cir.1990) ("neutral information gatherer for the sentencing judge" (alteration and internal quotation marks omitted)); *Brown v. Butler*, 811 F.2d 938, 941 (5th Cir.1987) ("an arm of the court").

### C. The PSR must not be a partisan document.

"[T]he United States Probation and Parole Office assists the sentencing judge by preparing a presentence investigation report. It is apparent from the language of Rule 32(c), Fed.R.Crim.P. that the primary function of the probation department in the preparation of a presentence investigation report is to provide the sentencing judge with objective and accurate information relating to the defendant." *United States v. Hogan*, 489 F. Supp. 1035, 1037 (W.D. Wash. 1980).

Finally, "[t]he presentence report of the probation officer…must not be partisan. [The probation officer] is not presenting a brief or an argument to the judge. His presentation of the facts and information must be impartial…" Pilot Institute on Sentencing, 26 F.R.D. 231, 323–24 (1959) (statement of Judge Louis E. Goodman (D.J. for N.D. Cal. 1942-1961).

### III.  ARGUMENT

#### A. It is improper for the government to draft any portion of the PSR without attribution.

Here, the offense conduct narrative was not the result of an independent, neutral, non-partisan investigation by Probation, working on behalf of this Court. Instead, this portion of the PSR was drafted by opposing counsel from the USAO, and expresses the adversarial positions and conclusions of the government, without attribution. This is contrary to both the letter and the spirit of Rule 32(c)(1)(a) and 18 U.S.C. § 3552(a).

The draft PSR thus works to improperly bolster the government's own partisan conclusions regarding what constitutes relevant conduct in this case. As such,

paragraphs 5-25 of the draft PSR belong in the government's sentencing memorandum to this Court, not in the PSR.

**B. This procedural impropriety prejudices the defense.**

    **a. The Executive (DOJ-USAO) has inserted itself into a function of the Judiciary.**

Probation's acceptance and adoption of the government's narrative of the offense conduct improperly endows the government's narrative with an undeserved mantle of neutrality. This situation arguably violates not just the Federal Rules of Criminal Procedure, it also violates the doctrine of separation of powers in that the USAO, part of the Executive Branch, has inserted itself into a function of the Judiciary, in drafting a key portion of the PSR. This affects Mr. Costanzo's substantial rights and puts him at a significant disadvantage because he must (and will) submit objections to a PSR that is not the product of a disinterested investigation, but is instead the government's trial memorandum.

**IV. Conclusion.**

Cooperation of the defense with the United States Probation Office in the guilt and sentencing phase of proceedings is predicated on the understanding that Probation is not partisan; that it works for the Court, not the USAO. While it is understood the government is entitled to provide information to Probation, it is quite another thing for the USAO to ghostwrite key portions of the PSR and for such circumstance not to be disclosed therein. Based on all the above, the following relief is requested:

1. That this Court order a neutral and independent account of the offense conduct in this case be drafted and submitted by the United States Probation Office.
2. In the alternative:
    a. That the PSR state that the offense conduct narrative is the product of the USAO (i.e., rather than "The Offense Conduct" this portion of the PSR be titled "Prosecution's Account of the Offense Conduct"); and

b. That the defense be given the opportunity to submit a "Defense Account of the Offense Conduct" for inclusion in the PSR.

Excludable delay under 18 U.S.C. § 3161(h)(1)(D) may result from this motion or from an order based thereon.

Respectfully submitted: June 28, 2018.

                      JON M. SANDS
                      Federal Public Defender

                      *s/Maria Teresa Weidner*
                      MARIA TERESA WEIDNER
                      Asst. Federal Public Defender

Copy of the foregoing transmitted by ECF for filing June 28, 2018, to:

CLERK'S OFFICE
United States District Court

MATTHEW H. BINFORD
FERNANDA CAROLINA ESCALANTE KONTI
GARY RESTAINO
Assistant U.S. Attorneys
United States Attorney's Office
Phoenix, Arizona 85004-4408

DANIEL JOHNSON
United States Probation Officer
Phoenix, Arizona

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

  *s/yc*