JON M. SANDS
Federal Public Defender
**MARIA TERESA WEIDNER**
Assistant Federal Public Defender
State Bar No. 027912
850 W. Adams Street, # 201
Phoenix, AZ  85007
Telephone:  (602) 382-2700
Maria_Weidner@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Thomas Mario Costanzo,<br><br>    Defendant. | CR-17-585-PHX-GMS<br><br>**OBJECTIONS TO INFORMATION PRESENTED IN THE DRAFT PRESENTENCE INVESTIGATION REPORT** |

Defendant, Thomas Mario Costanzo, through undersigned counsel, hereby submits his objections to the other information presented in the Draft Presentence Investigation Report (PSR). Mr. Costanzo respectfully requests that this Court sustain his objections; numbering is continued from Dkt. #208, which consists of OBJECTIONS ##1-4:

**<u>OBJECTION #5</u>: Objection to mischaracterization of the verdict at PSR ¶ 3.**

The Draft PSR incorrectly states that the jury found Mr. Costanzo guilty of violating both 18 U.S.C. § 1956(a)(3)(B) (acting with intent to conceal or disguise property believed to be proceeds of specified unlawful activity (SUA)) and 18 U.S.C. § 1956(a)(3)(C) (acting with intent to avoid a currency transaction reporting requirement) (PSR ¶ 3).

The jury verdict provides that Mr. Costanzo was found guilty of violating § 1956(a)(3)(B) only with regard to Counts 3-7 of the Superseding Indictment (Counts 1-5 of the verdict form). *See* Dkt. #188 Redacted Jury Verdict. Mr. Costanzo was not found guilty of any violation of § 1956(a)(3)(C). *Id.*

Specifically, the § 1956(a)(3)(C) allegation contained in Count 3 (Count 1 of the verdict form) was dismissed during trial, prior to closing arguments and jury deliberations. *See* Dkt. # 180, Minute Entry, Mar. 28, 2018. The remaining allegations went to the jury, which did not find Mr. Costanzo guilty of any of the remaining § 1956(a)(3)(C) allegations. *See* Dkt. #188.

**OBJECTION #6: Objection to mischaracterization of proceedings at PSR ¶ 4.**

The Draft PSR incorrectly states that Counts 1, 2, and 8 of the Superseding Indictment were "subsequently dismissed."

All three counts were dismissed prior to trial (i.e., previously). Specifically:

- Counts 1 and 2 were dismissed on the government's motion on November 21, 2017. *See* Dkt. #74, Order, Nov. 21, 2017.
- Count 8 was dismissed by this Court on January 4, 2018. *See* Dkt. #109, Minute Order, Jan. 4, 2018.

**OBJECTION #7: Objection to inclusion of the offense conduct narrative authored by the government, which currently appears in the Draft PSR without attribution, in PSR ¶¶ 5-26.** Undersigned counsel learned of this circumstance on May 30, 2018; a motion requesting relief on regulatory, statutory, and procedural grounds was filed by the defense. *See* Dkt. # 205. The facts, law and argument presented in that motion are incorporated here by reference.

Moreover, the defense reasserts and does not waive objections and argument raised and resolved throughout the proceedings in this case the subject matter of which are reasserted as relevant facts by the government in its account of the offense conduct and replicated in the draft PSR. This includes but is not limited to the following:

- All references to and descriptions of "the dark net" (PSR ¶¶ 5, 17).
- All references to and descriptions of alleged predisposition evidence the government admitted or attempted to admit at trial (PSR ¶¶ 8, 12, 16, 21, 22).

- All information regarding acquitted or dismissed counts (PSR ¶ 10) (i.e., assertion that Mr. Costanzo had "knowledge of federal reporting requirements.").
- All implications that the following are illegal:
    - Peer-to-peer exchanges (PSR ¶¶ 5, 7);
    - Owning/selling/buying bitcoin (PSR ¶¶ 5, 7, 25);
    - Choosing not to patronize banks (PSR ¶ 10);
    - Use of publicly available encrypted applications (PSR ¶¶ 12, 13, 20).
- Information regarding a government informant's unverified estimate that s/he purchased $30,000-worth of bitcoin from Mr. Costanzo over the course of a 14-month period (PSR ¶ 16).

Excludable delay under 18 U.S.C. § 3161(h)(1)(D) may result from this motion or from an order based thereon.

Respectfully submitted: July 5, 2018.

JON M. SANDS
Federal Public Defender

*s/Maria Teresa Weidner*
MARIA TERESA WEIDNER
Asst. Federal Public Defender

Copy of the foregoing transmitted by ECF for filing July 5, 2018 to:

CLERK'S OFFICE
United States District Court

MATTHEW H. BINFORD
FERNANDA CAROLINA ESCALANTE KONTI
GARY RESTAINO
Assistant U.S. Attorneys
United States Attorney's Office
Phoenix, Arizona

DANIEL JOHNSON
United States Probation Officer
Phoenix, Arizona

Copy mailed to:

THOMAS MARIO COSTANZO
Defendant

*s/yc*