**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10291 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00585-GMS-1 |
| v. | |
| THOMAS MARIO COSTANZO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted March 3, 2020
Phoenix, Arizona

Before:   HAWKINS, OWENS, and BENNETT, Circuit Judges.

Thomas Mario Costanzo was convicted of five counts of money laundering, in violation of 18 U.S.C. § 1956(a)(3), and sentenced to a total of 41 months in prison followed by three years of supervised release.  On appeal, he challenges the admission of certain evidence, the calculation of his Sentencing Guidelines range,

---

   *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and two special conditions of his supervised release.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand to the district court.

1.	Costanzo first contends that the district court erroneously admitted three types of evidence:  (1) the testimony of an individual who stated that he bought bitcoin from and sold illicit drugs to Costanzo; (2) text messages from the spouse of one of Costanzo's customers, criticizing Costanzo for selling bitcoin to the customer to facilitate a drug purchase; and (3) evidence establishing Costanzo's anti-bank beliefs.  The district court did not abuse its discretion by admitting this evidence over Costanzo's objections under Federal Rules of Evidence 403 and 404(b).  *See United States v. Lozano*, 623 F.3d 1055, 1059–60 (9th Cir. 2010).  Costanzo pursued an entrapment defense, and the district court permissibly found that all three categories of evidence tended to show that Costanzo had a predisposition for using bitcoin to facilitate illicit transactions.  *See United States v. Mendoza-Prado*, 314 F.3d 1099, 1103–04 (9th Cir. 2002).

2.	Costanzo next contends that the district court erred in calculating the applicable Sentencing Guidelines range by (1) failing to apply a downward adjustment to his offense level for acceptance of responsibility under U.S.S.G.

---

[1]	Costanzo also challenges the sufficiency of the evidence underlying his convictions.  We address that issue and affirm his convictions in an opinion filed simultaneously with this disposition.

§ 3E1.1(a), and (2) applying a four-level enhancement under U.S.S.G. § 2S1.1(b)(2)(C)(ii).

We afford "great deference" to the district court's determination regarding Costanzo's acceptance of responsibility. *See United States v. Scrivener*, 189 F.3d 944, 948 (9th Cir. 1999). Contrary to Costanzo's contention, the district court did not reject his request for an acceptance of responsibility adjustment on a categorical basis. Instead, the district court appropriately considered the record as a whole, including Costanzo's sentencing letter, and explained that Costanzo had not shown a sufficient acceptance of responsibility to warrant a downward adjustment under § 3E1.1. *See United States v. Ramos-Medina*, 706 F.3d 932, 940 (9th Cir. 2013). We cannot say that finding was clearly erroneous. *See id.* at 942.

The record also supports application of the four-level enhancement under U.S.S.G. § 2S1.1(b)(2)(C)(ii). The record contains evidence, including Costanzo's business advertisements, reputation in the peer-to-peer virtual currency business, comments to undercover agents, interactions with prior customers, and the extended nature of his dealings with the undercover agents, that could establish Costanzo was "in the business of laundering funds" within the meaning of § 2S1.1(b)(2)(C)(ii). *See* U.S.S.G. § 2S1.1 cmt. n.4

3. Finally, Costanzo contends that remand is warranted to address two special conditions of his supervised release. The district court did not err by

imposing Condition 5, which prohibits "major purchases" and other financial transactions exceeding $500 without prior approval from a probation officer. A financial reporting condition is reasonably related to the 18 U.S.C. § 3553(a) sentencing factors under the circumstances, particularly given the nature of the crime and Costanzo's history. *Cf. United States v. Garcia*, 522 F.3d 855, 862 (9th Cir. 2008). Further, it is apparent from the language of the condition that the $500 limitation applies to "major purchases," "financial obligations," and "financial contracts" alike, such that the condition is not impermissibly vague. *See United States v. Ochoa*, 932 F.3d 866, 869 (9th Cir. 2019) (explaining that a condition of supervised release is impermissibly vague "if it uses terms so vague that it fails to give a person of ordinary intelligence fair notice that it would apply to the conduct contemplated" (internal quotation marks, citation, and alteration omitted)).

Nor did the district court err by imposing a special condition prohibiting Costanzo from using alcohol during his supervised release term. *See United States v. Sales*, 476 F.3d 732, 735–36 (9th Cir. 2015). However, the written judgment is broader than the oral pronouncement and precludes both the use and possession of alcohol. Thus, as the government concedes, a limited remand is warranted to conform the written judgment to the oral pronouncement. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015).

**AFFIRMED, in part, VACATED, in part, and REMANDED.**